# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

No. 22-1746

**JESUS ROJAS-TAPIA,**
Petitioner – Appellant,

v.

**UNITED STATES,**
Respondent – Appellee.

___

### UNITED STATES' OPPOSITION TO ROJAS-TAPIA'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY
___

**TO THE HONORABLE COURT:**

The United States hereby opposes Jesús Rojas-Tapia's application for a certificate of appealability ("COA") regarding the denial of his 28 U.S.C. § 2255 petition. *See* Appellant's Mem. Supporting Issuance of a COA ("COA Appl."), filed Apr. 5, 2023. Rojas has waived his air piracy claim for lack of development. And if that claim is not waived, he still does not make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

## I. Rojas's Underlying Criminal Conduct

As summarized by a panel of this Court,

> On December 30, 2002, Rojas[] and an associate hijacked a rented helicopter and forced the pilot, at gunpoint and on threat of death, to fly them to the state penitentiary in Ponce, Puerto Rico, where five

> inmates were waiting on the penitentiary's roof, one of whom was the defendant's brother, Jose. After the helicopter departed the penitentiary, it dropped all seven men in a rural area, where the defendants went into hiding. Following a massive police hunt, the defendant, his brother, and one of the prison escapees were arrested on January 2, 2003. All three were in possession of firearms.

*United States v. Rojas-Tapia*, 446 F.3d 1, 2 (1st Cir. 2006). Upon his arrest, Rojas "admitted participation in the planning and hijacking of the helicopter." *Rojas-Tapia*, 446 F.3d at 3.

## I. Relevant Procedural History: From Indictment to Direct Appeal

In January 2003, Rojas and others were charged with: conspiracy to commit aircraft piracy, in violation of 49 U.S.C. § 46502(a)(1)(A), (2)(A) (Count One); armed aircraft piracy, in violation of 49 U.S.C. § 46502(a)(1)(A), (2)(A) and 18 U.S.C. § 2 (Count Two); and possessing, brandishing, using or carrying firearms, in furtherance of or during and in relation to a crime of violence, to wit, conspiracy to commit aircraft piracy, in violation of 18 U.S.C. §§ 924(c) and 2.

After a seven-day jury trial, Rojas was convicted of all three counts. *Rojas-Tapia*, 446 F.3d at 3. As a special verdict, the jury "unanimously agree[d], by proof beyond a reasonable doubt, that as to Count Three of the indictment a firearm was brandished during and in relation to a crime of violence, to wit: conspiracy to commit aircraft piracy as charged in Count One and aircraft piracy as charged

2

in Count Two." (DE 157). Rojas was then sentenced to concurrent terms of 365 months as to Counts One and Two, and a consecutive term of 84 months as to Count Three. *Rojas-Tapia*, 446 F.3d at 3.

Rojas appealed, challenging the district court's denial of his motion to suppress his confession and his sentence, and claiming that *Booker* required a remand for resentencing. *Rojas-Tapia*, 446 F.3d at 2. This Court rejected both contentions and affirmed his conviction and sentence. *Id.* at 9–10.

## II. Relevant Procedural History: Denial of Rojas's § 2255 Petition

In 2016, Rojas submitted a *pro se* 28 U.S.C. § 2255 petition to the district court requesting to vacate his sentence on the ground that he was "innocent" of his § 924(c) offense because § 924(c)'s residual clause was unconstitutionally vague under *Johnson v. United States*, 576 U.S. 591 (2015) ("*Johnson II*") and *Welch v. United States*, 578 U.S. 120 (2016) ("*Welch*"). (DE 1 at 5). With the appointment of the Assistant Federal Public Defenders Office, Rojas submitted a supplemental motion raising two arguments: *Johnson II* invalidated the residual clause of § 924(c); and conspiracy to commit aircraft piracy no longer qualified as a predicate crime of violence under the force clause of § 924(c). (DE 14 at 4–5, 8–14). In a footnote, Rojas made a fleeting argument regarding substantive aircraft

3

piracy not being a predicate crime. (DE 14 at 12 n.4). Rojas requested again that his § 924(c) conviction be vacated and a resentencing on the remaining counts. (*Id*.). The government opposed contending this Court's decision in *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018) rejected Rojas's arguments. (DE 25 at 1). In a reply, Rojas asserted *Douglas* was incorrectly decided and reiterated his two prior claims. (DE 32 at 1–8). He also argued that the jury could have only found that the § 924(c) conviction was predicated on the conspiracy count. (*Id*. at 7–8).

In a line order, the district court denied Rojas's § 2255 petition and supplemental motion based on *Douglas* and the government's opposition. (DE 33, 34). Rojas appealed. (DE 37, 39). While the appeal was pending, *United States v. Davis*, 139 S. Ct. 2319 (2019), was decided which vacated *Douglas*, holding unconstitutionally vague the residual clause definition of "crime of violence" under § 924(c)(3)(B). 139 S. Ct at 2336. "[I]n light of Davis," the Court vacated the denial of Rojas's § 2255 motion and remanded for further proceedings before the district court. (DE 40). Upon remand, the district court requested supplemental briefing regarding *Davis*. (DE 43).

In a second supplemental § 2255 motion, Rojas argued with the "demise" of the § 924(c) residual clause, his "§ 924(c) conviction could no longer stand

because the crime of violence on which it [wa]s predicated (conspiracy to commit aircraft piracy) [wa]s not a crime of violence at all" and was "outside the reach of the force clause." (DE 49 at 1, 12–14). He also argued that there was an ambiguity as to whether the § 924(c) conviction also rested on the substantive aircraft piracy offense. (*Id*. at 3, 4–5, 9–11). But, even if the jury had convicted him of the conspiracy to commit aircraft piracy and the substantive aircraft piracy, he asserted that the § 924(c) offense rested on the least serious offense, meaning the conspiracy, and thus, the § 924(c) conviction was invalid. (*Id*. at 1, 5, 7–9).

The government opposed. (DE 54). It argued that Rojas's vagueness challenge to the § 924(c) conviction was procedurally defaulted, especially because he could have raised this contention in direct appeal. (*Id*. at 1, 6–9). And even if not defaulted, Rojas's contention was meritless because the jury unanimously convicted Rojas of the aircraft piracy predicate for the § 924(c) offense. (*Id*. at 1, 3–4). Moreover, the government argued the merits, contending the substantive aircraft piracy predicate remained valid for the 18 U.S.C. § 924(c) conviction. (*Id*. at 6, 16–18). And it asserted that Rojas "presented no developed argument that the substantive offense of aircraft piracy [wa]s not a crime of violence and ha[d] therefore waived this contention. (*Id*.; *see id*. at 16).

In a reply, Rojas reargued his ambiguity contention. (DE 64). He contended the facts supporting the § 924(c) conviction were irrelevant. (*Id*. at 3). And "[u]nder the elements-based categorical approach, the [district] [c]ourt c[ould] only find the (sic) that aircraft piracy was a § 924(c) predicate if it was necessary to satisfying the elements of § 924(c) conviction." (*Id*. (citing DE 49 at 3–7)). But "[h]ere, … aircraft piracy was not necessary to the § 924(c) conviction because the jury's verdict could have alternatively rested on conspiracy to commit aircraft piracy" which was not a valid predict crime of violence for § 924(c). (*Id*. at 3).

The district court denied Rojas's § 2255 relief. (DE 65). It noted the parties' agreement that the conspiracy to aircraft piracy no longer qualified as a predicate offense for a § 924(c) crime because it was not a crime of violence under § 924(c) force clause. (*Id*.). And it found Rojas did "not dispute that the substantive offense of aircraft piracy qualifie[d] as a § 924(b) predicate." (*Id*.). The court also determined Rojas "concede[d] that [it] c[ould] 'find [] that aircraft piracy was a § 924(c) predicate if it was necessary to satisfying the elements of § 924(c) conviction' . . . but Rojas "argue[d] his conviction could have rested on either conspiracy to commit aircraft piracy (Count 1) or the substantive aircraft piracy charge (Count 2) because of ambiguity in the jury instructions and the special

6

verdict form." (*Id.*). Relying on the trial record and special verdict, the court disagreed with Rojas's ambiguity claim and found Rojas's § 924(c) conviction also rested on the substantive aircraft piracy predicate, and thus, Rojas's § 2255 petition was denied. (*Id.*). And no COA was granted. (*Id.*).

Rojas timely filed a notice of appeal, and he now applies to this Court for a COA. *See* COA Appl., *supra*. The Court entered an order for the government to respond to the COA application, including Rojas's "argument that he did not concede that the completed air piracy under 49 U.S.C. § 46502(a)(1)(A)(2)(A) constitute[d] a 'crime of violence' for purposes of 18 U.S.C. § 924(c)." Order of Court, No. 22-1746 (1st Cir. June 21, 2023).

### III. Discussion and Analysis: Why Rojas does not warrant a COA

This Court may grant Rojas's application for a COA "only if [he] has made a substantial showing of the denial of a constitutional right." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting 28 U.S.C. § 2253(c)(2)). The "only question" in this inquiry is "whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

### A. Rojas doubly waived his challenge that aircraft piracy was a valid force clause predicate for § 924(c).

On a § 2255 motion to vacate, petitioner bears, as address previously, the burden of establishing that he is entitled to relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "[I]f a party wishes to preserve an argument for appeal, the party must press and not merely intimate the argument during the proceedings before the district court." *In re Under Seal*, 749 F.3d 276, 287 (4th Cir. 2014). Here, Rojas doubly waived his contention that the substantive aircraft piracy was a not a predicate crime of crime for the § 924(c) offense.

First, Rojas failed to adequately press below the arguments that he is making now about why the aircraft piracy predicate purportedly does not satisfy § 924(c)'s force clause. Rojas filed a § 2255 with multiple supplemental motions. (DE 1, 14, 32, 49, 64). In a lone three-line footnote of his first supplemental motion, Rojas merely presented: a portion of the statute and the indictment's language citing force, violence, and intimidation; a line alleging these terms as not being divisible and being only means and not elements; and then a general conclusion that aircraft piracy fell short of being categorically a crime of violence. (DE 14 at 12 n.4). But as the government argued in its opposition, he failed to present developed argument supporting his current contentions. (DE 54 at 6). He failed

to present sufficient argument as to why these terms made the statute indivisible, along with why these terms, including intimidation, involved means and not elements of the offense. (*Id.*). Nor did he make any concerted effort to argue why the alleged means or elements, especially intimidation, did not amount to sufficient force to be construed categorically as crimes of violence. (*Id.*); (*See* COA App. at 5–15).

Rojas's arguments contesting whether aircraft piracy did not amount to a crime of violence would be, therefore, construed as new on appeal and should not be considered by this Court. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) (finding waived the new § 2255 arguments presented for the first time on appeal). In his application for COA, Rojas has not attempted to articulate a reason for this Court to depart from the general rule that "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120, (1976); *see Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (use of waiver doctrine in the context of a 28 U.S.C. § 2255 petition); *Johnson v. United States*, 340 F.3d 1219, 1228 n. 8 (11th Cir. 2003). And to allow any such new argument would plainly be inconsistent with the intent of Congress, as expressed through the plain text of 28 U.S.C. § 2253(c). *See Board of Educ. of Hendrick Hudson*

*Central Sch. Dist. v. Rowley*, 458 U.S. 176, 190 n. 11 (1982) ("Congress expresses its purpose by words. It is for us to ascertain—neither to add nor to subtract, neither to delete nor to distort."). The Court should therefore decline to address Rojas's aircraft piracy arguments, *see United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived."); *see*, *e.g.*, *Logan v. Gelb*, 790 F.3d 65, 70 (1st Cir. 2015) (*per curiam*) ("Logan also failed to include this argument in his habeas petition; it is thus waived as well."); *Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992), and deny the motion for a certificate of appealability, *see United States v. Wesley*, 532 F. App'x 822 (10th Cir. 2013) (Mem) (holding because the Court could not "entertain [petitioner]'s new appellate arguments, [it] c[ould not] issue a certificate of appealability").

Second, within the first line of that footnote, Rojas began by contending that the district court need not address the issue of substantive aircraft piracy stating this "issue [wa]s not outcome determinative here." (*Id.*). In a second supplemental motion, he proposed again that the substantive "aircraft piracy was not necessary to the § 924(c) conviction." (DE 64 at 3). Indeed, Rojas, who

bore the burden, induced, or invited the ruling he now claims was error by expressly steering the district court away from the issue of whether the substantive offense of aircraft piracy was a crime of violence under the force clause. He purposely did not develop the sufficiency of the substantive offense for the court's review. (DE 14, 32, 49, 64). Instead, his position was that conspiracy to commit aircraft piracy was the relevant offense. Based on his lack of developed argumentation and his urging the district court to ignore the substantive offense, he invited the court's ruling that he had failed "to dispute" whether the substantive offense, standing alone, qualified as a predicate under the force clause. (DE 65). Thus, by failing to dispute it, Rojas effectively conceded the point and the court was not wrong to conclude so. After all, courts are usually confined to review issues raised and briefed by the parties. *See*, *e.g.*, *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1578 (2020) (discussing "the principle of party presentation"). For, courts are expected only to decide controversies "on the basis of facts and arguments pro and con adduced by the parties." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

So, because the aircraft piracy offense was a predicate to Rojas's § 924(c) offense and Rojas, who bore the burden, failed to dispute that aircraft piracy did

not amount to a crime of violence for § 924(c) purposes, the court properly denied Rojas's § 2255 petition to vacate.[1] (*Id.*).

Because Rojas has not shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further, this Court should deny Rojas's application for COA.

Rojas, in any event, does not show that he warrants a COA as to his claim for relief. The Court, therefore, should deny his application.

**B.     Rojas's Challenge to his 18 U.S.C. § 924(c) conviction**

Rojas's § 924(c) firearm conviction predicate, 49 U.S.C. § 46502, provides that "'aircraft piracy' means seizing or exercising control of an aircraft in the special jurisdiction of the United States by force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent." 49 U.S.C.

---

1.     Citing the government's opposition, Rojas argues that even the government understood he was challenging the viability of the aircraft piracy being a predicate. (COA App. at 7) (citing DE 54 at 6)). But he is stating this out of context. Indeed, the government argued he had waived the issue for lack of development. (DE 64) ("Rojas[] present[ed] no developed argument that the substantive offense of aircraft piracy [wa]s not a crime of violence and therefore ha[d] waived this contention."). Rojas did not contest this fact and argument in his reply.

§ 46502(a)(1)(A)(2)(A). Thus, the elements of the offense involve: "(1) a seizure of, or exercise of control over, an aircraft, (2) by means of force, violence, or intimidation, (3) with wrongful intent, (4) when the aircraft is within the special aircraft jurisdiction of the United States."[2] *United States v. Mena*, 933 F.2d 19, 23 (1st Cir. 1991) (addressing 49 U.S.C. App. § 1472(i)(2) recodified to 49 U.S.C. § 46502(a)(1)(A)); *see United States v. Calloway*, 116 F.3d 1129, 1134 (6th Cir. 1997) (same). The U.S. Code classifies aircraft piracy as a "serious violent felony." 18 U.S.C. § 3559(c)(2)(F)(i).

"For purposes of [19 U.S.C.] § 924(c), a federal felony qualifies as a "crime of violence" if it meets either of two definitions." *United States v. Taylor*, 142 S. Ct. 2015, 2019 (2022). "The first definition is found in § 924(c)(3)(A), a provision

---

2. Rojas argues that aircraft piracy's element of "by means of force, violence, or intimidation" is indivisible and therefore do not define three alternative crimes. (COA App. at 10) But the Court need not consider this contention because as addressed below, it can decide on other grounds. *See United States v. Bresil*, 767 F.3d 124, (1st Cir. 2014) (finding the defendant's argument fails on other grounds so the Court need not decide the contention). And even if the Court were to consider Rojas's claim, he relies on *Mena*. (COA App. 10–11). But in *Mena*, the Court never expressly addressed his contention. *See Mena*, 933 F.3d at 23. But in *United States v. Figueroa*, the Eleventh Circuit indicated that these were individual elements. 666 F.2d 1375, 1378 n.1(11th Cir. 1982) (stating in relation to "piracy by force and violence and threat of force or violence and by intimidation" "any one of the elements charged would have supported conviction" but in defendant's case, he had been "charged only with piracy by force and violence").

sometimes called the elements clause." *Id.* "That clause covers offenses that 'ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* "The second definition, located next door in § 924(c)(3)(B) and often referred to as the residual clause, encompasses offenses that 'by [their] nature, involv[e] a substantial risk that physical force ... may be used.'" *Id.* But in *Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause was unconstitutionally vague and thus, a conviction could not be predicated on that clause. *Id.* at 2019.

To determine whether § 46502(a)(1)(A) constitutes a crime of violence under § 924(c)'s force clause, the Court applies a categorical approach: it must focus solely on whether the elements of the charged offense satisfy the force clause. *See United States v. Starks*, 861 F.3d 306, 315 (1st Cir. 2017); *United States v. Faust*, 853 F.3d 39, 51 (1st Cir. 2017). The facts of Rojas's offense do not matter; what matters is whether the elements of the statute at issue, § 46502(a)(1)(A), categorically meet the force clause. *See id.*

Physical force, as used in the force clause, "means violent force—that is, force capable of causing physical pain or injury to another person." *Faust*, 853 F.3d at 50 (emphasis in original) (quoting *Johnson v. United States*, 559 U.S. 133,

14

140 (2010) ("*Johnson I*"). Hence, the ultimate question of the inquiry at hand is whether § 46502(a)(1)(A) "contains as an element violent force capable of causing physical pain or injury." *Id.* at 51. Because the historical facts do not matter, the court "consider[s] only whether the least serious conduct for which there is a 'realistic probability' of a charge and conviction necessarily involves the use of violent force." *Starks*, 861 F.3d at 315 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)). So, if the "least serious conduct that [§ 2114's] elements encompass" does not require the use, threatened use or attempted use of violent force, then that offense may not be a crime of violence. *United States v. Ellison*, 866 F.3d 32, 35 (1st Cir. 2017).

Rojas argues in his COA application that § 46502(a)(1)(A) aircraft piracy does not satisfy § 924(c)(3)(A)'s force clause because the offense "does not require violent force." (COA app. 13). He asserts that the offense can be committed through different means, one of which is intimidation, which he then argues does not require violent force. But even assuming intimidation is a means, this Court has already rejected that contention. In *United States v. Ellison*, 866 F.3d 32 (1st Cir. 2017), this Court held that federal bank robbery is a crime of violence under the career-offender sentencing guideline's force clause. *Id.* at 35–40. In so doing,

15

the Court held that bank robbery by "intimidation" was a crime of violence because "proving 'intimidation' . . . requires proving that a threat of bodily harm was made." *Id.* at 37.

This Court subsequently reiterated this in the context of § 924(c)(3)(A)'s force clause. In *United States v. King*, the Court addressed § 2113(a) bank robbery which involves the unlawfully taking "by force, violence and intimidation money" and found this clearly qualified as a crime of violence under § 924(c)'s force clause. 965 F.3d 60, 70–71 (1st Cir. 2020). And this § 2113(a) force, violence and intimidation language in *King* is similar to § 46502(a)(1)(A) making it a "crime of violence" under § 924(c)'s force clause.

Rojas also relies upon 49 U.S.C. 1742(j) (recodified as 49 U.S.C. § 46504) and *United States v. Meeker*, 572 F.2d 12 (9th Cir. 1975). But this reliance is misplaced. Section 1472(j) of Title 49 had provide "[w]hoever, while aboard an aircraft within the special aircraft jurisdiction of the United States, assaults, intimidates, or threatens any flight crew member or flight attendant (including any steward or stewardess) of such aircraft, so as to interfere with the performance by such member or attendant of his duties or lessen the ability of such member or attendant to perform his duties, shall be" punished. *See Meeker*, 572 F.2d at 15 n.1.

The statute is clearly distinguishable because it contains substantially different elements. *Id*. And Rojas provides no support for his contention that a separate offense, with its own set of elements is a lesser-included-offense. Nor does he show how the existence of such an offense would affect the application of the categorical approach to his offense of conviction.[3]

Moreover, in *Meeker*, the Ninth Circuit construed the "criminal act of intimidation" as being in accordance with 18 U.S.C. § 2113(a) bank robbery. *Id*. at 15 & n.3; s*ee also Figueroa*, 666 F.2d at 1378 (relying upon § 2113(a) bank robbery in the context of the aircraft piracy statute, considering it "a parallel line of authority arising under a similar statute"). So this too proves unhelpful to Rojas.

Finally, Rojas appears to suggest that he does not need to present his full arguments to this Court and that he will unveil those if a COA is granted. (COA app. 15). But Rojas needed to first show that jurists of reason could disagree with

---

3. Rojas's argument essentially asks this Court to ignore the first step in the categorical approach, which calls for a determination of the offense of conviction. Instead, Rojas appears to suggest a separate statute under which he could have been charged and convicted, and asks the Court to apply the categorical approach to that separate offense. That is simply not the law. And his contention would result in no crime being a crime of violence, because the defendant can always be convicted of some lesser non-violent crime. For example, murder could be reduced to assault, robbery to larceny, etc.

the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further under a COA. And he has not done that. The fact that there is no First Cricut caselaw on the particular offense of conviction is insufficient to establish entitlement to a COA. Indeed, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996) (citing *FDIC v. First Nat'l Bank of Waukesha, Wis.*, 604 F. Supp. 616, 622 (E.D. Wis. 1985); *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983)). Moreover, a closer look at the elements of aircraft piracy shows that the elements in question do not present a question of first impression. This Court has already rejected Rojas's contentions as to intimidation, the only one he presents here. And the remaining elements indisputably require violent force or the threatened use of violent force, making it analogous to other crimes this Court has already concluded are crimes of violence under the force clause.

### C. Conclusion

The Court should deny Rojas's COA application as to his claim. *See* 28 U.S.C. § 2253(c)(2). No reasonable jurist could disagree with their rejection below.

**WHEREFORE**, the United States respectfully asks the Court to deny in its entirety Rojas's application for a certificate of appealability.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of October 2023.

                                              W. Stephen Muldrow
                                              United States Attorney

                                              Mariana E. Bauzá-Almonte
                                              Assistant United States Attorney
                                              Chief, Appellate Division

                                              /s/Thomas F. Klumper
                                              Assistant United States Attorney
                                              Appellate Division
                                              United States Attorney's Office
                                              Torre Chardón, Suite 1201
                                              350 Carlos Chardón Avenue
                                              San Juan, Puerto Rico 00918
                                              Tel. (787) 766-5656
                                              Fax (787) 771-4050.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 19, 2023, I electronically filed the above response in opposition with the U.S. Court of Appeals for the First Circuit by using the CM/ECF system and thereby served it on appellant's counsel of record.

/s/Thomas F. Klumper
Assistant United States Attorney