# In the United States Court of Appeals for the First Circuit

---

**JESÚS ROJAS-TAPIA,**
*Petitioner-Appellant,*

v.

**UNITED STATES,**
*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the District of Puerto Rico
D. Ct. No. 16-cv-2213-JAG
(originating from D. Ct. No. 03-cr-019-06-GAG)
Hon. Jay A. García-Gregory, U.S. Senior District Judge

---

## APPENDIX TO APPELLANT'S OPENING BRIEF

---

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico
241 F.D. Roosevelt Ave.
San Juan, PR 00918
T. (787) 281-4922
F. (787) 281-4899
E. Kevin_Lerman@fd.org

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appeals Section

**KEVIN E. LERMAN**
Assistant Federal Public Defender

*Attorneys for Defendant-Appellant*
**JESÚS ROJAS-TAPIA**

# CONTENTS

**D.P.R. CRIMINAL CASE NO. 03-CR-019-06-GAG**

**Docket Sheet** ............................................................................. 1-37

**Indictment** (Jan. 16, 2003), ECF No. 9 ........................................38-42

**Minutes Re: Jury Verdict** (Jan. 22, 2004), ECF No. 154 ................................ 43

**General Jury Verdict** (Jan. 22, 2004), ECF No. 156...........................................44

**Special Jury Verdict** (Jan. 22, 2004), ECF No. 157 ...........................................45

**Jury Instructions** (Jan. 22, 2004), ECF No. 158 ...........................................46-73

**Judgment** (May 21, 2004), ECF No. 169.......................................................74-78

**D.P.R. CIVIL CASE NO. 16-CV-2213-JAG**

**Docket Sheet**.....................................................................................79-86

**Pro Se Mot. Under 28 U.S.C. § 2255** (June 27, 2016), ECF No. 1............. 87-101

**First Supplement to § 2255 Motion** (May 24, 2018), ECF No. 14............102-116

**First Gov't Opposition** (Nov. 1, 2018), ECF No. 25................................ 117-119

**Reply to First Opposition** (Dec. 10, 2018), ECF No. 32 .......................... 120-127

**Second Supplement to § 2255 Motion** (July 6, 2021), ECF No. 49 ......... 128-143

**Second Gov't Opposition** (Sept. 7, 2021), ECF No. 54 ............................144-161

**Reply to Second Opposition** (Oct. 28, 2021), ECF No. 64 .......................162-166

**Notice of Appeal** (Sept. 23, 2022), ECF No. 67 ............................................. 167

**CERTIFICATE OF SERVICE**

# United States District Court
## District of Puerto Rico (San Juan)
## CRIMINAL DOCKET FOR CASE #: 3:03-cr-00019-DRD All Defendants

Case title: USA v. Valdes-Cartagena et al

Date Filed: 01/16/2003

Related Case: 3:16-cv-02213-JAG

Magistrate judge case numbers: 3:02-mj-00518
            3:03-mj-00001
            3:03-mj-00003
            3:03-mj-00004

Date Terminated: 05/21/2004

---

Assigned to: Judge Gustavo A. Gelpi

Appeals court case number: 03-2366

**Defendant (1)**

**Orlando Valdes-Cartagena**
Reg. No. 25820-069
USP Atlanta
P.O. Box 150160
Atlanta, GA 30315
*TERMINATED: 08/22/2003*
*also known as*
FNU Conde

represented by **Leslie Alvarado-Lliteras**
Saldana, Carvajal & Velez-Rive, P.S.C.
166 Ave. de la Constitucion
San Juan, PR 00961
787-641-2884
Fax: 787-641-2873
Email: lalvarado@aflawpsc.com
*TERMINATED: 08/22/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

49:46502(a)(1)(A)(2)(A); AIRCRAFT
PIRACY
(1)

**Disposition**

Impr for a term of 240 months to be served
consecutively to any other sentence that he
is presently serving either at the State or the
Federal level. SRT 5 years. SMA $100.00.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:924(c)(1)(A)(ii) and 18:2: A/A
VIOLENT CRIME/DRUGS/MACHINE
GUN
(3)

**Disposition**

Dismissed.

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                          **Disposition**

None

---

Assigned to: Judge Daniel R. Dominguez

Appeals court case number: '09-2678'

**Defendant (2)**

**Jose M. Rojas-Tapia**                represented by   **Jose M. Rojas-Tapia**
*TERMINATED: 08/22/2003*                                Reg. No. 18233-069
*also known as*                                         U.S. Penitentiary
Gordi                                                   Florence ADMAX
                                                        P.O. Box 8500
                                                        Florence, CO 81226
                                                        PRO SE

                                                        **Benito I. Rodriguez-Masso**
                                                        Benito I. Rodriguez Masso Law Office
                                                        Urb. El Vedado
                                                        407 Calle Bonafoux
                                                        San Juan, PR 00918-3023
                                                        787-763-8999
                                                        Fax: 787-763-8917
                                                        Email: birmlaw@gmail.com
                                                        *TERMINATED: 08/22/2003*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: CJA Appointment*

**Pending Counts**                                      **Disposition**

49:46502(a)(1)(A)(2)(A); AIRCRAFT                       Impr for a term of 300 months to be served
PIRACY                                                  consecutively to any term of imprisonment
(1)                                                     previously imposed, either at the State or
                                                        Federal level. SRT 5 years. SMA .00.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                   **Disposition**

18:924(c)(1)(A)(ii) and 18:2: A/A
VIOLENT CRIME/DRUGS/MACHINE                             Dismissed.
GUN
(3)

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: Judge Gustavo A. Gelpi

### Defendant (3)

| | | |
|---|---|---|
| **Hector Marrero-Diaz**<br>*TERMINATED: 08/22/2003*<br>*also known as*<br>Plata | represented by | **Edgar R. Vega-Pabon**<br>Vega Pabon Law Office, P.S.C.<br>239 Arterial Hostos<br>Capital Center Building<br>Suite 201<br>San Juan, PR 00918<br>787-771-9056<br>Fax: 787-771-4482<br>Email: vegapabonlaw@gmail.com<br>*TERMINATED: 08/22/2003*<br>*LEAD ATTORNEY*<br>*Designation: CJA Appointment* |

| Pending Counts | Disposition |
|---|---|
| 49:46502(a)(1)(A)(2)(A); AIRCRAFT PIRACY<br>(1) | Impr for a term of 240 months to be served consecutively to any term of imprisonment previously imposed either at the State or the Federal level. SRT 5 years. SMA $100.00. Remaining cnt dismissed. |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:924(c)(1)(A)(ii) and 18:2: A/A VIOLENT CRIME/DRUGS/MACHINE GUN<br>(3) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

Assigned to: Judge Gustavo A. Gelpi

### Defendant (4)

| | | |
|---|---|---|
| **Jose A. Perez-Rodriguez**<br>25813-069 | represented by | **Juan F. Matos-De-Juan**<br>Matos de Juan Law Office |

<span style="color:blue">Appendix 3</span>

USP Big Sandy
PO Box 2068
Inez, KY 41224
*TERMINATED: 08/22/2003*

255 Ponce De Leon Ave.
MCS Plaza, Suite 1210
San Juan, PR 00917
787-509-2335
Email: matos@sgmr.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender*

**Pending Counts**

49:46502(a)(1)(A)(2)(A); AIRCRAFT
PIRACY
(1)

**Disposition**

Impr for a term of 240 months to be served
consecutively to any other sentence that he
is presently serviing, either at the State or
Federal level. SRT 5 years. SMA $100.00.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:924(c)(1)(A)(ii) and 18:2: A/A
VIOLENT CRIME/DRUGS/MACHINE
GUN
(3)

**Disposition**

Dismissed.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

Assigned to: Judge Gustavo A. Gelpi

**Defendant (4)**

**Jose A. Perez-Rodriguez**
*TERMINATED: 08/22/2003*

**Pending Counts**

49:46502(a)(1)(A)(2)(A); AIRCRAFT
PIRACY
(1)

**Disposition**

Impr for a term of 240 months to be served consecutively to any
other sentence that he is presently serviing, either at the State or
Federal level. SRT 5 years. SMA $100.00.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

**Disposition**

18:924(c)(1)(A)(ii) and 18:2: A/A
VIOLENT CRIME/DRUGS/MACHINE
GUN
(3)

Dismissed.

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Gustavo A. Gelpi

**Defendant (5)**

**Victor Gonzalez-Diaz**
*TERMINATED: 08/22/2003*

represented by **Victor Gonzalez-Diaz**
25893-069
US Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635
PRO SE

**Federal Public Defender Office**
241 Franklin D Roosevelt
3rd Floor
San Juan, PR 00918
787-281-4922
Fax: 787-281-4899
Email: prx_notifications@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender*

**Ivan Dominguez-Perez**
Dominguez Law Office
652 Munoz Rivera Ave.
Suite 3125
San Juan, PR 00918-4261
787-250-0220
Fax: 787-250-0295
Email: ivan7@prtc.net
*TERMINATED: 08/22/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

49:46502(a)(1)(A)(2)(A); AIRCRAFT
PIRACY
(1)

**Disposition**

Impr for a term of 240 months to be served
consecutively to any sentence that he is
presently serving in the State system or the

Federal system. SRT 5 years. SMA $100.00. Remaining cnts dismissed.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:924(c)(1)(A)(ii) and 18:2: A/A VIOLENT CRIME/DRUGS/MACHINE GUN (3) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

Assigned to: Judge Jay A. Garcia-Gregory

Appeals court case number: '04-1846'

**Defendant (6)**

| **Jesus Rojas-Tapia** | represented by | **Franco Lorenzo Perez-Redondo** |
| --- | --- | --- |
| *TERMINATED: 05/21/2004* | | Federal Public Defender |
| *also known as* | | 241 F.D. Roosevelt Ave. |
| Buho | | Patio Gallery Bldg. |
| *TERMINATED: 05/21/2004* | | San Juan, PR 00918-2441 |
| | | 787-281-4922 |
| | | Fax: 787-281-4899 |
| | | Email: Franco_Perez@fd.org |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Federal Public Defender* |
| | | |
| | | **Raul S. Mariani-Franco** |
| | | Mariani Franco Law Office |
| | | PO Box 9022864 |
| | | San Juan, PR 00902-2864 |
| | | 787-620-0038 |
| | | Fax: 787-620-0039 |
| | | Email: marianifrancolaw@gmail.com |
| | | *TERMINATED: 11/09/2022* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| 49:46502(a)(1)(A)(2)(A); AIRCRAFT PIRACY (1) | 365 months, concurrent with count 2 and consecutive to count 3. SRT of 5 years, concurrent with counts 2 and 3. SMA . |

49:46502(a)(1)(A)(2)(A) and 18:2: A/A: Armed AIRCRAFT PIRACY (2)

18:924(c)(1)(A)(ii) and 18:2: A/A VIOLENT CRIME/DRUGS/MACHINE GUN (3)

365 months, concurrent with count 1 and consecutive to count 3. SRT of 5 years, concurrent with counts 1 and 3. SMA .

84 months consecutive to counts 1 and 2. SRT of 5 years, concurrent with counts 1 and 2. SMA .

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

Theatening the pilot of an aircraft, while in flight, at gunpoint [ 3:03-m -3 ]

---

Assigned to: Judge Raul M. Arias-Marxuach

**Defendant (7)**

**Angel Luis Rivera-Marcano**          represented by   **Federal Public Defender Office**
*TERMINATED: 08/22/2003*                                (See above for address)
                                                        *TERMINATED: 08/08/2023*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Federal Public Defender*

                                                        **Isabel A. Mattina-Leal**
                                                        Federal Public Defender's Office
                                                        District of Puerto Rico
                                                        Patio Gallery Building
                                                        241 F.D. Roosevelt Avenue
                                                        San Juan, PR 00918-2441
                                                        787-281-4922
                                                        Fax: 787-281-4899
                                                        Email: isabel_mattina@fd.org
                                                        *TERMINATED: 08/08/2023*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Federal Public Defender*

                                                        **Victor P. Miranda-Corrada**
                                                        Federal Public Defender
                                                        241 FD Roosevelt Ave.
                                                        San Juan, PR 00918

787-281-4922
Fax: 787-281-4899
Email: victor_miranda@fd.org
*TERMINATED: 08/22/2003*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender*

| **Pending Counts** | **Disposition** |
|---|---|
| 49:46502(a)(1)(A)(2)(A); AIRCRAFT PIRACY<br>(1) | Impr for a term of 300 months to be served consecutively to any term of imprisonment previously imposed, either at the State or Federal level. SRT 5 years. SMA $100.00. Remaining cnts dismissed. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 49:46502(a)(1)(A)(2)(A) and 18:2: A/A: Armed AIRCRAFT PIRACY<br>(2) | Dismissed. |
| 18:924(c)(1)(A)(ii) and 18:2: A/A VIOLENT CRIME/DRUGS/MACHINE GUN<br>(3) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Interested Party**

**Pedro Goyco**
*Attorney General of the Commonwealth of Puerto Rico*

represented by **Eileen Landron-Guardiola**
Landron & Vera LLC
1606 Ave. Ponce de Leon
Edif. Bogoricin
Suite 501
San Juan, PR 00909
787-395-7885
Email: elandron@landronvera.com
*TERMINATED: 10/23/2003*
*LEAD ATTORNEY*
*Designation: Retained*

---

**Plaintiff**

**USA**    represented by    **Myriam Y. Fernandez-Gonzalez**
United States Attorneys Office
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787-282-1905
Fax: 787-766-6222
Email: myriam.y.fernandez@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Corinne Cordero-Romo**
DOJ-USAO
District of Puerto Rico
Torre Chardon
350 Carlos Chardon Street
Suite 1201
San Juan, PR 00918
787-766-5656
Email: corinne.cordero@usdoj.gov
*TERMINATED: 07/02/2021*
*Designation: AUSA Designation*

**Edwin O. Vazquez-Berrios - INACTIVE**
United States Attorneys Office, District of
Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787-766-5656
Fax: 787-766-5398
Email: USAPR.InactiveAUSA@usdoj.gov
*TERMINATED: 12/17/2003*
*Designation: AUSA Designation*

**Irene C. Feldman - INACTIVE**
United States Attorneys Office, District of
Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787-282-1813
Fax: 787-766-6222
Email: USAPR.InactiveAUSA@usdoj.gov
*Designation: AUSA Designation*

**John P. Hutchins - INACTIVE , III**
United States Attorney's Office
350 Carlos Chardon Street
Suite 1201
San Juan, PR 00918
787-766-5656

Fax: 787-771-4043
Email: USAPR.InactiveAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Marie Christine Amy**
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
787-766-5656
Email: marie.c.amy@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2002 | 1 | COMPLAINT as to Jose A. Perez-Rodriguez [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 12/31/2002 | | ARREST WARRANT issued as to Jose A. Perez-Rodriguez [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 12/31/2002 | | WRIT of Habeas Corpus ad Prosequendum issued as to Jose A. Perez-Rodriguez for 12/31/2 [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 12/31/2002 | 2 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Jose A. Perez-Rodriguez [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 12/31/2002 | | ARREST of Jose A. Perez-Rodriguez [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 01/01/2003 | | ARREST of Angel Luis Rivera-Marcano [ 3:03-m -1 ] (ov) (Entered: 01/07/2003) |
| 01/01/2003 | | ARREST of Hector Marrero-Diaz [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/02/2003 | 1 | COMPLAINT as to Angel Luis Rivera-Marcano [ 3:03-m -1 ] (ov) (Entered: 01/07/2003) |
| 01/02/2003 | | Initial appearance as to Angel Luis Rivera-Marcano held before Magistrate Judge Justo Arenas ;Preliminary Examination set for 10:00 1/8/03 before Mag Aida M. Delgado Colon, for Angel Luis Rivera-Marcano ; Detention Hearing set for 10:00 1/8/03 before Mag Judge Aida M. Delgado Colon for Angel Luis Rivera-Marcano (Defendant informed of rights.) [ 3:03-m -1 ] (ov) (Entered: 01/07/2003) |
| 01/02/2003 | 3 | Minute entry as to Angel Luis Rivera-Marcano : IA held. Dft U/C. Dft will be rep by CJA cnsl. Court Reporter: FTR ( Magistrate Judge Justo Arenas ) [ 3:03-m -1 ] (ov) (Entered: 01/07/2003) |
| 01/02/2003 | 4 | ORDER OF TEMP DETENTION pndg hrg pursuant to Bail Reform Act as to Angel Luis Rivera-Marcano, etc as herein stated. ( Signed by Magistrate Judge Justo Arenas ) [ 3:03-m -1 ] (ov) (Entered: 01/07/2003) |
| 01/02/2003 | 5 | CJA 20 as to Angel Luis Rivera-Marcano : Appointment of Attorney Victor P. Miranda-Corrada (Clerk) [ 3:03-m -1 ] (ov) (Entered: 01/07/2003) |
| 01/02/2003 | | ARREST of Jesus Rojas-Tapia [ 3:03-m -3 ] (re) (Entered: 01/07/2003) |
| 01/02/2003 | 3 | MOTION by USA as to Jose A. Perez-Rodriguez to detain without bail under 18:3142 [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 01/02/2003 | | Initial appearance as to Jose A. Perez-Rodriguez held before Magistrate Judge Justo Arenas ; Bail Hearing set for 10:00 1/17/03 for Jose A. Perez-Rodriguez ;Preliminary |

| | | |
|---|---|---|
| | | Examination set for 10:00 1/17/03 for Jose A. Perez-Rodriguez (Defendant informed of rights.) [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 01/02/2003 | 4 | Minute entry as to Jose A. Perez-Rodriguez : INITIAL APPEARANCE called. Deft com. Deft will be represented by FPD. ( Magistrate Judge Justo Arenas ) [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 01/02/2003 | 5 | ORDER OF TEMPORARY DETENTION as to Jose A. Perez-Rodriguez ( Signed by Magistrate Judge Justo Arenas ) [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 01/02/2003 | 6 | ORDER as to Jose A. Perez-Rodriguez Appointing Federal Public Defender (Clerk) [ 3:02-m -518 ] (np) (Entered: 01/10/2003) |
| 01/02/2003 | | ARREST of Jose M. Rojas-Tapia, Orlando Valdes-Cartagena [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/03/2003 | 1 | COMPLAINT as to Jesus Rojas-Tapia w/affidavit in support attached. [ 3:03-m -3 ] (re) (Entered: 01/07/2003) |
| 01/03/2003 | | Initial appearance as to Jesus Rojas-Tapia held before Magistrate Judge Justo Arenas (Defendant informed of rights.) [ 3:03-m -3 ] (re) (Entered: 01/07/2003) |
| 01/03/2003 | 2 | Minute entry as to Jesus Rojas-Tapia : Initial appearance held. setting Preliminary Examination for 10:00 1/17/03 for Jesus Rojas-Tapia , setting Bail Hearing for 10:00 1/17/03 for Jesus before Magistrate Judge Aida M. Delgado-Colon . Deft. is committed. Deft. are not to be released from Fed. Custody unless authorized by the Chief Judge of this District or by the Judge assigned to the case w/no exception. ( Magistrate Judge Justo Arenas ) [ 3:03-m -3 ] (re) (Entered: 01/07/2003) |
| 01/03/2003 | 3 | ORDER OF TEMPORARY DETENTION as to Jesus Rojas-Tapia ( Signed by Magistrate Judge Justo Arenas ) [ 3:03-m -3 ] (re) (Entered: 01/07/2003) |
| 01/03/2003 | 1 | COMPLAINT w/Affidavit in support thereof as to Jose M. Rojas-Tapia, Orlando Valdes-Cartagena, Hector Marrero-Diaz [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/03/2003 | | Initial appearance as to Jose M. Rojas-Tapia, Hector Marrero-Diaz held before Magistrate Judge Justo Arenas ; Bail Hearing set for 10:00 1/17/03 for Jose M. Rojas-Tapia, for Hector Marrero-Diaz ;Preliminary Examination set for 10:00 1/17/03 for Jose M. Rojas-Tapia, for Hector Marrero-Diaz (Defendant informed of rights.) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/03/2003 | 2 | Minute entry as to Jose M. Rojas-Tapia, Hector Marrero-Diaz :Initial App held. Prel & Bail Hearings set for 1/17/03 at 10:00 before Mag Delgado. Defts committed. Defts will be represented by CJA counsel. Defts are not be released from federal custody until authorized by Chief Judge of this District of by the Judge assigned to the case w/ no exception ( Magistrate Judge Justo Arenas ) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/03/2003 | 3 | ORDER OF TEMPORARY DETENTION as to Jose M. Rojas-Tapia, Hector Marrero-Diaz ( Signed by Magistrate Judge Justo Arenas ) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/03/2003 | | Initial appearance as to Orlando Valdes-Cartagena held before Magistrate Judge Justo Arenas ; Bail Hearing set for 10:00 1/17/03 for Orlando Valdes-Cartagena ;Preliminary Examination set for 10:00 1/17/03 for Orlando Valdes-Cartagena (Defendant informed of rights.) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/03/2003 | 4 | Minute entry as to Orlando Valdes-Cartagena : Initial Appearance held. Prel & Bail Hrgs set for 1/17/03 at 10am before Mag Delgado. Deft U/C. Deft will be represented by CJA counsel ( Magistrate Judge Justo Arenas ) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |

| | | |
|---|---|---|
| 01/03/2003 | 5 | ORDER OF TEMPORARY DETENTION as to Orlando Valdes-Cartagena ( Signed by Magistrate Judge Justo Arenas ) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/07/2003 | 2 | MOTION by USA as to Angel Luis Rivera-Marcano to request order to detain dft w/out bail [ 3:03-m -1 ] (ov) (Entered: 01/07/2003) |
| 01/07/2003 | | CASE REFERRED TO ADC'S COURTROOM DEPUTY. [ 3:03-m -1 ] (ov) (Entered: 01/07/2003) |
| 01/07/2003 | | CASE REFERRED TO COURTROOM DEPUTY. [ 3:03-m -3 ] (re) (Entered: 01/07/2003) |
| 01/07/2003 | 4 | CJA 20 as to Jesus Rojas-Tapia : Appointment of Attorney Raul S. Mariani-Franco (Clerk) [ 3:03-m -3 ] (re) (Entered: 01/08/2003) |
| 01/07/2003 | 6 | CJA 20 as to Hector Marrero-Diaz : Appointment of Attorney Edgar R. Vega-Pabon nunc pro tunc as of 1/3/03 (Clerk) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/07/2003 | 7 | CJA 20 as to Jose M. Rojas-Tapia : Appointment of Attorney Benito I. Rodriguez-Masso nunc pro tunc as of 1/3/03 (Clerk) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/07/2003 | 8 | CJA 20 as to Orlando Valdes-Cartagena : Appointment of Attorney Leslie Alvarado-Lliteras nunc pro tunc as of 1/3/03 (Clerk) [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/08/2003 | | Detention hearing as to Angel Luis Rivera-Marcano held before Magistrate Judge Justo Arenas [ 3:03-m -1 ] (ov) (Entered: 01/10/2003) |
| 01/08/2003 | 6 | Minute entry as to Angel Luis Rivera-Marcano : Detn hrg held. Govt's req to cont prel hrg approved, reset Preliminary Examination for 10:00 1/17/03 for Angel Luis Rivera-Marcano . After hrg the pts considering the PTS rpt, that dft was charged w/carrying a firearm and his prior record, the mag orders dft detn pndg trial. Court Reporter: FTR ( Magistrate Judge Justo Arenas ) [ 3:03-m -1 ] (ov) (Entered: 01/10/2003) |
| 01/08/2003 | 7 | ORDER OF DETENTION pndg trial as to Angel Luis Rivera-Marcano, etc as herein stated. ( Signed by Magistrate Judge Justo Arenas ) [ 3:03-m -1 ] (ov) (Entered: 01/10/2003) |
| 01/10/2003 | | CASE REFERRED TO MAG ADC'S COURTROOM DEPUTY. [ 3:03-m -1 ] (ov) (Entered: 01/10/2003) |
| 01/13/2003 | | CASE REFERRED TO COURTROOM DEPUTY. [ 3:03-m -4 ] (ja) (Entered: 01/13/2003) |
| 01/15/2003 | 7 | NOTICE of Appearance for Jose A. Perez-Rodriguez by Attorney Juan F. Matos-De-Juan [ 3:02-m -518 ] (np) (Entered: 01/16/2003) |
| 01/16/2003 | 9 | INDICTMENT as to Orlando Valdes-Cartagena (1) count(s) 1, 3, Jose M. Rojas-Tapia (2) count(s) 1, 3, Hector Marrero-Diaz (3) count(s) 1, 3, Jose A. Perez-Rodriguez (4) count(s) 1, 3, Victor Gonzalez-Diaz (5) count(s) 1, 3, Jesus Rojas-Tapia (6) count(s) 1, 3, Angel Luis Rivera-Marcano (7) count(s) 1, 2, 3 (Preliminary Examination cancelled.) (U.S. Attorney Irene C. Feldman) (ni) (Entered: 01/23/2003) |
| 01/16/2003 | 10 | Minute entry as to all defts : GJ Return of Indictment. Arr. set for 1/22/03 at 9:00 AM. Defts have appeared before the Mag. and are u/c. ( Magistrate Judge Jesus A. Castellanos ) (ni) (Entered: 01/23/2003) |
| 01/17/2003 | | Arraignment as to Orlando Valdes-Cartagena held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/23/2003) |

| 01/17/2003 | | Bail hearing as to Orlando Valdes-Cartagena held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/23/2003) |
|---|---|---|
| 01/17/2003 | 11 | Minute entry as to Orlando Valdes-Cartagena : Case called for ARR. PONG entd as to Cts 1 & 3. BAIL HEARING HELD. Considering deft's prior violent record of conviction and that he is currently serving a sentence, the matter of bail is moot and deft is ordered to remain commited. ( Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/27/2003) |
| 01/17/2003 | | Arraignment as to Jose M. Rojas-Tapia held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |
| 01/17/2003 | | Bail hearing as to Jose M. Rojas-Tapia held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |
| 01/17/2003 | 12 | Minute entry as to Jose M. Rojas-Tapia : Arr. held. PONG entd as to Cts 1 & 3. Bail hearing held. Considering deft's prior violent record of conviction and that he is pending trial and is already committed serving a federal sentence of 682 months, the matter of bail is moot and deft is ordered to remain commited. (Magistrate Judge Aida M. Delgado-Colon ) (ni) Modified on 01/27/2003 (Entered: 01/27/2003) |
| 01/17/2003 | | Arraignment as to Hector Marrero-Diaz held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |
| 01/17/2003 | | Bail hearing as to Hector Marrero-Diaz held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |
| 01/17/2003 | 13 | Minute entry as to Hector Marrero-Diaz : Arr. held. PONG entd as to Cts 1 & 3. Bail hearing held. Considering deft's prior violent offenses and that he is currently serving an impr. term at state level, the matter of bail is moot and deft is ordered to remain commited. ( Magistrate Judge Aida M. Delgado-Colon ) (ni) Modified on 01/27/2003 (Entered: 01/27/2003) |
| 01/17/2003 | | Arraignment as to Jose A. Perez-Rodriguez held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |
| 01/17/2003 | | Bail hearing as to Jose A. Perez-Rodriguez held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |
| 01/17/2003 | 14 | Minute entry as to Jose A. Perez-Rodriguez : Arr. held. PONG entd as to Cts 1 & 3. Bail hearing held. Considering deft's prior violent record of conviction including weapons and a murder case, that his earlies release date is October 2080, deft is ordered detained. (Magistrate Judge Aida M. Delgado-Colon) (ni) Modified on 01/27/2003 (Entered: 01/27/2003) |
| 01/17/2003 | | Arraignment as to Jesus Rojas-Tapia held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |
| 01/17/2003 | | Bail hearing as to Jesus Rojas-Tapia held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |
| 01/17/2003 | 15 | Minute entry as to Jesus Rojas-Tapia : Arr. held. PONG entd as to Cts 1 & 3. Bail hearing held. Considering deft's prior violent record of conviction including weapons and robbery, deft is ordered detained w/o bail. ( Magistrate Judge Aida M. Delgado-Colon ) (ni) Modified on 01/27/2003 (Entered: 01/27/2003) |
| 01/17/2003 | | Arraignment as to Angel Luis Rivera-Marcano held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 01/27/2003) |

| 01/17/2003 | 16 | Minute entry as to Angel Luis Rivera-Marcano : Arr. held. PONG entd as to Cts 1, 2 & 3. Deft remains u/c. ( Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/27/2003) |
|---|---|---|
| 01/17/2003 | 17 | ORDER OF DETENTION as to Orlando Valdes-Cartagena ( Signed by Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/27/2003) |
| 01/17/2003 | 18 | ORDER OF DETENTION as to Jose M. Rojas-Tapia ( Signed by Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/27/2003) |
| 01/17/2003 | 19 | ORDER OF DETENTION as to Hector Marrero-Diaz ( Signed by Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/27/2003) |
| 01/17/2003 | 20 | ORDER OF DETENTION as to Jose A. Perez-Rodriguez ( Signed by Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/27/2003) |
| 01/17/2003 | 21 | ORDER OF DETENTION as to Jesus Rojas-Tapia ( Signed by Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/27/2003) |
| 01/21/2003 | 22 | MINUTES of Setting as to defts #1-4, 6, 7. set Status Conference for 9:00 1/24/03 before Judge Juan M. Perez-Gimenez (Clerk) (ni) (Entered: 01/27/2003) |
| 01/24/2003 | | CASE REFERRED TO COURTROOM DEPUTY. (ni) (Entered: 01/24/2003) |
| 01/24/2003 | | Status conference as to Orlando Valdes-Cartagena, Jose M. Rojas-Tapia, Hector Marrero-Diaz, Jose A. Perez-Rodriguez, Jesus Rojas-Tapia, Angel Luis Rivera-Marcano held before Judge Juan M. Perez-Gimenez (ni) (Entered: 01/27/2003) |
| 01/24/2003 | 23 | Minute entry as to defts 1-4,6,7. S/C called. The first discovery package will be submitted by 2/7/03. set Second Status Conference for 9:00 3/7/03 before Judge Juan M. Perez-Gimenez , set Jury Trial for 9:00 4/7/03 before Judge Juan M. Perez-Gimenez Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (ni) (Entered: 01/27/2003) |
| 01/24/2003 | 24 | MOTION by Angel Luis Rivera-Marcano for 404(b) disclosure . Response due 2/6/03 (ni) (Entered: 01/27/2003) |
| 01/24/2003 | 25 | MOTION by Angel Luis Rivera-Marcano for Discovery . Response due 2/6/03 (ni) (Entered: 01/27/2003) |
| 01/24/2003 | 26 | MOTION by Angel Luis Rivera-Marcano under Rule 12 . Response due 2/6/03 (ni) (Entered: 01/27/2003) |
| 01/27/2003 | | ARREST of Victor Gonzalez-Diaz (ni) (Entered: 01/29/2003) |
| 01/28/2003 | | Initial appearance as to Victor Gonzalez-Diaz held before Magistrate Judge Aida M. Delgado-Colon Arraignment set for 10:00 1/31/03 for Victor Gonzalez-Diaz ; Detention Hearing set for 10:00 1/31/03 for Victor Gonzalez-Diaz (Defendant informed of rights.) (ni) (Entered: 01/29/2003) |
| 01/28/2003 | 27 | Minute entry as to Victor Gonzalez-Diaz : IA held. Deft was brought before the Mag. and is u/c. ( Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/29/2003) |
| 01/28/2003 | 28 | ORDER OF TEMPORARY DETENTION as to Victor Gonzalez-Diaz ( Signed by Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 01/29/2003) |
| 01/29/2003 | 29 | CJA 20 as to Victor Gonzalez-Diaz : Appointment of Attorney Ivan Dominguez-Perez (Clerk) (ni) (Entered: 01/29/2003) |
| 01/31/2003 | | Arraignment as to Victor Gonzalez-Diaz held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 02/05/2003) |

| 01/31/2003 | | Detention hearing as to Victor Gonzalez-Diaz held before Magistrate Judge Aida M. Delgado-Colon (ni) (Entered: 02/05/2003) |
|---|---|---|
| 01/31/2003 | 30 | Minute entry as to Victor Gonzalez-Diaz : Arr. held. PONG entd as to Cts 1 & 3. DETENTION hearing held. The matter of detention is moot given that deft is already serving a state sentence. ( Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 02/05/2003) |
| 02/05/2003 | | CASE REFERRED TO COURTROOM DEPUTY. (ni) (Entered: 02/05/2003) |
| 02/06/2003 | 31 | ORDER OF DETENTION as to Victor Gonzalez-Diaz ( Signed by Magistrate Judge Aida M. Delgado-Colon ) (ni) (Entered: 02/06/2003) |
| 02/12/2003 | 32 | MOTION by Victor Gonzalez-Diaz for Ivan Dominguez to Withdraw as Attorney , and for Appointment of Counsel (ni) (Entered: 02/13/2003) |
| 02/13/2003 | 33 | ORDER as to Angel Luis Rivera-Marcano [26-1] motion under Rule 12, [25-1] motion for Discovery, [24-1] motion for 404(b) disclosure. Govt shall respond w/in 20 days. ( Signed by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 02/13/2003) |
| 02/25/2003 | | ENDORSED ORDER as to Victor Gonzalez-Diaz denying [32-1] motion for Ivan Dominguez to Withdraw as Attorney, denying [32-2] motion for Appointment of Counsel until cnsl further explains grounds for req. w/d. (Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 02/25/2003) |
| 03/07/2003 | 34 | NOTICE of Appearance for USA by Attorney Edwin O. Vazquez-Berrios (ni) (Entered: 03/10/2003) |
| 03/07/2003 | | Status conference as to Orlando Valdes-Cartagena, Jose M. Rojas-Tapia, Hector Marrero-Diaz, Jose A. Perez-Rodriguez, Victor Gonzalez-Diaz, Jesus Rojas-Tapia, Angel Luis Rivera-Marcano held before Judge Juan M. Perez-Gimenez (ni) (Entered: 03/11/2003) |
| 03/07/2003 | 35 | Minute entry as to all defts. Second S/C called. Govt shall finalize disc. by 3/17/03. Defts have until 4/1/03 to advise if they will go to trial or plead guilty. set dispositive Motion Filing deadline to 3/24/03 JT remains set for 4/7/03. Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (ni) (Entered: 03/11/2003) |
| 03/24/2003 | 36 | MOTION by Hector Marrero-Diaz for Hearing on deft's incarceration conditions (ni) (Entered: 03/26/2003) |
| 03/24/2003 | 37 | MOTION by Hector Marrero-Diaz to request order for co-deft statements (ni) (Entered: 03/26/2003) |
| 03/28/2003 | 38 | RESPONSE by USA as to Hector Marrero-Diaz in opposition to [37-1] motion to request order for co-deft statements (ni) (Entered: 03/31/2003) |
| 03/28/2003 | 39 | MOTION by USA as to all defts for Reciprocal Discovery (ni) (Entered: 03/31/2003) |
| 03/28/2003 | 40 | MOTION by USA as to all defts under Rule 12 . Response due 4/10/03 (ni) (Entered: 03/31/2003) |
| 03/31/2003 | 41 | MOTION by Orlando Valdes-Cartagena for change of plea (ni) (Entered: 04/01/2003) |
| 04/01/2003 | 42 | MOTION by Jesus Rojas-Tapia to request order for govt to specify whether it will relay on deft's stmts . Response due 4/14/03 (ni) (Entered: 04/03/2003) |
| 04/01/2003 | 43 | MOTION by Jesus Rojas-Tapia to Suppress deft's stmt . Response due 4/14/03 (ni) (Entered: 04/03/2003) |

| 04/01/2003 | 44 | MOTION by Jesus Rojas-Tapia to Produce Jencks and Giglio material . Response due 4/14/03 (ni) (Entered: 04/03/2003) |
|---|---|---|
| 04/01/2003 | 45 | MOTION by Jesus Rojas-Tapia under Rule 12 . Response due 4/14/03 (ni) (Entered: 04/03/2003) |
| 04/01/2003 | 46 | MOTION by Jesus Rojas-Tapia for Discovery of information bearing on the credibility of the govt's witnesses . Response due 4/14/03 (ni) (Entered: 04/03/2003) |
| 04/04/2003 | | ENDORSED ORDER as to Hector Marrero-Diaz denying [37-1] motion to request order for co-deft statements as to Hector Marrero-Diaz (3) ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 04/04/2003) |
| 04/04/2003 | | ENDORSED ORDER as to Hector Marrero-Diaz denying [36-1] motion for Hearing on deft's incarceration conditions as to Hector Marrero-Diaz (3) ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 04/04/2003) |
| 04/04/2003 | | ENDORSED ORDER as to all defendants granting [39-1] motion for Reciprocal Discovery ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 04/04/2003) |
| 04/04/2003 | | ENDORSED ORDER as to all defendants: granting [38-1] opposition response ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 04/04/2003) |
| 04/04/2003 | 47 | MOTION by Jesus Rojas-Tapia to Continue trial date (np) (Entered: 04/07/2003) |
| 04/04/2003 | 48 | MOTION SUBMITTING exhs to mot to suppress stmt of lack of voluntary w/attachment by Jesus Rojas-Tapia (np) (Entered: 04/07/2003) |
| 04/04/2003 | 49 | MOTION by Jesus Rojas-Tapia requesting leave to conduct examination of prospective jurors or expanded voir dire (np) (Entered: 04/07/2003) |
| 04/07/2003 | | ENDORSED ORDER as to Orlando Valdes-Cartagena [41-1] motion for change of plea Noted. as to Orlando Valdes-Cartagena (1) ( Entered by Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia [42-1] motion to request order for govt to specify whether it will relay on deft's stmts Noted. as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia [43-1] motion to Suppress deft's stmt. This matter will be revisited during trial. ( Entered by Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia granting [44-1] motion to Produce Jencks and Giglio material. Granted tow days before trial as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia [45-1] motion under Rule 12 Noted. as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia [46-1] motion for Discovery of information bearing on the credibility of the govt's witnesses Noted. as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | 50 | Plea Agreement with government's version of the facts attached as to Orlando Valdes-Cartagena (su) (Entered: 04/08/2003) |
| 04/07/2003 | | Change of Plea Hearing as to Orlando Valdes-Cartagena held before Judge Juan M. Perez-Gimenez (su) (Entered: 04/08/2003) |

| 04/07/2003 | | PLEA of Guilty: Orlando Valdes-Cartagena (1) count(s) 1 ; Court accepts plea. (su) (Entered: 04/08/2003) |
|---|---|---|
| 04/07/2003 | 51 | Minute entry as to Orlando Valdes-Cartagena : COP held. POG entered as to cnt 1. Deft remain under custody. set Sentencing for 9:00 6/13/03 for Orlando Valdes-Cartagena before Judge Juan M. Perez-Gimenez Court Reporter: Vazquetelles ( Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | 52 | MOTION by Jose M. Rojas-Tapia for change of plea (su) (Entered: 04/08/2003) |
| 04/07/2003 | 53 | Plea Agreement with government's version of the facts attached as to Jose M. Rojas-Tapia (su) (Entered: 04/08/2003) |
| 04/07/2003 | | Change of Plea Hearing as to Jose M. Rojas-Tapia held before Judge Juan M. Perez-Gimenez (su) (Entered: 04/08/2003) |
| 04/07/2003 | | PLEA of Guilty: Jose M. Rojas-Tapia (2) count(s) 1 ; Court accepts plea. (su) (Entered: 04/08/2003) |
| 04/07/2003 | 54 | Minute entry as to Jose M. Rojas-Tapia : COP held. POG entered as to cnt 1. Deft UC; granting [52-1] motion for change of plea as to Jose M. Rojas-Tapia (2), mooting [49-1] motion requesting leave to conduct examination of prospective jurors or expanded voir dire as to Jesus Rojas-Tapia (6), mooting [47-1] motion to Continue trial date as to Jesus Rojas-Tapia (6), mooting [43-1] motion to Suppress deft's stmt as to Jesus Rojas-Tapia (6) set Sentencing for 9:30 6/16/03 for Jose M. Rojas-Tapia before Judge Juan M. Perez-Gimenez Court Reporter: Vazquetelles ( Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | 55 | Plea Agreement with government's version of the facts attached as to Hector Marrero-Diaz (su) (Entered: 04/08/2003) |
| 04/07/2003 | | Change of Plea Hearing as to Hector Marrero-Diaz held before Judge Juan M. Perez-Gimenez (su) (Entered: 04/08/2003) |
| 04/07/2003 | | PLEA of Guilty: Hector Marrero-Diaz (3) count(s) 1 ; Court accepts plea. (su) (Entered: 04/08/2003) |
| 04/07/2003 | 56 | Minute entry as to Hector Marrero-Diaz : COP held. POG entered as to cnt 1. Deft UC. USM instructed to call MDC and ask them to have a doctor examine deft; mooting [40-1] motion under Rule 12 set Sentencing for 9:00 6/16/03 for Hector Marrero-Diaz before Judge Juan M. Perez-Gimenez Court Reporter: Vazquetelles ( Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | 57 | Plea Agreement with government's version of the facts attached as to Jose A. Perez-Rodriguez (su) (Entered: 04/08/2003) |
| 04/07/2003 | | Change of Plea Hearing as to Jose A. Perez-Rodriguez held before Judge Juan M. Perez-Gimenez (su) (Entered: 04/08/2003) |
| 04/07/2003 | | PLEA of Guilty: Jose A. Perez-Rodriguez (4) count(s) 1 ; Court accepts plea. (su) (Entered: 04/08/2003) |
| 04/07/2003 | 58 | Minute entry as to Jose A. Perez-Rodriguez : COP held. POG entered as to cnt 1. Deft UC. Mooting [40-1] motion under Rule 12 as to Jose A. Perez-Rodriguez (4) set Sentencing for 9:00 6/17/03 for Jose A. Perez-Rodriguez before Judge Juan M. Perez-Gimenez Court Reporter: Vazquetelles ( Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |

| 04/07/2003 | 59 | Plea Agreement with government's version of the facts attached as to Victor Gonzalez-Diaz (su) (Entered: 04/08/2003) |
|---|---|---|
| 04/07/2003 | | PLEA of Guilty: Victor Gonzalez-Diaz (5) count(s) 1 ; Court accepts plea. (su) (Entered: 04/08/2003) |
| 04/07/2003 | 60 | Minute entry as to Victor Gonzalez-Diaz : COP held. POG entered as to cnt 1. Deft UC. Mooting [40-1] motion under Rule 12 as to Victor Gonzalez-Diaz (5) set Sentencing for 9:30 6/13/03 for Victor Gonzalez-Diaz before Judge Juan M. Perez-Gimenez Court Reporter: Vazquetelles ( Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | 61 | Plea Agreement with government's version of the facts attached as to Angel Luis Rivera-Marcano (su) (Entered: 04/08/2003) |
| 04/07/2003 | | PLEA of Guilty: Angel Luis Rivera-Marcano (7) count(s) 1 ; Court accepts plea. (su) (Entered: 04/08/2003) |
| 04/07/2003 | 62 | Minute entry as to Angel Luis Rivera-Marcano : COP held. POG entered as to cnt 1. Deft UC; mooting [40-1] motion under Rule 12 as to Angel Luis Rivera-Marcano (7) set Sentencing for 9:00 6/12/03 for Angel Luis Rivera-Marcano before Judge Juan M. Perez-Gimenez Court Reporter: Vazquetelles ( Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | 63 | Minute entry as to Jesus Rojas-Tapia : reset Jury Trial for 9:00 4/9/03 for Jesus Rojas-Tapia before Judge Juan M. Perez-Gimenez (Clerk) (su) (Entered: 04/08/2003) |
| 04/07/2003 | 64 | ORDER as to ALL DEFENDANTS; USM is ordered upon conviction of defts, be it by a POG or if and when are found guilty after jury trial, to IMMEDIATELY REMOVE defts from the District of PR to an institution in the continental US until Crt orders him to return the defts to PR for imposition of sentences, etc as stated herein. ( Signed by Judge Juan M. Perez-Gimenez ) (su) (Entered: 04/08/2003) |
| 04/07/2003 | 65 | MOTION by Jesus Rojas-Tapia for Determination of Mental Competency to stand trial (su) (Entered: 04/08/2003) |
| 04/07/2003 | 66 | MOTION by Jesus Rojas-Tapia in Limine , and/or to Suppress for lack of reliability in pretrial identification (su) (Entered: 04/08/2003) |
| 04/08/2003 | 68 | Minute entry as to Jesus Rojas-Tapia : In view of deft's mot for mental eval the JT set for 4/9/03 is cont sine die. Ct will issue an order as to deft's mot. terminated deadlines (Clerk) (ft) (Entered: 04/09/2003) |
| 04/09/2003 | 67 | ORDER as to Jesus Rojas-Tapia granting [65-1] motion for Determination of Mental Competency to stand trial as to Jesus Rojas-Tapia (6) ( Signed by Judge Juan M. Perez-Gimenez ) (cm) (Entered: 04/09/2003) |
| 04/15/2003 | 69 | MOTION by USPO as to Orlando Valdes-Cartagena, Jose M. Rojas-Tapia, Hector Marrero-Diaz, Jose A. Perez-Rodriguez, Victor Gonzalez-Diaz, Angel Luis Rivera-Marcano to Continue sentences (ni) (Entered: 04/17/2003) |
| 04/21/2003 | 70 | RESPONSE by USA as to Jesus Rojas-Tapia in opposition to [43-1] motion to Suppress deft's stmt (ni) (Entered: 04/23/2003) |
| 04/21/2003 | 71 | RESPONSE by USA as to Jesus Rojas-Tapia in opposition to [66-1] motion in Limine, [66-2] motion to Suppress for lack of reliability in pretrial identification (ni) (Entered: 04/23/2003) |

| | | |
|---|---|---|
| 04/24/2003 | | ENDORSED ORDER as to defts #1-5 and 7: granting [69-1] motion to Continue sentences. Sentencing date set for 8/10/2003 at 9:00. (Entered by Judge Juan M. Perez-Gimenez) (ni) (Entered: 04/28/2003) |
| 04/25/2003 | 72 | MINUTES of Setting as to Defts #1-5 and 7: set Sentencing hearing on 8/15/03 at 9:00 for Orlando Valdes-Cartagena, at 9:15 for Jose M. Rojas-Tapia, at 9:15 for Hector Marrero-Diaz, at 9:30 for Jose A. Perez-Rodriguez, at 9:45 for Victor Gonzalez-Diaz, and at 10:00 for Angel Rivera-Marcano before Judge Juan M. Perez-Gimenez (Clerk) (ni) (Entered: 04/28/2003) |
| 05/06/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia mooting [49-1] motion requesting leave to conduct examination of prospective jurors or expanded voir dire ( Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 05/06/2003) |
| 05/15/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia mooting [66-1] motion in Limine as to Jesus Rojas-Tapia (6), mooting [66-2] motion to Suppress for lack of reliability in pretrial identification as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 05/15/2003) |
| 05/15/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia mooting [70-1] opposition response ( Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 05/15/2003) |
| 05/15/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia mooting [71-1] opposition response ( Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 05/15/2003) |
| 05/19/2003 | 73 | MOTION by Pedro Goyco as to all defts to request order for defts to be immediately transferred to PR and to be detained at MDC . Response due 6/2/03 (ni) (Entered: 05/20/2003) |
| 05/30/2003 | 74 | ORDER as to Angel Luis Rivera-Marcano Govt to Respond to Motion for [73-1] motion to request order for defts to be immediately transferred to PR and to be detained at MDC by 6/19/03 ( Signed by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 05/30/2003) |
| 06/27/2003 | 75 | RESPONSE by USA as to all defts in opposition to [73-1] motion to request order for defts to be immediately transferred to PR and to be detained at MDC (ni) (Entered: 06/30/2003) |
| 07/17/2003 | 76 | ORDER as to Jesus Rojas-Tapia. Deft is to be brought back from F.D.C. Miami to San Juan, Puerto Rico for mental competency hearing. ( Signed by Judge Juan M. Perez-Gimenez ) (cm) (Entered: 07/17/2003) |
| 07/18/2003 | 77 | REPLY by Pedro Goyco as to Orlando Valdes-Cartagena, Jose M. Rojas-Tapia, Hector Marrero-Diaz, Jose A. Perez-Rodriguez, Victor Gonzalez-Diaz, Jesus Rojas-Tapia, Angel Luis Rivera-Marcano to response to [73-1] motion to request order for defts to be immediately transferred to PR and to be detained at MDC (cm) (Entered: 07/24/2003) |
| 07/23/2003 | 78 | MOTION by Orlando Valdes-Cartagena for Leslie Alvarado Lliteras to Withdraw as Attorney (cm) (Entered: 07/24/2003) |
| 07/30/2003 | 79 | MINUTES of Setting as to defts #1-5, 7: set Sentencing for 8/18/03 at 9:15 for Orlando Valdes-Cartagena, at 9:15 for Jose M. Rojas-Tapia, at 9:30 for Hector Marrero-Diaz, at 9:30 for Jose A. Perez-Rodriguez, at 9:45 for Victor Gonzalez-Diaz, and at 10:00 for Angel Rivera-Marcano before Judge Juan M. Perez-Gimenez (Clerk) (ni) (Entered: 07/30/2003) |

| | | |
|---|---|---|
| 08/04/2003 | 80 | ORDER as to Orlando Valdes-Cartagena, Jose M. Rojas-Tapia, Hector Marrero-Diaz, Jose A. Perez-Rodriguez, Victor Gonzalez-Diaz, Jesus Rojas-Tapia, Angel Luis Rivera-Marcano for USM to return defts to this district for sentencing proceedings on 8/18/03 at 9:00 AM. ( Signed by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 08/04/2003) |
| 08/04/2003 | 81 | PRESENTENCE INVESTIGATION REPORT with transmittal memo (Sealed) as to Jose M. Rojas-Tapia (ft) (Entered: 08/07/2003) |
| 08/05/2003 | 82 | MOTION by Angel Luis Rivera-Marcano to Extend Time to file objs to PSI (ft) (Entered: 08/07/2003) |
| 08/06/2003 | 83 | MINUTES of Setting as to Defts #1-5 and 7: resetting Sentencing for 9:15 8/22/03 for Orlando Valdes-Cartagena, for Jose M. Rojas-Tapia, for Hector Marrero-Diaz, for Jose A. Perez-Rodriguez, for Victor Gonzalez-Diaz, for Angel Luis Rivera-Marcano before Judge Juan M. Perez-Gimenez (Clerk) (ft) (Entered: 08/07/2003) |
| 08/11/2003 | 84 | PRESENTENCE INVESTIGATION REPORT with transmittal memo (Sealed) as to Orlando Valdes-Cartagena (ni) (Entered: 08/12/2003) |
| 08/11/2003 | 85 | PRESENTENCE INVESTIGATION REPORT with transmittal memo (Sealed) as to Jose A. Perez-Rodriguez (ni) (Entered: 08/12/2003) |
| 08/11/2003 | 86 | ***SELECTED PARTIES*** PRESENTENCE INVESTIGATION REPORT with transmittal memo (Sealed) as to Hector Marrero-Diaz (ni) . Modified on 6/26/2020 upload pdf (gav). (Entered: 08/12/2003) |
| 08/12/2003 | 87 | PRESENTENCE INVESTIGATION REPORT with transmittal memo (Sealed) as to Angel Luis Rivera-Marcano (ni) (Entered: 08/13/2003) |
| 08/12/2003 | 88 | PRESENTENCE INVESTIGATION REPORT with transmittal memo (Sealed) as to Victor Gonzalez-Diaz (ni) (Entered: 08/13/2003) |
| 08/18/2003 | | ENDORSED ORDER as to Angel Luis Rivera-Marcano [82-1] motion to Extend Time to file objs to PSI Noted. as to Angel Luis Rivera-Marcano (7) ( Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 08/19/2003) |
| 08/21/2003 | 89 | ORDER as to Jose M. Rojas-Tapia for the USM to remove deft forthwith from the District of Puerto Rico upon being sentenced, etc. (Signed by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 08/21/2003) |
| 08/22/2003 | | Sentencing held before Judge Juan M. Perez-Gimenez Orlando Valdes-Cartagena (1) count(s) 1 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | DISMISSAL of Count(s) on Government Motion as to Orlando Valdes-Cartagena Counts Dismissed: Orlando Valdes-Cartagena (1) count(s) 3 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 90 | Minute entry as to Orlando Valdes-Cartagena : Case called for sentence and imposed. Deft is u/c. Remaining cnts dismissed. SMA $100.00. Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 91 | JUDGMENT Orlando Valdes-Cartagena (1) count(s) 1. Impr for a term of 240 months to be served consecutively to any other sentence that he is presently serving either at the State or the Federal level. SRT 5 years. SMA $100.00. ( Signed by Judge Juan M. Perez-Gimenez ) terminated party Orlando Valdes-Cartagena (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 92 | Order as to Jose M. Rojas-Tapia returning PSI to USPO with acknowlegment of receipt from USPO. (Clerk) (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | Sentencing held before Judge Juan M. Perez-Gimenez Jose M. Rojas-Tapia (2) count(s) 1 (cm) (Entered: 08/27/2003) |

| 08/22/2003 | | DISMISSAL of Count(s) on Court or Defendant Motion as to Jose M. Rojas-Tapia Counts Dismissed: Jose M. Rojas-Tapia (2) count(s) 3 (cm) (Entered: 08/27/2003) |
|---|---|---|
| 08/22/2003 | 93 | Minute entry as to Jose M. Rojas-Tapia : Case called for sentence and imposed. Deft is u/c. SMA $100.00 Remaining cnts dismissed. Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 94 | JUDGMENT Jose M. Rojas-Tapia (2) count(s) 1. Impr for a term of 300 months to be served consecutively to any term of imprisonment previously imposed, either at the State or Federal level. SRT 5 years. SMA $100.00. ( Signed by Judge Juan M. Perez-Gimenez ) terminated party Jose M. Rojas-Tapia (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | Sentencing held before Judge Juan M. Perez-Gimenez Hector Marrero-Diaz (3) count(s) 1 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | DISMISSAL of Count(s) on Court or Defendant Motion as to Hector Marrero-Diaz Counts Dismissed: Hector Marrero-Diaz (3) count(s) 3 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 95 | Minute entry as to Hector Marrero-Diaz : Case called for sentence and imposed. Deft is u/c. SMA $100.00 Remaining cnts dismissed. Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 96 | JUDGMENT Hector Marrero-Diaz (3) count(s) 1. Impr for a term of 240 months to be served consecutively to any term of imprisonment previously imposed either at the State or the Federal level. SRT 5 years. SMA $100.00. Remaining cnt dismissed. ( Signed by Judge Juan M. Perez-Gimenez ) terminated party Hector Marrero-Diaz (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | Sentencing held before Judge Juan M. Perez-Gimenez Jose A. Perez-Rodriguez (4) count(s) 1 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | DISMISSAL of Count(s) on Court or Defendant Motion as to Jose A. Perez-Rodriguez Counts Dismissed: Jose A. Perez-Rodriguez (4) count(s) 3 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 97 | Minute entry as to Jose A. Perez-Rodriguez : Case called for sentence and imposed. Deft is u/c. SMA $100.00. Remaining Cnt dismissed. Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 98 | JUDGMENT Jose A. Perez-Rodriguez (4) count(s) 1. Impr for a term of 240 months to be served consecutively to any other sentence that he is presently serviing, either at the State or Federal level. SRT 5 years. SMA $100.00. ( Signed by Judge Juan M. Perez-Gimenez ) terminated party Jose A. Perez-Rodriguez (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 99 | Order as to Victor Gonzalez-Diaz returning PSI to USPO with acknowlegment of receipt from USPO. (Clerk) (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | Sentencing held before Judge Juan M. Perez-Gimenez Victor Gonzalez-Diaz (5) count(s) 1 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | DISMISSAL of Count(s) on Court or Defendant Motion as to Victor Gonzalez-Diaz Counts Dismissed: Victor Gonzalez-Diaz (5) count(s) 3 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 100 | Minute entry as to Victor Gonzalez-Diaz : Case called for sentence and imposed. Deft is u/c. SMA $100.00 Remaining cnt dismissed. Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 101 | JUDGMENT Victor Gonzalez-Diaz (5) count(s) 1. Impr for a term of 240 months to be served consecutively to any sentence that he is presently serving in the State system or the Federal system. SRT 5 years. SMA $100.00. Remaining cnts dismissed. ( Signed by |

| | | |
|---|---|---|
| | | Judge Juan M. Perez-Gimenez ) terminated party Victor Gonzalez-Diaz (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | Sentencing held before Judge Juan M. Perez-Gimenez Angel Luis Rivera-Marcano (7) count(s) 1 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 102 | Minute entry as to Angel Luis Rivera-Marcano :Case called for sentence and imposed. Deft is u/c. SMA $100.00 Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 08/27/2003) |
| 08/22/2003 | | DISMISSAL of Count(s) on Court or Defendant Motion as to Angel Luis Rivera-Marcano Counts Dismissed: Angel Luis Rivera-Marcano (7) count(s) 2, 3 (cm) (Entered: 08/27/2003) |
| 08/22/2003 | 103 | JUDGMENT Angel Luis Rivera-Marcano (7) count(s) 1. Impr for a term of 300 months to be served consecutively to any term of imprisonment previously imposed, either at the State or Federal level. SRT 5 years. SMA $100.00. Remaining cnts dismissed. ( Signed by Judge Juan M. Perez-Gimenez ) terminated party Angel Luis Rivera-Marcano (cm) (Entered: 08/27/2003) |
| 09/03/2003 | 104 | Informative Motion by USA as to Jose A. Perez-Rodriguez re: Changes in PSI Report have been effected. (cm) (Entered: 09/04/2003) |
| 09/08/2003 | 105 | NOTICE OF APPEAL by Orlando Valdes-Cartagena (1) count(s) 1 Appeal record due on 9/18/03 for Orlando Valdes-Cartagena from [91-1] judgment order Transcript Order Form furnished to appellant. (cm) (Entered: 09/09/2003) |
| 09/08/2003 | 106 | Informative MOTION by Orlando Valdes-Cartagena for Leslie Alvarado-LLiteras to Withdraw as Attorney (cm) (Entered: 09/09/2003) |
| 09/15/2003 | 107 | MINUTES of Setting as to Jesus Rojas-Tapia : set Mental Competency Hearing for 9:30 9/26/03 for Jesus Rojas-Tapia Judge Juan M. Perez-Gimenez (cm) (Entered: 09/16/2003) |
| 09/16/2003 | 108 | Order as to Orlando Valdes-Cartagena returning PSI to USPO with acknowlegment of receipt from USPO. (Clerk) (cm) (Entered: 09/19/2003) |
| 09/16/2003 | 110 | Order as to Hector Marrero-Diaz returning PSI to USPO with acknowlegment of receipt from USPO. (Clerk) (cm) (Entered: 09/19/2003) |
| 09/16/2003 | 109 | Order as to Jose A. Perez-Rodriguez returning PSI to USPO with acknowlegment of receipt from USPO. (Clerk) (cm) (Entered: 09/19/2003) |
| 09/16/2003 | 111 | Order as to Angel Luis Rivera-Marcano returning PSI to USPO with acknowlegment of receipt from USPO. (Clerk) (cm) Modified on 09/19/2003 (Entered: 09/19/2003) |
| 09/18/2003 | 112 | Informative Motion by USA as to Hector Marrero-Diaz re: Changes to PSI Report have been effected. (cm) (Entered: 09/19/2003) |
| 09/23/2003 | 113 | MOTION by Jesus Rojas-Tapia to request order for medical expert to appear at the hearing set for Friday in order in order to examine witness (ni) (Entered: 09/24/2003) |
| 09/23/2003 | 114 | MOTION by Jesus Rojas-Tapia for Discovery (ni) (Entered: 09/24/2003) |
| 09/26/2003 | | Mental Competency Hearing as to Jesus Rojas-Tapia held before Judge Juan M. Perez-Gimenez (ni) (Entered: 09/30/2003) |

| | | |
|---|---|---|
| 09/26/2003 | 115 | Minute entry as to Jesus Rojas-Tapia : Mental competency hearing. Govt is grtd 10 days to file opp to deft's req. for a hrg to contest the findings of the psychologist. Deft is grtd 5 days thereafter to reply. Hrgs on Motions, Dkts #43 and #66 will be held during the trial. Court Reporter: Patricia Garshak ( Judge Juan M. Perez-Gimenez ) (ni) (Entered: 09/30/2003) |
| 10/03/2003 | 116 | Certified and transmitted record on appeal to U.S. Court of Appeals as to Orlando Valdes-Cartagena : [105-1] appeal. Dkt #9,50,51,90,91,105. (ni) (Entered: 10/06/2003) |
| 10/08/2003 | 117 | RESPONSE by USA as to Jesus Rojas-Tapia in opposition to [65-1] motion for Determination of Mental Competency to stand trial (re) (Entered: 10/09/2003) |
| 10/14/2003 | | USCA Case Number as to Orlando Valdes-Cartagena Re: [105-1] appeal USCA Number: 03-2366 (re) (Entered: 10/15/2003) |
| 10/24/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia Response to Motion reset to 11/14/03 for USA for [114-1] motion for Discovery ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 10/24/2003) |
| 10/24/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia mooting [113-1] motion to request order for medical expert to appear at the hearing set for Friday in order in order to examine witness as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 10/24/2003) |
| 10/24/2003 | | ENDORSED ORDER as to Pedro Goyco mooting [73-1] motion to request order for defts to be immediately transferred to PR and to be detained at MDC as to Orlando Valdes-Cartagena (1), Jose M. Rojas-Tapia (2), Hector Marrero-Diaz (3), Jose A. Perez-Rodriguez (4), Victor Gonzalez-Diaz (5), Jesus Rojas-Tapia (6), Angel Luis Rivera-Marcano (7) ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 10/24/2003) |
| 10/24/2003 | | ENDORSED ORDER as to Orlando Valdes-Cartagena mooting [78-1] motion for Leslie Alvarado Lliteras to Withdraw as Attorney as to Orlando Valdes-Cartagena (1) ( Entered by Judge Juan M. Perez-Gimenez ) (np) (Entered: 10/24/2003) |
| 10/30/2003 | 118 | CJA 20 Authorization to pay Victor P. Miranda-Corrada for defendant Angel Luis Rivera-Marcano , Amount: $ 3,486.21 Voucher # 031029000005 ( Signed by Judge Juan M. Perez-Gimenez ) (cm) (Entered: 11/10/2003) |
| 11/03/2003 | 119 | ARREST WARRANT Returned Executed as to Victor Gonzalez-Diaz on 1/27/03 (cm) (Entered: 11/17/2003) |
| 11/17/2003 | 120 | MINUTES of Setting as to Jesus Rojas-Tapia : set Status Conference for 8:45 11/21/03 for Jesus Rojas-Tapia before Judge Juan M. Perez-Gimenez (CLERK) (cm) (Entered: 11/18/2003) |
| 11/20/2003 | 121 | RESPONSE by USA as to Jesus Rojas-Tapia in opposition to [114-1] motion for Discovery (cm) (Entered: 11/24/2003) |
| 11/21/2003 | | Status conference as to Jesus Rojas-Tapia held before Judge Juan M. Perez-Gimenez (cm) (Entered: 12/08/2003) |
| 12/04/2003 | 122 | CJA 20 Authorization to pay Benito I. Rodriguez-Masso for defendant Jose M. Rojas-Tapia , Amount: $ 8,029.24 Voucher # 0310028000154 ( Signed by Judge Juan M. Perez-Gimenez ) (cm) (Entered: 12/08/2003) |
| 12/04/2003 | 123 | CJA 20 Authorization to pay Ivan Dominguez-Perez for defendant Victor Gonzalez-Diaz , Amount: $ 5,400.00 Voucher # 030909000001 ( Signed by Judge Juan M. Perez-Gimenez ) (cm) (Entered: 12/08/2003) |

| | | |
|---|---|---|
| 12/05/2003 | 124 | MOTION by Jesus Rojas-Tapia to Seal Document(s) (cm) (Entered: 12/08/2003) |
| 12/05/2003 | 125 | SEALED DOCUMENT as to Jesus Rojas-Tapia (cm) (Entered: 12/08/2003) |
| 12/08/2003 | 126 | Minute entry as to Jesus Rojas-Tapia : S/C held on 11/21/03. Parties informed the Ct that they are ready for trial set Jury Trial for 9:00 1/12/04 for Jesus Rojas-Tapia before Judge Juan M. Perez-Gimenez Court Reporter: Bo Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 12/08/2003) |
| 12/09/2003 | 127 | Informative Motion by Pedro Goyco re: Writ of Habeas Corpus Ad Prosequendum has been served as to deft Jose Manuel Rojas Tapia. (cm) (Entered: 12/11/2003) |
| 12/12/2003 | 128 | JUDGMENT OF USCA (certified copy),issued as Informal Mandate , as to Orlando Valdes-Cartagena Re: [105-1] appeal Voluntarily Dismissed (cm) (Entered: 12/18/2003) |
| 12/12/2003 | | Record on Appeal as to Orlando Valdes-Cartagena returned from U.S. Court of Appeals: [105-1] appeal by Orlando Valdes-Cartagena; All Vols received. (cm) (Entered: 12/18/2003) |
| 12/17/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia granting [124-1] motion to Seal Document(s) as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (cm) (Entered: 12/18/2003) |
| 12/17/2003 | | ENDORSED ORDER as to Jesus Rojas-Tapia granting [125-1] document(s) as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (cm) (Entered: 12/18/2003) |
| 12/17/2003 | 129 | NOTICE of Appearance for USA by Attorney Irene Feldman (cm) (Entered: 12/18/2003) |
| 12/18/2003 | | Case sent to File for new volume. (cm) (Entered: 12/18/2003) |
| 12/23/2003 | 130 | MOTION by Jesus Rojas-Tapia to Seal Document(s) (cm) (Entered: 12/23/2003) |
| 12/23/2003 | 131 | SEALED DOCUMENT as to Jesus Rojas-Tapia (cm) (Entered: 12/23/2003) |
| 12/23/2003 | 132 | MOTION by Jesus Rojas-Tapia for 404(b) disclosure , and for Hearing on its admissibility . Response due 1/5/04 (ni) (Entered: 12/29/2003) |
| 12/29/2003 | 133 | Judgment Returned Executed as to Jose A. Perez-Rodriguez ; on 12/16/03 (ni) (Entered: 12/30/2003) |
| 12/30/2003 | 134 | MINUTES of Setting as to Jesus Rojas-Tapia : set Jury Trial for 9:00 1/13/04 for Jesus Rojas-Tapia before Judge Juan M. Perez-Gimenez (ni) (Entered: 12/31/2003) |
| 01/05/2004 | | ENDORSED ORDER as to Jesus Rojas-Tapia granting [132-1] motion for 404(b) disclosure as to Jesus Rojas-Tapia (6), [132-2] motion for Hearing on its admissibility as to Jesus Rojas-Tapia (6) ( Entered by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 01/07/2004) |
| 01/05/2004 | 135 | SEALED ORDER as to Jesus Rojas-Tapia ( Signed by Judge Juan M. Perez-Gimenez ) (ni) (Entered: 01/07/2004) |
| 01/08/2004 | 136 | Judgment Returned Executed as to Victor Gonzalez-Diaz ; on 12/19/03 (ni) (Entered: 01/09/2004) |
| 01/09/2004 | 137 | NOTICE of intent to present expert testimony, by Victor Gonzalez-Diaz (ni) (Entered: 01/12/2004) |
| 01/09/2004 | 138 | Motion req. specific Voir Dire, by Victor Gonzalez-Diaz (ni) (Entered: 01/12/2004) |
| 01/09/2004 | 139 | MOTION by Jesus Rojas-Tapia to Continue JT (ni) (Entered: 01/12/2004) |

| 01/12/2004 | 140 | NOTICE of intent to use expert witness at trial, by USA as to Jesus Rojas-Tapia (ni) (Entered: 01/15/2004) |
|------------|-----|---|
| 01/12/2004 | 141 | MOTION by Jesus Rojas-Tapia to request order to eliminate items from designation of evidence (ni) (Entered: 01/15/2004) |
| 01/13/2004 | | Jury Impaneled and Sworn as to Jesus Rojas-Tapia (6) count(s) 1, 2, 3 Terminated motions [141-1] motion to request order to eliminate items from designation of evidence as to Jesus Rojas-Tapia (6), [139-1] motion to Continue JT as to Jesus Rojas-Tapia (6), [114-1] motion for Discovery as to Jesus Rojas-Tapia (6), [106-1] motion for Leslie Alvarado-LLiteras to Withdraw as Attorney as to Orlando Valdes-Cartagena (1) (ni) (Entered: 01/15/2004) |
| 01/13/2004 | | Jury trial as to Jesus Rojas-Tapia held before Judge Juan M. Perez-Gimenez (ni) (Entered: 01/15/2004) |
| 01/13/2004 | 142 | Jury list as to Jesus Rojas-Tapia (ni) (Entered: 01/15/2004) |
| 01/13/2004 | | MOTION in open court by Jesus Rojas-Tapia to Suppress photo identification (ni) (Entered: 01/15/2004) |
| 01/13/2004 | 143 | Minute entry as to Jesus Rojas-Tapia : Case called for JT. Jury impanelled and sworn. Preliminary instructions given to jury. cont. Jury Trial for 9:00 1/15/04 for Jesus Rojas-Tapia before Judge Juan M. Perez-Gimenez , Motion Hearing set for 2:00 1/14/04 for Jesus Rojas-Tapia for [0-0] oral motion to Suppress photo identification Court Reporter: B. Vazquetelles ( Judge Juan M. Perez-Gimenez ) (ni) (Entered: 01/15/2004) |
| 01/14/2004 | | Motion hearing held as to Jesus Rojas-Tapia re: [0-0] oral motion to Suppress photo identification (cm) (Entered: 01/16/2004) |
| 01/14/2004 | 144 | Minute entry as to Jesus Rojas-Tapia :Case called for suppression hrg. Arguments heard. Govt't Exhs 1-14 admitted. denying [0-0] oral motion to Suppress photo identification as to Jesus Rojas-Tapia (6) Court Reporter: Boabdil Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 01/16/2004) |
| 01/15/2004 | | Jury trial as to Jesus Rojas-Tapia held before Judge Juan M. Perez-Gimenez (cm) (Entered: 01/16/2004) |
| 01/15/2004 | 145 | Minute entry as to Jesus Rojas-Tapia : Case called for further JT. Testimony on behalf of Govt heard. Govt's Exhs 1-17 admitted. set Jury Trial for 9:30 1/16/04 for Jesus Rojas-Tapia before Judge Juan M. Perez-Gimenez Court Reporter: Bo Vazquetelles ( Judge Juan M. Perez-Gimenez ) (cm) (Entered: 01/16/2004) |
| 01/16/2004 | 146 | Minute Entry for proceedings held before Judge Juan M Perez-Gimenez :Jury Trial as to Jesus Rojas-Tapia held on 1/16/2004. Testimony on behalf of govt heard. Voir Dire begun on 1/16/2004, Jury Trial cont. for 1/20/2004 09:30 AM before Juan M Perez-Gimenez. Govt's exh 18-26 admitted. (Court Reporter B. Vazquetelles.) (ni, ) (Entered: 01/21/2004) |
| 01/20/2004 | 147 | STIPULATION TO JURY re: testimonies of FBI Special Agent Mary Katherine Harmke, PRPD Agent Ernesto Gonzalez Soto and Sgt. Luis A. La Salle, and of Dept. of Corrections Sgt. Omar Ramos, by USA and Jesus Rojas-Tapia. (li, ) (Entered: 01/21/2004) |
| 01/20/2004 | 148 | Minute Entry for proceedings held before Judge Juan M Perez-Gimenez :Fourth Day of Jury Trial as to Jesus Rojas-Tapia held on 1/20/2004. Further testimony on behalf of the government heard. Exhs. 27-36, 39, 41-51, admitted. (Court Reporter Boabdil Vazquetelles.) (li, ) (Entered: 01/21/2004) |

| 01/21/2004 | 149 | STIPULATION TO JURY as to the testimony of FBI Special Agent Jeffrey Schroeder. PRPD Capt. Eliezer Colon Flores and PRPD Agent Ferdinande De Jesus Sepulveda, by USA and Jesus Rojas-Tapia. (li, ) (Entered: 01/22/2004) |
|---|---|---|
| 01/21/2004 | 150 | STIPULATION TO JURY as to the testimony of firearms examiners Amado B. Ravelo and Carlos Rivera Perez, by USA and Jesus Rojas-Tapia.(li, ) (Entered: 01/22/2004) |
| 01/21/2004 | 151 | Final Jury Instructions filed by Jesus Rojas-Tapia (li, ) (idg). (Entered: 01/22/2004) |
| 01/21/2004 | 152 | Final Jury Instructions filed by the government.(li, ) (idg). (Entered: 01/22/2004) |
| 01/21/2004 | 153 | Minute Entry for proceedings held before Judge Juan M Perez-Gimenez :Fifth Day of Jury Trial as to Jesus Rojas-Tapia held on 1/21/2004. Further testimony on behalf of the government. Hrg. on deft.'s motion to suppress identification held. Testimony heard and motion denied. Both the govt. and the deft. rest. Deft. argues his motion under Rule 29. Motion denied. Govt.'s exhs. 52-55, admitted. (Court Reporter Boabdil Vazquetelles.) (li, ) Modified on 1/22/2004 (li, ). Modified applicable party on 11/1/2018 (idg). (Entered: 01/22/2004) |
| 01/22/2004 | 154 | Minute Entry for proceedings held before Judge Juan M Perez-Gimenez :Sixth Day of Jury Trial as to Jesus Rojas-Tapia held on 1/22/200. Closing arguments and final jury instructions delivered. After deliberations guilty verdict brought as to counts one, two and three. Special verdict brought as to count three. Set Sentencing for 5/6/2004 09:00 AM in PG's Courtroom before Juan M Perez-Gimenez. (Court Reporter Boabdil Vazquetelles.) (li, ) Modified applicable party on 11/1/2018 (idg). (Entered: 01/22/2004) |
| 01/22/2004 | 155 | One Jury Note as to Jesus Rojas-Tapia (li, ) (gav). (Entered: 01/22/2004) |
| 01/22/2004 | 156 | JURY VERDICT as to Jesus Rojas-Tapia (6) Guilty on Counts 1, 2 and 3. (li, ) (gav). (Entered: 01/22/2004) |
| 01/22/2004 | 157 | SPECIAL JURY VERDICT as to count three as to Jesus Rojas Tapia (6) re: a firearm was brandished during and in relation to a crime of violence. (li, ) (gav). (Entered: 01/22/2004) |
| 01/26/2004 | 158 | ORDER filing jury instructions as to Jesus Rojas-Tapia . Signed by Judge Juan M Perez-Gimenez on 1/22/04. (ni, ) Modified applicable party on 11/1/2018 (idg). (Entered: 01/26/2004) |
| 01/27/2004 | 159 | Judgment Returned Executed as to Orlando Valdes-Cartagena on 1/7/04. (ni, ) (Entered: 01/29/2004) |
| 01/27/2004 | 160 | Judgment Returned Executed as to Angel Luis Rivera-Marcano on 1/6/04. (ni, ) (Entered: 01/29/2004) |
| 02/03/2004 | 161 | Judgment Returned Executed as to Hector Marrero-Diaz on 1/21/04. (cm, ) (Entered: 02/04/2004) |
| 04/07/2004 | 163 | Minute Entry as to Jesus Rojas-Tapia(Clerk): Sentencing set for 05/06/04 is continued for 5/14/2005 @ 09:30 AM before USDJ Juan M. Perez-Gimenez. (li, ) (Entered: 04/07/2004) |
| 04/15/2004 | 164 | Second MOTION Requesting Order *payment for expert* by Jesus Rojas-Tapia. (Mariani-Franco, Raul) (Entered: 04/15/2004) |
| 04/22/2004 | 165 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Jesus Rojas-Tapia (cm, ) (Entered: 04/23/2004) |
| 04/29/2004 | 166 | Minute Entry (Clerk): By Order of the Court the Sentencing Hearing set for 05/14/04 is hereby RESET for 05/21/2004 @ 9:15 AM before USDJ Juan M. Perez-Gimenez. (li, ) |

| | | |
|---|---|---|
| | | (Entered: 04/29/2004) |
| 05/05/2004 | 167 | MOTION Requesting Order for Transcripts without pre-payment of fees by Victor Gonzalez-Diaz, PRO SE. (cm, ) (Entered: 05/06/2004) |
| 05/21/2004 | 168 | Minute Entry for proceedings held before Judge Juan M Perez-Gimenez. Attys. present: AUSA Irene Feldman for the govt. and Raul Mariani Franco for the deft.Sentencing held on 5/21/2004 for Jesus Rojas-Tapia (6). Deft.'s request for a downward departure based on USSG 5K2.13 (diminished capacity) is denied. Deft. sentenced as follows: Counts 1 and 2: 365 months each, concurrent with each other and consecutive to count 3. SRT of 5 years each, concurrent with each other and with count 3. Count 3: 84 months consecutive to counts 1 and 2. SRT of 5 years, concurrent with counts 1 and 2. Total SMA $300. The deft. is advised of his right to appeal. (li, ) (Entered: 05/24/2004) |
| 05/21/2004 | 169 | JUDGMENT as to Jesus Rojas-Tapia (6): Count 1, 365 months, concurrent with count 2 and consecutive to count 3. SRT of 5 years, concurrent with counts 2 and 3. SMA $100.; Count 2, 365 months, concurrent with count 1 and consecutive to count 3. SRT of 5 years, concurrent with counts 1 and 3. SMA $100.; Count 3, 84 months consecutive to counts 1 and 2. SRT of 5 years, concurrent with counts 1 and 2. SMA $100. (Total SMA $300.00). All terms and conditions are in the judgment form. Signed by Judge Juan M Perez-Gimenez on 5/21/04. (li, ) (Entered: 05/24/2004) |
| 05/27/2004 | 170 | NOTICE OF APPEAL by Jesus Rojas-Tapia Appeal Record due by 6/7/2004. (Mariani-Franco, Raul) (Entered: 05/27/2004) |
| 06/09/2004 | 171 | Order Returning PSI to USPO as to Jesus Rojas-Tapia w/acknowledgement of receipt. . Signed by Clerk on 6/7/04. (ni, ) (Entered: 06/09/2004) |
| 06/09/2004 | 172 | ORDER granting 164 Motion Requesting Order as to Jesus Rojas-Tapia (6). Signed by Judge Juan M Perez-Gimenez on 06/09/04. (mt, ) (Entered: 06/09/2004) |
| 06/15/2004 | 173 | ORDER granting 167 Motion Requesting Order as to Victor Gonzalez-Diaz (5). Signed by Judge Juan M Perez-Gimenez on 6/14/04. (mt, ) (Entered: 06/15/2004) |
| 06/23/2004 | 174 | Certified and Transmitted Record on Appeal as to Jesus Rojas-Tapia to US Court of Appeals re 170 Notice of Appeal - Final Judgment [Dkts. 1-173, 125,131,135,162 (Sealed)] (xi, ) (Entered: 06/23/2004) |
| 06/25/2004 | 175 | ORDER as to Jesus Rojas-Tapia re 164 Second MOTION Requesting payment for expert; Order: THE COURT REQUESTS THE UNITED STATES ATTORNEY'S OFFICE TO PAY DR. RAMOS DUCHATEAU THE AMOUNT OF $2,850.00 FOR PROFESSIONAL SERVICES RENDERED ON CRIMINAL CASE NO. 03-19(PG), TO DEFENDANT JESUS ROJAS TAPIA, PURSUANT TO THE PROVISIONS OF SECTION 4241 AND 4242 OF TITLE 18 U.S.C. Signed by Judge Juan M. Perez-Gimenez on 6/25/04. (mt, ) (Entered: 06/25/2004) |
| 08/17/2004 | 176 | USCA Case Number as to Jesus Rojas-Tapia 04-1846 for 170 Notice of Appeal - Final Judgment filed by Jesus Rojas-Tapia. (xi, ) (Entered: 08/17/2004) |
| 09/01/2004 | 177 | INFORMATIVE motion *(concerning payment of defense expert)* by USA as to Jesus Rojas-Tapia. (Feldman, Irene) (Entered: 09/01/2004) |
| 09/27/2004 | 178 | Judgment Returned Executed as to Jesus Rojas-Tapia on 8/19/2004. (mm, ) (Entered: 09/28/2004) |
| 10/07/2004 | 179 | ORDER granting 177 Informative Motion as to Jesus Rojas-Tapia (6).Signed by Judge Juan M. Perez-Gimenez on 10/07/04.(mt, ) (Entered: 10/07/2004) |

| | | |
|---|---|---|
| 11/16/2004 | 180 | Certified Copy of Order from USCA as to Jesus Rojas-Tapia on 11/5/04; The court directs C/R B. Vazquetelles to produce the transcript by 11/19/04, or to show cause by 11/19/04 why he has failed to produce the transcript. (xi, ) (Entered: 11/16/2004) |
| 12/21/2004 | 181 | Certified Copy of Order from USCA as to Jesus Rojas-Tapia on 12/9/04; B. Vazquetelles is directed to show cause, in writing, on or before 12/23/04 why he should not be held in contempt. (xi, ) (Entered: 12/21/2004) |
| 02/03/2005 | 182 | TRANSCRIPT of Proceedings for Sentence as to Jesus Rojas-Tapia held on 5/21/04 before Judge Perez-Gimenez. Court Reporter: B. Vazquetelles. (ni, ) (Entered: 02/04/2005) |
| 02/08/2005 | 183 | Transmitted Supplemental Record on Appeal as to Jesus Rojas-Tapia re 170 Notice of Appeal - Final Judgment (Dkt. 182/transcript) (xi, ) (Entered: 02/08/2005) |
| 02/10/2005 | 184 | TRANSCRIPT of Proceedings of JT as to Jesus Rojas-Tapia held on 1/13/04 before Judge Perez-Gimenez. Court Reporter: B. Vazquetelles. (ni, ) (Entered: 02/11/2005) |
| 02/10/2005 | 185 | TRANSCRIPT of Proceedings Further JT as to Jesus Rojas-Tapia held on 1/15/04 before Judge Perez-Gimenez. Court Reporter: B. Vazquetelles. (ni, ) (Entered: 02/11/2005) |
| 02/10/2005 | 186 | TRANSCRIPT of Proceedings Suppression Hearing as to Jesus Rojas-Tapia held on 1/14/04 before Judge Perez-Gimenez. Court Reporter: B. Vazquetelles. (ni, ) (Entered: 02/11/2005) |
| 02/15/2005 | 187 | Transmitted Supplemental Record on Appeal as to Jesus Rojas-Tapia re 170 Notice of Appeal - Final Judgment (Dkts. 184-186/transcripts) (xi, ) (Entered: 02/15/2005) |
| 02/17/2005 | 188 | TRANSCRIPT of Proceedings for further JT as to Jesus Rojas-Tapia held on 1/16/04 before Judge Perez-Gimenez. Court Reporter: B. Vazquetelles. (ni, ) (Entered: 02/18/2005) |
| 02/17/2005 | 189 | TRANSCRIPT of Proceedings for further JT as to Jesus Rojas-Tapia held on 1/20/04 before Judge Perez-Gimenez. Court Reporter: B. Vazquetelles. (ni, ) (Entered: 02/18/2005) |
| 02/17/2005 | 190 | TRANSCRIPT of Proceedings for further JT as to Jesus Rojas-Tapia held on 1/21/04 before Judge Perez-Gimenez. Court Reporter: B. Vazquetelles. (ni, ) (Entered: 02/18/2005) |
| 02/17/2005 | 191 | TRANSCRIPT of Proceedings for further JT as to Jesus Rojas-Tapia held on 1/22/04 before Judge Perez-Gimenez. Court Reporter: B. Vazquetelles. (ni, ) (idg). (Entered: 02/18/2005) |
| 02/22/2005 | 192 | Transmitted Supplemental Record on Appeal as to Jesus Rojas-Tapia re 170 Notice of Appeal - Final Judgment [Dkts. 165 (PSR) & 188-191 (Transcripts)]? (xi, ) (Entered: 02/22/2005) |
| 08/31/2005 | 193 | TRANSCRIPT of Proceedings of Mental Competency Hearing as to Jesus Rojas-Tapia held on 9/26/03 before Judge Perez-Gimenez. Court Reporter: Patricia Garshak. (ni, ) (Entered: 09/01/2005) |
| 09/01/2005 | 194 | Transmitted Supplemental Record on Appeal as to Jesus Rojas-Tapia re 170 Notice of Appeal - Final Judgment [Docket Entry 193 (Transcript)] (xi, ) (Entered: 09/01/2005) |
| 02/06/2006 | 195 | MOTION for prosecution to Show Cause, by Orlando Valdes-Cartagena Pro Se. (ni ) (Entered: 02/08/2006) |
| 03/02/2006 | 196 | ORDER denying 195 Motion for Order to Show Cause as to Orlando Valdes-Cartagena (1). Signed by Judge Juan M. Perez-Gimenez on 3/1/06. (mt, ) (s/c: O. Valdez on |

| | | |
|---|---|---|
| | | 3/3/2006) (ni, ). (Entered: 03/02/2006) |
| 07/13/2006 | 197 | MANDATE of USCA (certified copy) as to Jesus Rojas-Tapia re 170 Notice of Appeal - Final Judgment; AFFIRMED. (xi, ) (Entered: 07/13/2006) |
| 07/13/2006 | | Appeal Record Returned as to Jesus Rojas-Tapia: 170 Notice of Appeal - Final Judgment (Record, transcripts #182,184-186,188-191,193 recv's) MISSING: Sealed dkts. 125,131,135,162. (xi, ) (Entered: 07/13/2006) |
| 09/14/2006 | 198 | Copy of MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 06-cv-1915 (PG).) by Orlando Valdes-Cartagena. (Attachments: # 1 Memorandum of Law in Support)(cm, ) (Entered: 09/19/2006) |
| 02/09/2007 | 199 | TRANSCRIPT of Proceedings of Change of Plea as to Orlando Valdes-Cartagena held on April 7, 2003 before Judge Juan M. Perez-Gimenez. Court Reporter: Boabdil Vazquetelles. (jp, ) (Entered: 02/12/2007) |
| 02/09/2007 | 200 | TRANSCRIPT of Proceedings of Sentencing Hearing as to Orlando Valdes-Cartagena held on August 22, 2003 before Judge Juan M. Perez-Gimenez. Court Reporter: Boabdil Vazquetelles. (jp, ) (Entered: 02/12/2007) |
| 02/13/2007 | | *****Transcripts #199 & #200 sent to Judge for Civil Case #06-1915 (PG).******* (xi, ) (Entered: 02/13/2007) |
| 04/16/2007 | 201 | MOTION to Reduce Sentence by Angel Luis Rivera-Marcano, Pro Se. (Attachments: # 1 Envelope)(jms, ) (Entered: 04/17/2007) |
| 05/10/2007 | 202 | ORDER Denied. The defendant was sentenced within the Guideline Imprisonment range determined as to Count One only. re 201 Motion to Reduce Sentence as to Angel Luis Rivera-Marcano (7) . Signed by Judge Juan M Perez-Gimenez on 5/10/07. (mt, ) (Entered: 05/10/2007) |
| 02/14/2008 | | Appeal Record Returned as to Jesus Rojas-Tapia: 170 Notice of Appeal - Final Judgment (Sealed dkts. #125,131,135,162 RECV'D) RE: 174 (xi) (Entered: 07/14/2010) |
| 08/01/2008 | 203 | MOTION Requesting Order to be transferred to State Prison by Jose A. Perez-Rodriguez, Pro Se. (Attachments: # 1 Envelope)(jms) (Entered: 08/04/2008) |
| 08/05/2008 | 204 | ORDER denying 203 Motion Requesting Order as to Jose A. Perez-Rodriguez (4). The Court refers Mr Perez-Rodriguez to the Bureau of Prisons and the Department of Corrections of PR to resolve this matter.(Signed by Judge Juan M Perez-Gimenez on 8/5/2008) (ja) (Entered: 08/05/2008) |
| 03/26/2009 | 205 | COPY OF JUDGMENT 2255 as to Orlando Valdes-Cartagena re 198 Copy of MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 06-cv-1915 (PG).) filed by Orlando Valdes-Cartagena, Motions terminated as to Orlando Valdes-Cartagena: 198 Copy of MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 06-cv-1915 (PG).) filed by Orlando Valdes-Cartagena. Signed by Judge Juan M Perez-Gimenez on 3/26/2009.(cm) (Entered: 03/27/2009) |
| 10/09/2009 | 206 | MOTION for Leave to Proceed in Forma Pauperis by Jose M. Rojas-Tapia, pro se. (Attachments: # 1 Affidavit in Support)(cm) (Entered: 10/13/2009) |
| 10/09/2009 | 207 | MOTION for Return of Property/PostTrial by Jose M. Rojas-Tapia, pro se. (Attachments: # 1 Memorandum in Support, # 2 Envelope)(cm) (Entered: 10/13/2009) |
| 10/14/2009 | 208 | ORDER granting 206 Motion for Leave to Proceed in Forma Pauperis as to Jose M. Rojas-Tapia (2)Signed by Judge Juan M Perez-Gimenez on 10/14/2009. (mt) (Entered: 10/14/2009) |

| 10/14/2009 | 209 | ORDER denying 207 Motion for Return of Property/PostTrial as to Jose M. Rojas-Tapia (2)Signed by Judge Juan M Perez-Gimenez on 10/14/2009. (mt) (Entered: 10/14/2009) |
|---|---|---|
| 10/27/2009 | 210 | MOTION for Reconsideration re 207 MOTION for Return of Property/PostTrial filed by Jose M. Rojas-Tapia by Jose M. Rojas-Tapia, pro se. (Attachments: # 1 Envelope)(cm) (Entered: 10/27/2009) |
| 11/04/2009 | 211 | ORDER denying 210 Motion for Reconsideration as to Jose M. Rojas-Tapia (2)Signed by Judge Juan M Perez-Gimenez on 11/3/2009. (mt) (Entered: 11/04/2009) |
| 11/17/2009 | 212 | NOTICE OF APPEAL by Jose M. Rojas-Tapia re 209 Order on Motion for Return of Property/PostTrial, 211 Order on Motion for Reconsideration. (Attachments: # 1 Envelope)(cm) (Entered: 11/20/2009) |
| 11/17/2009 | 213 | MOTION Requesting Transcripts by Jose M. Rojas-Tapia, pro se. (cm) (Entered: 11/20/2009) |
| 12/08/2009 | 214 | Certified and Transmitted Record on Appeal as to Jose M. Rojas-Tapia to US Court of Appeals re 212 Notice of Appeal - Final Judgment (Copies of dkts. 9,...,206-213) s/c: Jose M. Rojas-Tapia, Reg. # 18233-069, SHU Basement, USP Lewisburg, P.O. Box 1000, Lewisburg, PA 17837. (xi) (Entered: 12/08/2009) |
| 12/11/2009 | 215 | USCA Case Number as to Jose M. Rojas-Tapia 09-2678 for 212 Notice of Appeal - Final Judgment filed by Jose M. Rojas-Tapia. (xi) (Entered: 12/11/2009) |
| 05/06/2010 | 216 | JUDGMENT of USCA (certified copy) as to Jose M. Rojas-Tapia 212 Notice of Appeal; SUMMARILY AFFIRMED. (xi) (Entered: 05/06/2010) |
| 07/01/2010 | 217 | MANDATE of USCA (certified copy) as to Jose M. Rojas-Tapia re 212 Notice of Appeal - Final Judgment; SUMMARILY AFFIRMED. (xi) (Entered: 07/01/2010) |
| 07/14/2010 | | Appeal Record Returned as to Jose M. Rojas-Tapia: 212 Notice of Appeal - Final Judgment (Copies of dkts. 9,...,206-213 received) RE: 214 , 217 , 216 .(xi) (Entered: 07/14/2010) |
| 10/26/2010 | 218 | ORDER finding as moot 213 Motion Requesting Transcript as to Jose M. Rojas-Tapia (2)Signed by Judge Juan M Perez-Gimenez on 10/26/2010. (ja) (Entered: 10/26/2010) |
| 11/05/2010 | 219 | Mail Returned as Undeliverable. Mail re-sent to Jose M. Rojas-Tapia at new BOP location. (cm) (Entered: 11/08/2010) |
| 10/04/2012 | 220 | MOTION requesting copy of docket sheet by Jesus Rojas-Tapia, pro-se. (Attachments: # 1 Envelope)(cm) (Entered: 10/05/2012) |
| 11/01/2012 | 221 | ORDER denying 220 Motion requesting copy of docket sheet as to Jesus Rojas-Tapia (6). Signed by Judge Juan M Perez-Gimenez on 10/31/2012. (cm) (Entered: 11/01/2012) |
| 03/11/2013 | 222 | MOTION Requesting Status of Transcripts re 173 Order on Motion Requesting Order, and requesting documents in forma pauperis filed by Victor Gonzalez-Diaz, pro se. (Attachments: # 1 Envelope) (xi) (Entered: 03/12/2013) |
| 03/14/2013 | 223 | ORDER as to Victor Gonzalez-Diaz re 222 MOTION Requesting Order re 173 Order on Motion Requesting Order filed by Victor Gonzalez-Diaz **This matter is to be attended to by the Clerk's Office.** Signed by Judge Juan M Perez-Gimenez on 3/14/2013.(ja) (Entered: 03/14/2013) |
| 04/29/2013 | 224 | MOTION Requesting Status of Transcript Requested and requesting copies of various documents by Victor Gonzalez-Diaz, pro-se. (Attachments: # 1 Envelope)(cm) (Entered: 05/01/2013) |

| | | |
|---|---|---|
| 05/08/2013 | 225 | ORDER denying 224 Motion as to Victor Gonzalez-Diaz (5)Signed by Judge Juan M Perez-Gimenez on 5/6/2013. (ja) (Entered: 05/08/2013) |
| 07/27/2015 | 226 | NOTICE OF ATTORNEY APPEARANCE: Myriam Y. Fernandez-Gonzalez appearing for USA. (Fernandez-Gonzalez, Myriam) (Entered: 07/27/2015) |
| 07/27/2015 | 227 | MOTION Requesting Order *Authorizing the Destruction of Certain Property* by USA as to Jose A. Perez-Rodriguez (4) (4), Angel Luis Rivera-Marcano (7), Jesus Rojas-Tapia (6), Jose M. Rojas-Tapia (2), Orlando Valdes-Cartagena (1), Hector Marrero-Diaz (3), Victor Gonzalez-Diaz (5). Suggestions in opposition/response due by 8/13/2015 (Attachments: # 1 Text of Proposed Order)(Fernandez-Gonzalez, Myriam) (Entered: 07/27/2015) |
| 12/09/2015 | 228 | ORDER granting 227 Motion Requesting Order as to Orlando Valdes-Cartagena, et al,. Order to be entered. Signed by Judge Juan M. Perez-Gimenez on 12/9/2015. (om) (Entered: 12/09/2015) |
| 12/09/2015 | 229 | ORDER as to Orlando Valdes-Cartagena (1), et al., re 227 Motion Requesting Order, filed by USA Signed by Judge Juan M. Perez-Gimenez on 12/9/2015.(om) (Entered: 12/09/2015) |
| 06/27/2016 | 230 | MOTION to Vacate under 28 U.S.C. 2255 Pursuant to Johnson v. U.S. by Jesus Rojas-Tapia (6), pro se. (Attachments: # 1 Envelope)(mr)<br>Civil case 3:16-cv-02213-PG opened. (Entered: 06/28/2016) |
| 06/27/2017 | 231 | MOTION Requesting Sentencing Transcripts by Hector Marrero-Diaz (3)pro se. Responses due by 7/11/2017. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(gav) (Entered: 06/28/2017) |
| 06/22/2018 | 232 | MOTION Requesting Transcripts, MOTION for Requesting Order for Documents by Hector Marrero-Diaz (3) Pro se. Responses due by 7/6/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(gav) (Entered: 06/22/2018) |
| 09/19/2018 | 233 | ORDER as to Hector Marrero-Diaz (3) denying 231 Motion Requesting Transcript; denying 232 Motion Requesting Transcript. Signed by Judge Juan M. Perez-Gimenez on 9/19/2018. (om) (Entered: 09/19/2018) |
| 11/01/2018 | 234 | NOTICE OF ATTORNEY APPEARANCE: Franco Lorenzo Perez-Redondo appearing for Jesus Rojas-Tapia (Perez-Redondo, Franco) (Entered: 11/01/2018) |
| 11/01/2018 | 235 | MOTION Requesting Order *Granting Access to Record Documents* by Jesus Rojas-Tapia. Responses due by 11/15/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 11/01/2018) |
| 11/01/2018 | 236 | ORDER granting 235 Motion Requesting Order Granting Access to Record Documents as to Jesus Rojas-Tapia (6). Documents must be scanned and placed in this case for counsel to have access to review it. Documents 155, 156, and 157 could have the signature of a jury member. Therefore, before being placed on the case, documents shall be redacted. Docket nos. 153 , 154 , and 158 are already available for counsel to review it. Signed by Judge Juan M. Perez-Gimenez on 11/01/2018. (om) (Entered: 11/01/2018) |
| 08/27/2019 | 237 | ORDER terminating 230 Motion to Vacate (2255) as to Jesus Rojas-Tapia (6) as per docket 33 in 16-cv-2213-PG.Signed by Judge Juan M. Perez-Gimenez on 8/27/19. (cmd) (Entered: 08/27/2019) |

| | | |
|---|---|---|
| 04/24/2020 | 238 | MOTION for Release from Custody by Hector Marrero-Diaz (3), Pro se. Responses due by 5/8/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(gav) (Entered: 04/28/2020) |
| 06/10/2020 | 239 | MOTION Requesting Order for Compassionate Release by Hector Marrero-Diaz (3), Pro se. Responses due by 6/24/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(gav) (Entered: 06/10/2020) |
| 06/11/2020 | 240 | NOTICE OF ATTORNEY APPEARANCE: Corinne Cordero-Romo appearing for USA. for the Compassionate Release of Hector Marrero-Diaz. (Cordero-Romo, Corinne) Modified on 6/12/2020 change italics (gav). (Entered: 06/11/2020) |
| 06/25/2020 | 241 | MOTION for Extension of Time until July 10, 2020 to Respond by USA as to Hector Marrero-Diaz. Responses due by 7/9/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Cordero-Romo, Corinne) (Entered: 06/25/2020) |
| 07/09/2020 | 242 | ***SELECTED PARTIES***RESPONSE in Opposition to Defendant's Motion to Reduce Sentence by USA as to Hector Marrero-Diaz re 239 MOTION Requesting Order . (Attachments: # 1 Exhibit 1)(Cordero-Romo, Corinne) Modified on 7/10/2020 edit text (gav). (Entered: 07/09/2020) |
| 07/09/2020 | 243 | MOTION to Restrict Document by USA as to Hector Marrero-Diaz. Responses due by 7/23/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Cordero-Romo, Corinne) (Entered: 07/09/2020) |
| 07/13/2020 | 244 | ORDER as to Hector Marrero-Diaz (3) denying 238 Motion for Release from Custody; denying 239 Motion Requesting Order; finding as moot 241 Motion for Extension of Time; granting 243 Motion to Restrict. For the reasons stated by the Government at ECF No. 242, defendant's request to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is DENIED. Signed by Judge Juan M. Perez-Gimenez on 7/13/2020. (om) (Entered: 07/13/2020) |
| 07/24/2020 | 245 | MOTION Requesting Transcripts by Jose M. Rojas-Tapia (2), Pro se. Responses due by 8/7/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Memorandum in Support of Motion, # 2 Exhibit, # 3 Envelope)(gav) (Additional attachment(s) added on 7/27/2020: # 4 Certificate of Service) (gav). (Entered: 07/27/2020) |
| 07/31/2020 | 246 | CLERK'S NOTICE OF DEFECTIVE PLEADING as to Victor Gonzalez-Diaz (5). Lacks proper signature. (Notice sent to filer by regular mail.) (Attachments: # 1 Motion, # 2 Envelope)(gav) (Entered: 07/31/2020) |
| 08/11/2020 | 247 | CLERK'S NOTICE OF DEFECTIVE PLEADING as to Victor Gonzalez-Diaz (5). Lacks proper signature. (Notice sent to filer by regular mail.) (Attachments: # 1 Exhibit, # 2 Envelope)(mcm) (Entered: 08/11/2020) |
| 08/25/2020 | 248 | MOTION to Appoint Counsel by Victor Gonzalez-Diaz (5), Pro se. Responses due by 9/8/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(gav) (Additional attachment(s) added on 8/26/2020: # 2 Exhibit) (gav). (Entered: 08/26/2020) |
| 08/28/2020 | 249 | MOTION to Reduce Sentence under 18 USC 3852, MOTION to Appoint Counsel ( Responses due by 9/11/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically.) by Victor Gonzalez-Diaz (5), Pro se. (Attachments: # 1 Envelope)(gav) (Entered: 08/28/2020) |

| | | |
|---|---|---|
| 09/08/2020 | 250 | RESPONSE in Opposition to Defendant's Motion at ECF 248 by USA as to Victor Gonzalez-Diaz (Hutchins, John) Modified on 9/9/2020 to add docket relationship (mcm). (Entered: 09/08/2020) |
| 09/11/2020 | 251 | MOTION for Extension of Time by USA as to Victor Gonzalez-Diaz. Responses due by 9/25/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Hutchins, John) (Entered: 09/11/2020) |
| 09/11/2020 | 252 | ORDER granting 251 Motion for Extension of Time as to Victor Gonzalez-Diaz (5). Signed by Judge Juan M. Perez-Gimenez on 9/11/2020. (om) (Entered: 09/11/2020) |
| 01/29/2021 | 253 | MEMORANDUM OF THE CLERK: This case having been previously assigned to the docket of Judge Juan M. Perez-Gimenez, now deceased, it has been reassigned to the docket of Judge Gustavo A. Gelpi. Signed by Clerk on 01/29/2021. (ft) (Entered: 01/29/2021) |
| 01/29/2021 | 254 | ORDER denying 245 Motion Requesting Transcript as to Jose M. Rojas-Tapia (2)Signed by Judge Gustavo A. Gelpi on 1/29/2021. (sc) (Entered: 01/29/2021) |
| 02/01/2021 | 255 | ORDER granting 248 Motion to Appoint Counsel as to Victor Gonzalez-Diaz (5). The FPD's Office is appointed to assist the defendant. Signed by Judge Gustavo A. Gelpi on 2/1/2021. (sc) (Entered: 02/01/2021) |
| 02/01/2021 | 256 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Victor Gonzalez-Diaz (5) Eric A. Vos for Victor Gonzalez-Diaz appointed. Signed by Judge Gustavo A. Gelpi on 2/1/2021.(sc) (Entered: 02/01/2021) |
| 02/01/2021 | 257 | ORDER denying 249 Motion to Reduce Sentence as to Victor Gonzalez-Diaz (5); finding as moot 249 Motion to Appoint Counsel as to Victor Gonzalez-Diaz (5). The compassionate release motion is generic and does not even proffer compelling and extraordinary circumstances. Signed by Judge Gustavo A. Gelpi on 2/1/2021. (sc) (Entered: 02/01/2021) |
| 07/02/2021 | 258 | MOTION to Withdraw as Attorney by Corinne Cordero-Romo. by USA as to Hector Marrero-Diaz. Responses due by 7/16/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Cordero-Romo, Corinne) (Entered: 07/02/2021) |
| 07/02/2021 | 259 | ORDER: Granting 258 Motion to Withdraw as Attorney by Corinne Cordero-Romo withdrawn from case No.03-19 as to Hector Marrero-Diaz (3). Signed by Judge Gustavo A. Gelpi on 07/02/2021. (mb) (Entered: 07/02/2021) |
| 08/25/2021 | 260 | ***SELECTED PARTIES*** NOTICE of Defective Filing by Angel Luis Rivera-Marcano (7), Pro Se. Lacks proper signature. Documents presented to the court in paper require a handwritten signature. L.Civ.R. 11. (Attachments: # 1 Motion (Not Signed), # 2 Medical Information, # 3 Exhibit, # 4 Envelope). (mg) (Entered: 08/25/2021) |
| 09/24/2021 | 261 | ***WITHDRAWN AS PER ORDER 299*** ***SELECTED PARTIES***MOTION for Compassionate Release - 18 U.S.C. Section 3582(c)(1)(A) by Angel Luis Rivera-Marcano (7) as to Angel Luis Rivera-Marcano (7), Pro Se. (Attachments: # 1 Medical Documents, # 2 Exhibit, # 3 Envelope). (mg) Modified on 4/19/2023 (rim). (Entered: 10/01/2021) |
| 10/12/2021 | 262 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Angel Luis Rivera-Marcano (7) Eric Vos for Angel Luis Rivera-Marcano (7) appointed. Signed by Judge Gustavo A. Gelpi on 10/12/2021.(sc) (Entered: 10/12/2021) |
| 03/21/2022 | 263 | MEMORANDUM OF THE CLERK as to Angel Luis Rivera-Marcano (7): In view of the appointment of Judge Gustavo A. Gelpi to the U.S. Court of Appeals for the First Circuit, |

| | | |
|---|---|---|
| | | this defendant has been randomly reassigned to the docket of Judge Raul M. Arias-Marxuach. Signed by Clerk on 03/21/2022. (ft) (Entered: 03/21/2022) |
| 03/28/2022 | 264 | ORDER as to Angel Luis Rivera-Marcano (7) re 261 Motion for Compassionate Release - 18 U.S.C. Section 3582(c)(1)(A). The Federal Public Defender shall provide a status report by **April 8, 2022**. Signed by Judge Raul M. Arias-Marxuach on 3/28/2022. (nat) (Entered: 03/28/2022) |
| 03/30/2022 | 265 | NOTICE OF ATTORNEY APPEARANCE: Isabel A. Mattina-Leal appearing for Angel Luis Rivera-Marcano (7) (Mattina-Leal, Isabel) (Entered: 03/30/2022) |
| 04/08/2022 | 266 | INFORMATIVE Motion regarding Status of the Case by Angel Luis Rivera-Marcano (7). Responses due by 4/22/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 04/08/2022) |
| 04/13/2022 | 267 | ORDER as to Angel Luis Rivera-Marcano (7): The 266 Informative Motion regarding Status of the Case is noted and granted. **Further Status Report due by May 9, 2022.** Signed by Judge Raul M. Arias-Marxuach on 4/13/2022. (gyr) (Entered: 04/13/2022) |
| 04/18/2022 | 268 | INFORMATIVE Motion regarding Status from the FPD by Angel Luis Rivera-Marcano (7), pro se. Responses due by 5/2/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(ecc) (Entered: 04/19/2022) |
| 04/20/2022 | 269 | ORDER as to Angel Luis Rivera-Marcano (7): The 268 Informative Motion is noted. Signed by Judge Raul M. Arias-Marxuach on 4/20/2022. (gyr) (Entered: 04/20/2022) |
| 05/19/2022 | 270 | ORDER as to Angel Luis Rivera-Marcano (7): Defendant's counsel failed to comply with the motion at ECF No. 267 which required a further status report by **May 9, 2022**. The Court sua sponte extends the deadline until **May 31, 2022**. Failure to comply with this revised deadline may result in the imposition of sanctions. **Further Status Report due by 5/31/2022.** Signed by Judge Raul M. Arias-Marxuach on 5/19/2022. (gyr) (Entered: 05/19/2022) |
| 05/31/2022 | 271 | INFORMATIVE Motion regarding Status Report by Angel Luis Rivera-Marcano (7). Responses due by 6/14/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 05/31/2022) |
| 06/02/2022 | 272 | ORDER as to Angel Luis Rivera-Marcano (7): The 271 Informative Motion is noted. **Further Status Report due by 7/5/2022.** Signed by Judge Raul M. Arias-Marxuach on 6/2/2022. (gyr) (Entered: 06/02/2022) |
| 06/08/2022 | 273 | MOTION to Restrict Document by USA as to Angel Luis Rivera-Marcano (7). Responses due by 6/22/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Amy, Marie) (Entered: 06/08/2022) |
| 06/08/2022 | 274 | ***SELECTED PARTIES***RESPONSE to Motion *for Compassionate Release* filed by USA as to Angel Luis Rivera-Marcano (7) re 261 MOTION for Compassionate Release - 18 U.S.C. Section 3582(c)(1)(A) filed by Angel Luis Rivera-Marcano (Attachments: # 1 Exhibit Exhibit A (Medical Records))(Amy, Marie) (Entered: 06/08/2022) |
| 06/09/2022 | 275 | ORDER granting 273 Motion to Restrict as to Angel Luis Rivera-Marcano (7). Signed by Judge Raul M. Arias-Marxuach on 6/9/2022. (gyr) (Entered: 06/09/2022) |
| 07/05/2022 | 276 | INFORMATIVE Motion regarding Status Report by Angel Luis Rivera-Marcano (7). Responses due by 7/19/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 07/05/2022) |

| | | |
|---|---|---|
| 07/07/2022 | 277 | ORDER as to Angel Luis Rivera-Marcano (7): The 276 Informative Motion regarding Status Report is noted and granted. **Further Status Report due by August 5, 2022.** Signed by Judge Raul M. Arias-Marxuach on 7/7/2022. (gyr) (Entered: 07/07/2022) |
| 08/08/2022 | 278 | INFORMATIVE Motion regarding Status of the Case by Angel Luis Rivera-Marcano (7). Responses due by 8/22/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 08/08/2022) |
| 08/09/2022 | 279 | ORDER noted 278 Informative Motion as to Angel Luis Rivera-Marcano (7). Further status report due by **September 8, 2022**. Signed by Judge Raul M. Arias-Marxuach on 8/9/2022. (nat) (Entered: 08/09/2022) |
| 09/08/2022 | 280 | INFORMATIVE Motion regarding Status Report by Angel Luis Rivera-Marcano. Responses due by 9/22/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 09/08/2022) |
| 09/09/2022 | 281 | ORDER noted and granted 280 Informative Motion as to Angel Luis Rivera-Marcano (7). **Further status report due by October 8, 2022.** Signed by Judge Raul M. Arias-Marxuach on 9/9/2022. (nat) (Entered: 09/09/2022) |
| 10/13/2022 | 282 | ORDER as to Angel Luis Rivera-Marcano (7). Petitioner failed to comply with the order at CM/ECF 281 by the 10/8/2022 deadline. The Court grants a sua sponte extension. **Status report due by October 21, 2022.** Failure to comply may result in the imposition of sanctions. Signed by Judge Raul M. Arias-Marxuach on 10/13/2022. (nat) (Entered: 10/13/2022) |
| 10/21/2022 | 283 | INFORMATIVE Motion regarding Status Report by Angel Luis Rivera-Marcano (7). Responses due by 11/4/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 10/21/2022) |
| 10/24/2022 | 284 | ORDER noted and granted 283 Informative Motion as to Angel Luis Rivera-Marcano (7). Signed by Judge Raul M. Arias-Marxuach on 10/24/2022. (nat) (Entered: 10/24/2022) |
| 11/07/2022 | 285 | MOTION to Withdraw as Attorney *and requesting Order to the Clerk of the Court that no further fillings in this case be notified to the undersigned attorney* by RAUL S. MARIANI FRANCO. by Jesus Rojas-Tapia (6). Responses due by 11/21/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mariani-Franco, Raul) (Entered: 11/07/2022) |
| 11/08/2022 | 286 | MEMORANDUM OF THE CLERK as to Jesus Rojas-Tapia (6): This defendant, previously assigned to Judge Gustavo A. Gelpi, appointed to the U.S. Court of Appeals for the First Circuit, has been reassigned to the docket of Judge Jay A. Garcia-Gregory, who presides over case 16-cv-02213-JAG. Signed by Clerk on 11/08/202. (ft) (Entered: 11/08/2022) |
| 11/09/2022 | 287 | ORDER granting 285 Motion to Withdraw as Attorney. Raul S. Mariani-Franco withdrawn from case. as to Jesus Rojas-Tapia (6). Signed by Judge Jay A. Garcia-Gregory on 11/9/2022. (su) (Entered: 11/09/2022) |
| 12/06/2022 | 288 | ORDER as to Angel Luis Rivera-Marcano (7). The AFPD shall file a status report by **December 13, 2022**. Signed by Judge Raul M. Arias-Marxuach on 12/6/2022. (nat) (Entered: 12/06/2022) |
| 12/16/2022 | 289 | INFORMATIVE Motion regarding Status Report by Angel Luis Rivera-Marcano (7). Responses due by 12/30/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 12/16/2022) |

| 12/19/2022 | 290 | ORDER noted and granted [289](#) Informative Motion as to Angel Luis Rivera-Marcano (7). **Further status report due by January 15, 2023.** Signed by Judge Raul M. Arias-Marxuach on 12/19/2022. (nat) (Entered: 12/19/2022) |
|---|---|---|
| 01/20/2023 | 291 | ORDER as to Angel Luis Rivera-Marcano (7): Defendant failed to comply with the Court's order at CM/ECF 34 which required a further status report by January 15, 2023. **The Court sua sponte grants an extension until January 31, 2023. Failure to comply with this order may result in the imposition of sanctions.** Signed by Judge Raul M. Arias-Marxuach on 1/20/2023. (mr) (Entered: 01/20/2023) |
| 01/20/2023 | [292](#) | INFORMATIVE Motion regarding Status Report by Angel Luis Rivera-Marcano (7). Responses due by 2/3/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 01/20/2023) |
| 01/24/2023 | 293 | ORDER granting [292](#) Informative Motion as to Angel Luis Rivera-Marcano (7). Motion for compassionate release due by **February 19, 2023**. Signed by Judge Raul M. Arias-Marxuach on 1/24/2023. (nat) (Entered: 01/24/2023) |
| 02/16/2023 | [294](#) | MOTION for Extension of Time to File document *Motion for Compassionate Release* by Angel Luis Rivera-Marcano (7). Responses due by 3/3/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 02/16/2023) |
| 02/21/2023 | 295 | ORDER granting [294](#) Motion for Extension of Time to File as to Angel Luis Rivera-Marcano (7). Motion for compassionate release due by **March 20, 2023**. Signed by Judge Raul M. Arias-Marxuach on 2/21/2023. (nat) (Entered: 02/21/2023) |
| 03/22/2023 | [296](#) | MOTION for Extension of Time to File document *Motion for Compassionate Release* by Angel Luis Rivera-Marcano (7). Responses due by 4/5/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 03/22/2023) |
| 03/23/2023 | 297 | ORDER granting [296](#) Motion for Extension of Time to File as to Angel Luis Rivera-Marcano (7). **Motion due by April 14, 2023.** Signed by Judge Raul M. Arias-Marxuach on 3/23/2023. (nat) (Entered: 03/23/2023) |
| 04/17/2023 | [298](#) | INFORMATIVE Motion regarding Withdrawal of Motion for Compassionate Release by Angel Luis Rivera-Marcano (7). Responses due by 5/1/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 04/17/2023) |
| 04/19/2023 | 299 | ORDER granting [298](#) Motion to Withdraw Compassionate Release Motion as to Angel Luis Rivera-Marcano (7). The [261](#) Motion for Compassionate Release - 18 U.S.C. Section 3582(c)(1)(A) is deemed withdrawn. Signed by Judge Raul M. Arias-Marxuach on 4/19/2023. (nat) (Entered: 04/19/2023) |
| 07/07/2023 | [300](#) | MOTION Requesting Order: production of documents by Jose M. Rojas-Tapia (2), pro se. Responses due by 7/21/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # [1](#) Envelope)(rim) (Entered: 07/11/2023) |
| 07/11/2023 | 301 | MEMORANDUM OF THE CLERK as to Jose M. Rojas-Tapia (2): This defendant having been previously assigned to Judge Gustavo A. Gelpi, appointed to the U.S. Court of Appeals for the First Circuit, has been reassigned to the docket of Judge Daniel R. Dominguez, who presides over cases 99-cr-309-DRD and 99-cr-385-DRR. Signed by Clerk on 07/11/2023. (ft) (Entered: 07/11/2023) |

| 07/27/2023 | 302 | ORDER denying 300 Motion Requesting Order as to Jose M. Rojas-Tapia (2). Signed by Judge Daniel R. Dominguez on 07/27/2023. (amr) (Entered: 07/27/2023) |
| --- | --- | --- |
| 08/01/2023 | 303 | INFORMATIVE Motion regarding Death of Person Under Supervision by Hector Marrero-Diaz (3). Responses due by 8/15/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rodriguez, Deni) (Entered: 08/01/2023) |
| 08/02/2023 | 304 | ORDER noted 303 Informative Motion as to Hector Marrero-Diaz (3). Signed by Chief Judge Raul M. Arias-Marxuach on 8/2/2023. (nat) (Entered: 08/02/2023) |
| 08/07/2023 | 305 | MOTION to Withdraw as Attorney *AFPD* by Isabel D. Mattina-Leal. by Angel Luis Rivera-Marcano (7). Responses due by 8/21/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Mattina-Leal, Isabel) (Entered: 08/07/2023) |
| 08/08/2023 | 306 | ORDER granting 305 Motion to Withdraw as Attorney. Federal Public Defender Office and AFPD Isabel A. Mattina-Leal withdrawn from case as to Angel Luis Rivera-Marcano (7). Signed by Judge Raul M. Arias-Marxuach on 8/8/2023. (nat) (Entered: 08/08/2023) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 12/19/2024 14:13:59 | | |
| **PACER Login:** | LermanCA1 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:03-cr-00019-DRD |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

**[1] ORLANDO VALDES-CARTAGENA**
**aka Conde**
**(Counts One and Three),**
**[2] JOSE M. ROJAS TAPIA aka Gordi**
**(Counts One and Three),**
**[3] HECTOR MARRERO-DIAZ**
**aka Plata**
**(Counts One and Three),**
**[4] JOSE A. PEREZ-RODRIGUEZ**
**(Counts One and Three),**
**[5] VICTOR GONZALEZ-DIAZ**
**(Counts One and Three),**
**[6] JESUS ROJAS-TAPIA aka Buho**
**(All Counts), and**
**[7] ANGEL LUIS RIVERA MARCANO,**
**(All Counts),**

Defendants.

**I N D I C T M E N T**

CRIMINAL NO. 03 - *019 (PG)*

VIOLATIONS:

(THREE COUNTS)

Title 49, <u>United States Code</u>,
Section 46502(a)(1)(A)(2)(A)
Title 18, <u>United States Code</u>,
Sections 924(c)(1)(A)(ii) and 2

RECEIVED & FILED
2003 JAN 16 PM 5:34
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

**THE GRAND JURY CHARGES:**

### COUNT ONE
[Title 49, <u>United States Code</u>, Section 46502(a)(1)(A)(2)(A)]
(Conspiracy to Commit Armed Aircraft Piracy)

On or about December 27, 2002, the exact date unknown to the Grand Jury, up to and including December 30, 2002, in the District of Puerto Rico, and within the jurisdiction of this Court,

**[1] ORLANDO VALDES-CARTAGENA aka Conde,**
**[2] JOSE M. ROJAS TAPIA aka Gordi,**

*INDICTMENT*
United States v. Orlando Valdes-Cartagena, et al.
*Page 2*

**[3]  HECTOR MARRERO-DIAZ aka Plata,**
**[4]  JOSE A. PEREZ-RODRIGUEZ,**
**[5]  VICTOR GONZALEZ-DIAZ,**
**[6]  JESUS ROJAS-TAPIA aka Buho,**
and
**[7]  ANGEL LUIS RIVERA MARCANO,**

the defendants herein, did conspire, confederate and agree together with others, and with diverse

other persons to the Grand Jury known and unknown, to commit an offense against the United

States, that is, to seize or exercise control of an aircraft, in the special aircraft jurisdiction of the

United States, as that term is defined in Section 46501(2), of Title 49, United States Code, by force,

violence, threat of force or violence, or any form of intimidation, and with wrongful intent, to wit:

by threatening the pilot of an aircraft, at gunpoint, and forcing him to land the aircraft to aid in the

escape of inmates from "Las Cucharas", a maximum security prison, in violation of Title 49, United

States Code, Section 46502(a)(1)(A)(2)(A).

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of this conspiracy and to effect and accomplish the objects of the same, one

or more of the defendants and conspirators, among others, committed, in Puerto Rico, the following

overt acts:

1.     On or about December 27-28, 2002, an unknown female coconspirator telephoned

Caribbean Helicopter Incorporated, to reserve a helicopter to be used for a trip to the Ponce area.

2.     On or about December 30, 2002, at approximately 9:15 a.m., coconspirators **[5]**

**JESUS ROJAS-TAPIA aka Buho,** and **[6]  ANGEL LUIS RIVERA MARCANO,** arrived at Isla

Grande airport and boarded the helicopter.

**Appendix 39**

*INDICTMENT*
United States v. Orlando Valdes-Cartagena, et al.
*Page 3*

3.     On or about December 30, 2002, in the morning, the exact time unknown, and while in flight, coconspirators **[5] JESUS ROJAS-TAPIA aka Buho,** and **[6] ANGEL LUIS RIVERA MARCANO,** threatened the pilot of the helicopter, at gunpoint, and forced him to land the aircraft at " Las Cucharas", a maximum security prison.

4.     On or about December 30, 2002, in the morning, the exact time unknown, coconspirators **[1] ORLANDO VALDES-CARTAGENA aka Conde, [2] JOSE M. ROJAS TAPIA aka Gordi, [3] HECTOR MARRERO-DIAZ aka Plata, [4] JOSE A. PEREZ-RODRIGUEZ,** and **[5] VICTOR GONZALEZ-DIAZ,** boarded the helicopter and escaped from " Las Cucharas", a maximum security prison.

Counts Two and Three herein are re-alleged and incorporated in full as overt acts in furtherance of this conspiracy.   All in violation of Title 49, <u>United States Code</u>, Section 46502(a)(1)(A)(2)(A).

**<u>COUNT TWO</u>**
[Title 49, <u>United States Code</u>, Section 46502(a)(1)(A)(2)(A)]
(Armed Aircraft Piracy)

On or about December 30, 2002, in the District of Puerto Rico, and within the jurisdiction of this Court,

*6* [8] **JESUS ROJAS-TAPIA aka Buho,**
and
*7* **[6] ANGEL LUIS RIVERA MARCANO,**

the defendants herein, aiding and abetting each other, and other persons to the Grand Jury known and unknown, did knowingly, willfully, unlawfully and intentionally, seize or exercise control of an aircraft, in the special aircraft jurisdiction of the United States, as that term is defined in Section

*I N D I C T M E N T*
United States v. Orlando Valdes-Cartagena, et al.
*Page 4*

46501(2), of Title 49, United States Code, by force, violence, threat of force or violence, or any form

of intimidation, and with wrongful intent, to wit: by threatening the pilot of an aircraft, at gunpoint,

and forcing him to land the aircraft to aid in the escape of inmates from " Las Cucharas", a maximum

security prison, all in violation of Title 49, United States Code, Section 46502(a)(1)(A)(2)(A), and

Title 18, United States Code, Section 2.

## COUNT THREE
[Title18, United States Code, Section 924(c)]
( Use of Firearms)

On or about December 30, 2002, in the District of Puerto Rico, and within the jurisdiction

of this Court,

**[1]  ORLANDO VALDES-CARTAGENA aka Conde,**
**[2]  JOSE M. ROJAS TAPIA aka Gordi,**
**[3]  HECTOR MARRERO-DIAZ aka Plata,**
**[4]  JOSE A. PEREZ-RODRIGUEZ,**
**[5]  VICTOR GONZALEZ-DIAZ,**
**[6]  JESUS ROJAS-TAPIA aka Buho,**
and
**[7]  ANGEL LUIS RIVERA MARCANO,**

the defendants herein, aiding and abetting each other, and others to the Grand Jury unknown, did

knowingly, willfully, intentionally and unlawfully, possess, brandish, use or carry firearms, as that

term is defined in Section 921(a)(3), of Title 18, United States Code, that is, one .9mm Glock

semiautomatic pistol, one .9mm Taurus semiautomatic pistol, and one .357 Smith & Wesson

revolver, in furtherance of, or during and in relation to a crime of violence, as that term is defined

in Section 924(c)(3), of Title 18, United States Code, to wit: conspiracy to commit aircraft piracy,

as set forth in Count One herein, which is an offense for which the defendant may be prosecuted in

*I N D I C T M E N T*
United States v. Orlando Valdes-Cartagena, et al.
*Page 5*

a Court of the United States as a violation to Title 49, <u>United States Code</u>, Section

46502(a)(1)(A)(2)(A), all in violation of Title18, <u>United States Code</u>, Section 924(c)(1)(A)(ii) and

2.

TRUE BILL

_____
FOREPERSON   1/16/03.

H.S. GARCIA
United States Attorney

_____
Sonia I. Torres
Assistant United States Attorney
Chief, Criminal Division

_____
Edwin O. Vazquez-Berrios
Assistant United States Attorney
Deputy Chief, Criminal Division

_____
Irene C. Feldman
Assistant United States Attorney

Date:  1/16/03

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

Scheduled Time: 9:30
Starting Time: 9:40
Ending Time: 13:45

**MINUTES OF PROCEEDINGS**

HONORABLE JUAN M. PEREZ-GIMENEZ

COURTROOM DEPUTY: Lida Isis EGELE          DATE:   January 22, 2004

COURT REPORTER: Boabdil VAZQUETELLES       **CR NO: 03-019-06 (PG)**

COURT INTERPRETER:   Annie FLORES

===================================================================

UNITED STATES OF AMERICA                Attorneys: AUSA Irene FELDMAN

vs.

JESUS ROJAS TAPIA                       Raúl MARIANI FRANCO

===================================================================

CASE CALLED FOR SIXTH DAY OF JURY TRIAL.   The government and the defendant make their closing arguments to the jury.  The Court delivers the final jury instructions.  The alternate jurors are excused and the jury instructed to select their Foreperson.   At 11:45 the jury starts deliberations.  The US Marshal is instructed to provide lunch to the jury.

At 13:30 hours a **guilty verdict** is brought by the jury as to counts one, two and three, and a **special verdict** was brought as to count three.  The jury is polled and they all answered in the affirmative.  The jury is excused.  The verdicts were ordered recorded.

**Sentence is set for May 6, 2004, at 9:00 a.m.**

Lida Isis Egelé
Courtroom Deputy Clerk

s/c:   Jury Clerk

Appendix 43

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA    \*
              \*

     Plaintiff    \*
              \*

     v.    \*    **03-CR-019-06 (PG)**
              \*

JESUS ROJAS TAPIA    \*
              \*

     Defendant    \*
              \*

-------------------------------------------------\*

## V E R D I C T

**WE THE JURY** find defendant JESUS ROJAS TAPIA

   <u>Guilty</u>    as to Count One of the indictment,

   <u>Guilty</u>    as to Count Two of the indictment and

   <u>Guilty</u>    as to Count Three of the indictment.


   1/22/04
Date                             Foreperson

RECEIVED AND FILED
2004 JAN 22 PH 5: 56
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR




Appendix 44

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA          \*
                                  \*
    Plaintiff              \*
                                  \*
    v.                     \*          03-CR-019-06 (PG)
                                  \*
JESUS ROJAS TAPIA                 \*
                                  \*
    Defendant              \*
                                  \*
------------------------------------------------\*

## SPECIAL VERDICT FORM
## COUNT THREE

If you find defendant JESUS ROJAS TAPIA guilty in Count Three of the indictment, then you must answer the following question:

Do you unanimously agree, by proof beyond a reasonable doubt, that as to Count Three of the indictment a firearm was brandished during and in relation to a crime of violence, to wit: conspiracy to commit aircraft piracy as charged in Count One and aircraft piracy as charged in Count Two.

_____X_____ Yes                    _____ No

_____1/22/04_____                  _____
Date                               Foreperson

RECEIVED & FILED

'04 JAN 26  AM 8 07

CLERK'S OFFICE
U S DISTRICT COURT
SAN JUAN, P.R.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,          *
                                   *
          Plaintiff,               *
                                   *
               v.                  *     CRIMINAL NO. 03-019(PG)
                                   *
JESUS ROJAS-TAPIA,                 *
                                   *
          Defendant.               *
_____    *

## O R D E R

The Court hereby files the <u>instructions</u> given in the above captioned case after having discussed them with the attorneys of record.  This text must be checked against the record for departures from the strict text of the charge.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 22, 2004.


                                   _____
                                   JUAN M. PEREZ-GIMENEZ
                                   U. S. District Judge



## GOVERNMENT'S PROPOSED INSTRUCTION #1

### Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions as to what verdict you should return—that is a matter entirely for you to decide.

First Circuit Court of Appeals Jury Instruction 3.01.



## REASONABLE DOUBT

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So, the presumption of innocence alone is sufficient to acquit a defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to act upon it.

The jury will remember that a defendant is never to be convicted on mere suspicion nor conjecture, or speculation.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So, if you, jurors, after careful and impartial consideration of all the evidence in the case, have a reasonable doubt, it means then that you would hesitate to act and find the defendant(s) guilty of the charge(s); therefore, you must find him/her not guilty. If you, jurors, view the evidence in the case as reasonable permitting

Reasonable Doubt                                                    2.


either of two conclusions -- one of not guilty, the other of guilty
-- the jury should of course adopt the conclusion of not guilty.

    If you, jurors, find the defendant(s) guilty beyond a
reasonable doubt, then, of course, you would not hesitate to act and
reach a conclusion of guilty.

### GOVERNMENT'S PROPOSED INSTRUCTION #4

### What Is Not Evidence

Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)   Anything that I have excluded from evidence and instructed you to disregard is not evidence. You must not consider such items.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5)   The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendant has had an indictment filed against him is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

First Circuit Court of Appeals Jury Instruction 3.08.



## GOVERNMENT'S PROPOSED INSTRUCTION #5

### What Is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

[A stipulation means simply that the government and the defendant accepts the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.]

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proved such reasonable inferences as you believe are justified in the light of experience.

First Circuit Court of Appeals Jury Instruction 3.04.



### GOVERNMENT'S PROPOSED INSTRUCTION #6

**Kinds of Evidence: Direct and Circumstantial**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Court of Appeals Jury Instruction 3.05.

## GOVERNMENT'S PROPOSED INSTRUCTION #7

### Credibility of Witnesses (First Circuit)

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Court of Appeals Jury Instruction 3.06.

The fact that a witness is employed by the Government as a law enforcement agent, does not, by itself, entitle such witness' testimony to be given more weight or credence than that of any other witness.  You are to judge the credibility of **all** witnesses fairly and reasonably, and you are to consider any interest whatever that each of them may have in the outcome of the case in determining the weight to be given to their testimony.

The Government has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness be free from doubt as to the correctness of the identification. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may find [him] [her] guilty. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.




**GOVERNMENT'S PROPOSED INSTRUCTION #10**

**Cautionary Instruction: Defendant's Right Not to Testify**

The defendant has a constitutional right not to testify and therefore no inference of guilt, or of anything else, may be drawn from the fact that defendant did not testify. For any of you to indulge such an inference would be most improper; indeed, it would be a violation of your oath as a juror.

First Circuit Court of Appeals Jury Instruction 3.03.

Appendix 56

## CONSPIRACY TO COMMIT ARMED AIRCRAFT PIRACY

Defendant is accused of conspiring to commit a federal crime—specifically, the crime of armed aircraft piracy, Count One. It is against federal law to conspire with someone to commit this crime. For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt.

> First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to seize or exercise control of an aircraft, in the special aircraft jurisdiction of the United States, by force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent;

> Second, that the defendant knowingly and willfully joined in that agreement; and

> Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

"Special aircraft jurisdiction of the United States" is defined (in pertinent part) to include any of the following aircraft in flight: (A) a civil aircraft of the United States; and/or another aircraft in the United States [Title 49, United States Code, Section 46501(2)].

"Aircraft piracy" is defined as the seizing or exercising control of an aircraft in the special aircraft jurisdiction of the United States by force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent (Title 49, United States Code, Section 46502(a)(1)(A)].

The helicopter registration Number N747CH is an aircraft in the special aircraft jurisdiction of the United States.



**GOVERNMENT'S PROPOSED INSTRUCTION # 15**

**Definitions of "Conspiracy" and "Willfully"**

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that a defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a

conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An "overt act" is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.

Further, the government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

First Circuit Court of Appeals Jury Instruction 4.03.

Appendix 59

**ARMED AIRCRAFT PIRACY,**
**(T.49, USC, §46502(a)(1)(A)(2)(A)**

Defendant is accused of Armed Aircraft Piracy. For you to find the defendant guilty of armed aircraft piracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, on December 30, 2002, the defendant herein, aided and abetted by other persons, did seize or exercise control of an aircraft, in the special aircraft jurisdiction of the United States;

<u>Second</u>, the defendant in doing so used force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent; and

<u>Third</u>, that the defendant acted knowingly, willfully, unlawfully and intentionally.


The helicopter registration number N747CH is an aircraft in the special aircraft jurisdiction of the United States.

Appendix 60

## USE OF FIREARMS (FIRST CIRCUIT)

Defendant is accused in Count Three of using or carrying a firearm during and in relation to armed aircraft piracy. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things:

> <u>First</u>, defendant committed the crime of armed aircraft piracy, described in Count Two; and

> <u>Second</u>, during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.

To "carry" a firearm during and in relation to a crime means to move or transport the firearm on one's person or in a vehicle or container during and in relation to the crime. It need not be immediately accessible. To "use" a firearm during and in relation to a crime means to employ the firearm actively, such as to brandish, display, barter, strike with, fire or attempt to fire it, or even to refer to it in a way calculated to affect the underlying crime. The firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime. That need not have been its sole purpose, however.

Appendix 61

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle or a locked compartment of a vehicle.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

The term "firearm" means:

> any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive;

The term "crime of violence" means an offense that is a felony and –

A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

Appendix 62

## COUNTS II AND III

Title 18, United States Code, Section 2:

"(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is, [guilty of an offense against the United States]...

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is [guilty of an offense against the United States]..."

16

al

<u>**GOVERNMENT'S PROPOSED INSTRUCTION # 13**</u>

**Aiding and Abetting**

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) that the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about. This means that the government must prove that defendant, Jesus Rojas Tapia, consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

First Circuit Court of Appeals Jury Instruction 4.02; <u>United States v. Spinney</u>, 65 F.3d 231, 234-35 (1st Cir. 1995), and <u>United States v. Loder</u>, 23 F.3d 586, 590-91 (1st Cir.1994).

Appendix 64



**GOVERNMENT'S PROPOSED INSTRUCTION #17**

**Circumstantial Proof: Knowledge and Intent**

Knowledge, willfulness and intent involve the state of a person's mind. Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: her words, her actions, and her conduct, as of the time of the events in question.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.



### GOVERNMENT'S PROPOSED INSTRUCTION #19

### Definition of "Knowingly"

The word "knowingly," as that term has been used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

First Circuit Court of Appeals Jury Instruction 2.12.



**GOVERNMENT'S PROPOSED INSTRUCTION #21**

**Foreperson's Role; Unanimity**

I come now to the last part of the instructions, the rules for your deliberations. When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson, [_____], to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

First Circuit Court of Appeals Jury Instruction 6.01.



**GOVERNMENT'S PROPOSED INSTRUCTION #22**

**Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

First Circuit Court of Appeals Jury Instruction 6.02.

Appendix 68



**GOVERNMENT'S PROPOSED INSTRUCTION #24**

**Duty to Deliberate (Alternate Instruction)**

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion(s) of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.



**GOVERNMENT'S PROPOSED INSTRUCTION #20**

**Cautionary Instruction Regarding Limits of Province of the Jury**

I caution you, members of the Jury, that you are here to determine the guilt or innocence of the defendant(s) from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or not guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense(s) charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or not guilt of the defendant(s).



## GOVERNMENT'S PROPOSED INSTRUCTION #25

### Return of Verdict Form

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Court of Appeals Jury Instruction 6.04.



### GOVERNMENT'S PROPOSED INSTRUCTION #31

A Special Verdict Form will be provided to you as to Count Three of the Indictment.

Count Three charges the possession of firearms in furtherance of a crime of violence offense in violation of Title 18, <u>United States Code</u>, Section 924(c)(1).  See attached

GOVERNMENT'S PROPOSED INSTRUCTION #26



## Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Court of Appeals Jury Instruction 6.05.

✎AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| FOR THE | District of | PUERTO RICO |
|---|---|---|

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **Jesús ROJAS-TAPIA** | |
| aka: "Buho" | Case Number: 03-CR-019-06 (PG) |
| | USM Number: 25819-069 |
| | Raúl MARIANI FRANCO |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

X was found guilty on count(s)    One, Two and Three
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 49:46502(a)(1)(A)(2)(A) | Conspiracy to commit Armed Aircraft privacy. | 12/30/02 | One |
| 18:2 and | Aid and abet in the armed aircraft piracy. | 12/30/02 | Two |
| 49:46502(a)(1)(A)(2)(A) | | | |
| 18:2 & 924(c)(1)(A)(ii) | Aid/ abet, use of firearms in the commission of a violent crime. | 12/30/02 | Three |

The defendant is sentenced as provided in pages 2 through    5    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 21, 2004
Date of Imposition of Judgment


**S/ JUAN M. PEREZ-GIMENEZ**
Signature of Judge


JUAN M. PEREZ-GIMENEZ, USDJ
Name and Title of Judge


May 21, 2004
Date

**Appendix 74**

Judgment — Page ___2___ of ___5___

DEFENDANT:      **Jesús ROJAS-TAPIA**
CASE NUMBER:    **03-CR-019-06 (PG)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **THREE HUNDRED SIXTY FIVE (365) MONTHS as to each of counts One and Two, to be served concurrently with each other, but consecutively to the term of EIGHTY FOUR (84) MONTHS to be served in count Three as required by law.**

X   The court makes the following recommendations to the Bureau of Prisons:
    That, if the defendant qualifies, the institution designated to serve this sentence be located in the state of Florida, or the closest federal institution to the state of Florida possible. It is further recommended that , at whatever institution is designated, the defendant be afforded treatment for substance abuse, that he be given a thorough mental evaluation so that his condition is taken into consideration when he is placed in any program for study and work available at the institution.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at  _____  ☐ a.m.  ☐ p.m.  on  _____  .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on  _____  .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on  _____  to  _____

a_____ , with a certified copy of this judgment.


                                                    _____
                                                         UNITED STATES MARSHAL

                                            By  _____
                                                     DEPUTY UNITED STATES MARSHAL

**Appendix 75**

DEFENDANT:    **Jesús ROJAS-TAPIA**
CASE NUMBER:   **03-CR-019-06 (PG)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   **FIVE (5) YEARS as to each count,**

**be served concurrently with each other.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and, thereafter, submit to random testing not to exceed 104 samples per year, in accordance with the Drug Aftercare Program Policy adopted by the Court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page   4   of   5

DEFENDANT:        **Jesús ROJAS-TAPIA**
CASE NUMBER:      **03-CR-019-06 (PG)**

## ADDITIONAL SUPERVISED RELEASE TERMS

If any drug test samples detect substance abuse, the defendant shall participate in a substance abuse treatment program arranged and approved by the probation officer until duly discharged by authorized program personnel with the approval of the US Probation Officer.

The defendant shall contribute to the cost of the treatment services in the sum of $20.00 monthly.

DEFENDANT:          **Jesús ROJAS-TAPIA**
CASE NUMBER:     **03-CR-019-06 (PG)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to plea agreement   $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

    ☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# United States District Court
## District of Puerto Rico (San Juan)
## CIVIL DOCKET FOR CASE #: 3:16-cv-02213-JAG

Rojas-Tapia v. USA
Assigned to: Judge Jay A. Garcia-Gregory
Related  Case: 3:03-cr-00019-JAG-6
Case in other court: 19-01264
               22-01746
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 06/27/2016
Date Terminated: 08/26/2022
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Jesus Rojas-Tapia**
25819-069
COLEMAN MEDIUM
FEDERAL CORRECTIONAL
INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1032
COLEMAN, FL 33521

represented by

**Franco Lorenzo Perez-Redondo**
Federal Public Defender
241 F.D. Roosevelt Ave.
Patio Gallery Bldg.
San Juan, PR 00918-2441
787-281-4922
Fax: 787-281-4899
Email: Franco_Perez@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Federal Public Defender Office**
241 Franklin D Roosevelt
3rd Floor
San Juan, PR 00918
787-281-4922
Fax: 787-281-4899
Email: prx_notifications@fd.org
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**USA**

represented by

**Mariana E. Bauza**
United States Attorneys Office,
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787-766-5656
Fax: 787-771-4050
Email: mariana.e.bauza@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nelson J. Perez-Sosa - INACTIVE**
U.S. Attorney's Office

Appendix 79

Appellate Division
Torre Chardon, Suite 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
787-766-5656
Fax: 787-772-3976
Email: USAPR.InactiveAUSA@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Liong-Rodriguez**
DOJ-USAO
Torre Chardon
350 Carlos Chardon Street
Suite 1201
San Juan, PR 00918
787-766-5656
Email: steven.liong-rodriguez@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/27/2016 | 1 | COPY of MOTION to Vacate, Set Aside or Correct Sentence (2255) Pursuant to Johnson v. U.S. (Criminal Number 03-19-06 PG.) filed by Jesus Rojas-Tapia, pro se. Suggestions in opposition/response due by 7/14/2016 (Attachments: # 1 Envelope)(mr) (Entered: 06/28/2016) |
| 06/28/2016 | 2 | NOTICE of Appearance by Mariana E. Bauza on behalf of USA (Bauza, Mariana) (Entered: 06/28/2016) |
| 07/14/2016 | 3 | ORDER re 1 MOTION to Vacate, Set Aside or Correct Sentence (2255). The government's response to petitioner's motion is due within thirty days of entry of this Order. **Response due by 8/15/2016.** Signed by Judge Juan M. Perez-Gimenez on 07/14/2016.(NNR) (Entered: 07/14/2016) |
| 08/15/2016 | 4 | MOTION to Stay filed by Mariana E. Bauza on behalf of USA Suggestions in opposition/response due by 9/1/2016 (Bauza, Mariana) (Entered: 08/15/2016) |
| 09/22/2016 | 5 | ORDER. granting 4 Motion to Stay. Signed by Judge Juan M. Perez-Gimenez on 9/22/16. (gsr) (Entered: 09/22/2016) |
| 04/19/2017 | 6 | ORDER. Upon the government's request 4 , this case was stayed as to petitioner's claim under Johnson v. United States, 135 S.Ct. 2551 (2015), pending the Federal Public Defender's review of such claim. Given the time elapsed since, the government shall file an informative motion regarding the outcome of such review and requesting the relief it deems appropriate within seven (7) days of entry of this order. **Informative Motion due by 4/26/2017.** Signed by Judge Juan M. Perez-Gimenez on 04/19/2017. (NNR) (Entered: 04/19/2017) |
| 04/25/2017 | 7 | Motion In Compliance *and Motion Requesting Order* filed by Mariana E. Bauza on behalf of USA Responses due by 5/9/2017. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Bauza, Mariana) (Entered: 04/25/2017) |
| 05/31/2017 | 8 | ORDER granting 7 Informative Motion In Compliance, and motion requesting order. The FPD shall file a notice of appearance and inform the Court of its position in this case |

| | | |
|---|---|---|
| | | within 30 days of the entry of this order. Follow Up Deadline due by 6/30/2017. Signed by Judge Juan M. Perez-Gimenez on 5/31/2017. (om) (Entered: 05/31/2017) |
| 03/22/2018 | 9 | NOTICE of Appearance by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia (Perez-Redondo, Franco) (Entered: 03/22/2018) |
| 03/22/2018 | 10 | INFORMATIVE Motion regarding April 23, 2018, MOTION for extension of time until April 23, 2018 to Supplement Petitioner's 2255 Motion filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 4/5/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 03/22/2018) |
| 03/28/2018 | 11 | ORDER noted 10 INFORMATIVE motion; granting 10 Motion for extension of time. Supplemental Motion due by 4/23/2018. Signed by Judge Juan M. Perez-Gimenez on 03/28/2018. (NNR) (Entered: 03/28/2018) |
| 04/23/2018 | 12 | MOTION for extension of time until May 23, 2018 to Supplement Petitioner's 2255 Motion filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 5/7/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 04/23/2018) |
| 04/24/2018 | 13 | ORDER granting 12 Motion for extension of time. Petitioner's Supplemental Motion is due by 5/24/2018. Signed by Judge Juan M. Perez-Gimenez on 04/24/2018. (NNR) (Entered: 04/24/2018) |
| 05/24/2018 | 14 | Supplemental Motion *in Support of Petitioner's Motion to Vacate* re: 1 MOTION to Vacate, Set Aside or Correct Sentence (2255) (Criminal Number 03-19-06 PG.) filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 6/7/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Related document(s) 1 ) (Perez-Redondo, Franco) (Entered: 05/24/2018) |
| 05/25/2018 | 15 | MOTION to lift stay re 5 Order on Motion to Stay filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 6/8/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Related document(s) 5 ) (Perez-Redondo, Franco) (Entered: 05/25/2018) |
| 05/25/2018 | 16 | ORDER granting 15 Motion to Lift Stay. **The Government's Response to Petitioner's 1 Motion and 14 Supplemental Motion is due by 6/25/2018.** Signed by Judge Juan M. Perez-Gimenez on 05/25/2018. (NNR) (Entered: 05/25/2018) |
| 06/25/2018 | 17 | MOTION for Extension of Time until 7/30/2018 to File Response/Reply filed by Steven Liong-Rodriguez on behalf of USA Responses due by 7/9/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Liong-Rodriguez, Steven) (Entered: 06/25/2018) |
| 06/27/2018 | 18 | ORDER granting 17 Motion for Extension of Time to File Response/Reply. Response to Motion Deadline due by 7/30/2018. Signed by Judge Juan M. Perez-Gimenez on 06/27/2018. (NNR) (Entered: 06/27/2018) |
| 07/30/2018 | 19 | MOTION for Extension of Time until August 30, 2018 to File Response/Reply filed by Mariana E. Bauza on behalf of USA Responses due by 8/13/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Bauza, Mariana) (Entered: 07/30/2018) |
| 07/31/2018 | 20 | ORDER granting 19 Motion for Extension of Time to File Response/Reply. Response to Motion now due by 8/30/2018. Signed by Judge Juan M. Perez-Gimenez on 07/31/2018. (NNR) (Entered: 07/31/2018) |

| 08/30/2018 | 21 | MOTION for Extension of Time until October 1, 2018 to File Response/Reply filed by Mariana E. Bauza on behalf of USA Responses due by 9/13/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Bauza, Mariana) (Entered: 08/30/2018) |
|---|---|---|
| 08/31/2018 | 22 | ORDER granting 21 Motion for Extension of Time to File Response. Response to Motion now due by 10/1/2018. Signed by Judge Juan M. Perez-Gimenez on 08/31/2018. (NNR) (Entered: 08/31/2018) |
| 10/01/2018 | 23 | MOTION for Extension of Time until November 1, 2018 to File Response/Reply filed by Mariana E. Bauza on behalf of USA Responses due by 10/15/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Bauza, Mariana) (Entered: 10/01/2018) |
| 10/03/2018 | 24 | ORDER granting 23 Motion for Extension of Time to File Response. Response to Motion Deadline due by 11/2/2018. Signed by Judge Juan M. Perez-Gimenez on 10/03/2018. (NNR) (Entered: 10/03/2018) |
| 11/01/2018 | 25 | RESPONSE in Opposition to Motion filed by USA Re: 14 Supplemental Motion *in Support of Petitioner's Motion to Vacate* re: 1 MOTION to Vacate, Set Aside or Correct Sentence (2255) (Criminal Number 03-19-06 PG.) filed by Jesus Rojas-Tapia, 1 MOTION to Vacate, Set Aside or Correct Sentence (2255) (Criminal Number 03-19-06 PG.) filed by Jesus Rojas-Tapia filed by USA. (Bauza, Mariana) (Entered: 11/01/2018) |
| 11/02/2018 | 26 | INFORMATIVE Motion regarding Petitioner's Intent to File Reply Memorandum filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 11/16/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 11/02/2018) |
| 11/06/2018 | 27 | ORDER noted 26 INFORMATIVE motion. Reply to Response Deadline due by 11/9/2018. Signed by Judge Juan M. Perez-Gimenez on 11/06/2018. (NNR) (Entered: 11/06/2018) |
| 11/09/2018 | 28 | MOTION for extension of time until November 26, 2018 to file Reply Memorandum filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 11/26/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 11/09/2018) |
| 11/09/2018 | 29 | ORDER granting 28 Motion for extension of time. Reply to 25 Response Deadline due by 11/26/2018. Signed by Judge Juan M. Perez-Gimenez on 11/09/2018. (NNR) (Entered: 11/09/2018) |
| 11/26/2018 | 30 | Second MOTION for extension of time until December 26, 2018 to File Reply Memorandum filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 12/10/2018. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 11/26/2018) |
| 11/26/2018 | 31 | ORDER granting in part 30 Motion for extension of time. Petitioner is granted fourteen days from entry of this Order to file his Reply, which shall strictly comply with the requirements of L. Cv. R. 7(c). No further extensions will be granted. Reply Deadline due by 12/10/2018. Signed by Judge Juan M. Perez-Gimenez on 11/26/2018. (NNR) (Entered: 11/26/2018) |
| 12/10/2018 | 32 | REPLY to Response to Motion filed by Jesus Rojas-Tapia Re: 14 Supplemental Motion *in Support of Petitioner's Motion to Vacate* re: 1 MOTION to Vacate, Set Aside or Correct Sentence (2255) (Criminal Number 03-19-06 PG.) filed by Jesus Rojas-Tapia filed by Jesus Rojas-Tapia. (Perez-Redondo, Franco) (Entered: 12/10/2018) |

| 02/27/2019 | 33 | ORDER. For the reasons stated in the government's 25 Response in Opposition, and pursuant to the First Circuit's decision in United States v. Douglas, 907 F.3d 1 (1st Cir. 2018), the court hereby DENIES petitioner's 14 Supplemental Motion and 1 Motion to Vacate under 28 U.S.C. sec. 2255, and dismisses the case with prejudice. Judgment shall be entered accordingly. Signed by Judge Juan M. Perez-Gimenez on 02/27/2019. (NNR) (Entered: 02/27/2019) |
|---|---|---|
| 02/27/2019 | 34 | JUDGMENT dismissing case with prejudice. This case is now closed. Signed by Judge Juan M. Perez-Gimenez on 02/27/2019. (NNR) (Entered: 02/27/2019) |
| 02/27/2019 | 35 | ORDER. It is further ordered that no certificate of appealability should be issued in the event that petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). Signed by Judge Juan M. Perez-Gimenez on 02/27/2019. (NNR) (Entered: 02/27/2019) |
| 02/28/2019 | 36 | NOTICE of Appearance by Eric A. Vos on behalf of Jesus Rojas-Tapia (Vos, Eric) (Entered: 02/28/2019) |
| 02/28/2019 | 37 | NOTICE OF APPEAL as to 33 Order on Supplemental Motion,, Order on Motion to Vacate, 34 Judgment, 35 Order, by Jesus Rojas-Tapia. **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm** (Perez-Redondo, Franco) (Entered: 02/28/2019) |
| 03/12/2019 | 38 | Certified and Transmitted Record on Appeal to US Court of Appeals re 37 Notice of Appeal, [Docket Entries 33, 34, 35 & 37] (xi) (Entered: 03/12/2019) |
| 03/13/2019 | 39 | USCA Case Number 19-1264 for 37 Notice of Appeal, filed by Jesus Rojas-Tapia. (xi) (Entered: 03/13/2019) |
| 01/23/2020 | 40 | USCA JUDGMENT as to 37 Notice of Appeal, filed by Jesus Rojas-Tapia; Petitioner-Appellant Jesus Rojas-Tapia seeks review of the district court's denial of his 28 U.S.C. § 2255 motion featuring a challenge to his 18 U.S.C. § 924(c) conviction based on Johnson v. United States, 135 S. Ct. 2551 (2015) (Johnson II), and related precedent. Accordingly, we VACATE the district court's order denying the § 2255 motion and REMAND for further proceedings in light of Davis. We express no opinion at this time as to any relevant legal issue. (xi) (Entered: 01/23/2020) |
| 03/17/2020 | 41 | MANDATE of USCA as to 37 Notice of Appeal, filed by Jesus Rojas-Tapia; Accordingly, we VACATE and REMAND. RE: 40 USCA JUDGMENT (xi) (Entered: 03/17/2020) |
| 12/14/2020 | 42 | MEMORANDUM OF THE CLERK: This case having been previously assigned to the docket of Judge Juan M. Perez-Gimenez, now deceased, it has been reassigned to the docket of Judge Jay A. Garcia-Gregory. Signed by Clerk on 12/14/2020. (gr) (Entered: 12/14/2020) |
| 05/05/2021 | 43 | ORDER. In light of the Judgment of the U.S. Court of Appeals for the First Circuit, Docket No. 40, the Parties are hereby ordered to produce additional briefing considering the application of *United States v. Davis*, 139 S. Ct. 2319 (2019) to the issues in this case. **(i) Petitioner's brief is due by 5/26/2021; and (ii) USA's response brief is due by 6/16/2021.** Signed by Judge Jay A. Garcia-Gregory on 5/5/2021. (ERC) (Entered: 05/05/2021) |
| 05/26/2021 | 44 | MOTION for Extension of Time until June 16, 2021 to file Supplemental Brief in support of 28 U.S.C. § 2255 Motion filed by Franco Lorenzo Perez-Redondo on behalf of Jesus |

| | | |
|---|---|---|
| | | Rojas-Tapia Responses due by 6/9/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 05/26/2021) |
| 06/07/2021 | 45 | ORDER granting 44 Motion for Extension of Time to File, Petitioner's Brief is now due by 6/16/2021. The deadline for USA's response brief reset to 7/7/2021. Signed by Judge Jay A. Garcia-Gregory on 6/7/2021. (ERC) (Entered: 06/07/2021) |
| 06/16/2021 | 46 | MOTION for Extension of Time until June 30, 2021 to file SUPPLEMENTAL BRIEF IN SUPPORT OF 28 U.S.C. § 2255 MOTION filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 6/30/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 06/16/2021) |
| 06/29/2021 | 47 | ORDER granting 46 Motion for Extension of Time to File. Petitioner's Brief is now due by 6/30/2021. The deadline for USA's response brief is reset to 7/21/2021. Signed by Judge Jay A. Garcia-Gregory on 6/29/2021. (ERC) (Entered: 06/29/2021) |
| 06/30/2021 | 48 | MOTION for Extension of Time until July 6, 2021 to file SUPPLEMENTAL BRIEF IN SUPPORT OF 28 U.S.C. § 2255 MOTION filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 7/14/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 06/30/2021) |
| 07/06/2021 | 49 | Supplemental Motion in Support of Petitioner's 1 Motion to Vacate filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia. Responses due by 7/20/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) Modified on 7/7/2021 to link docket #1(gav). (Entered: 07/06/2021) |
| 07/20/2021 | 50 | ORDER granting 48 Motion for Extension of Time to File. Petitioner's Brief is due by 7/6/2021. The deadline for USA's response brief is reset to 7/27/2021. Signed by Judge Jay A. Garcia-Gregory on 7/20/2021. (ERC) (Entered: 07/20/2021) |
| 07/27/2021 | 51 | MOTION for Extension of Time until August 26, 2021 to File Response/Reply as to 49 Supplemental Motion *in Support of Petitioner's Motion to Vacate* filed by Jesus Rojas-Tapia filed by Mariana E. Bauza on behalf of USA Responses due by 8/10/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Related document(s) 49 ) (Bauza, Mariana) (Entered: 07/27/2021) |
| 07/29/2021 | 52 | ORDER granting 51 MOTION for Extension of Time until August 26, 2021 to File Response/Reply as to 49 Supplemental Motion *in Support of Petitioner's Motion to Vacate*. Signed by Judge Jay A. Garcia-Gregory on 7/29/2021. (ERC) (Entered: 07/29/2021) |
| 08/26/2021 | 53 | MOTION for Extension of Time until September 7, 2021 to File Response/Reply as to 49 Supplemental Motion *in Support of Petitioner's Motion to Vacate* filed by Jesus Rojas-Tapia filed by Mariana E. Bauza on behalf of USA Responses due by 9/9/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Related document(s) 49 ) (Bauza, Mariana) (Entered: 08/26/2021) |
| 09/07/2021 | 54 | RESPONSE in Opposition to Motion filed by USA Re: 49 Supplemental Motion in Support of Petitioner's Motion to Vacate filed by Jesus Rojas-Tapia. (Bauza, Mariana) Modified on 9/8/2021 to remove italics (gav). (Entered: 09/07/2021) |
| 09/13/2021 | 55 | ORDER granting 53 MOTION for Extension of Time until September 7, 2021 to File Response/Reply as to 49 Supplemental Motion *in Support of Petitioner's Motion to Vacate*. Signed by Judge Jay A. Garcia-Gregory on 9/13/2021. (ERC) (Entered: 09/13/2021) |

| 09/14/2021 | 56 | MOTION for Extension of Time until September 28, 2021 to File Response/Reply as to 54 Response in Opposition to Motion filed by USA filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 9/28/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Related document(s) 54 ) (Perez-Redondo, Franco) (Entered: 09/14/2021) |
|---|---|---|
| 09/15/2021 | 57 | ORDER granting 56 MOTION for Extension of Time until September 28, 2021 to File Response/Reply as to 54 Response in Opposition to Motion. Signed by Judge Jay A. Garcia-Gregory on 9/15/2021.(ERC) (Entered: 09/15/2021) |
| 09/28/2021 | 58 | Second MOTION for Extension of Time until October 12, 2021 to File Response/Reply to Government's Opposition filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 10/12/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) Modified on 9/29/2021 to remove italics, add text (gav). (Entered: 09/28/2021) |
| 10/12/2021 | 59 | Third MOTION for Extension of Time until October 19, 2021 to File Response/Reply to Government's Opposition filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 10/26/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) Modified on 10/13/2021 to remove italics , add text (gav). (Entered: 10/12/2021) |
| 10/19/2021 | 60 | Final MOTION for Extension of Time until October 25, 2021 to File Response/Reply as to 54 Response in Opposition to Motion filed by USA filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 11/2/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Related document(s) 54 ) (Perez-Redondo, Franco) (Entered: 10/19/2021) |
| 10/22/2021 | 61 | ORDER granting: 58 MOTION for Extension of Time until October 12, 2021 to File Response/Reply *to Government's Opposition*, 59 MOTION for Extension of Time until October 19, 2021 to File Response/Reply *to Government's Opposition*, and 60 Final MOTION for Extension of Time until October 25, 2021 to File Response/Reply as to 54 Response in Opposition to Motion. **Reply is now due by 10/25/2021.** Signed by Judge Jay A. Garcia-Gregory on 10/22/2021. (ERC) (Entered: 10/22/2021) |
| 10/25/2021 | 62 | MOTION for Extension of Time until October 28, 2021 to File Response/Reply filed by Franco Lorenzo Perez-Redondo on behalf of Jesus Rojas-Tapia Responses due by 11/8/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez-Redondo, Franco) (Entered: 10/25/2021) |
| 10/27/2021 | 63 | ORDER granting 62 Motion for Extension of Time to File Response/Reply. Signed by Judge Jay A. Garcia-Gregory on 10/27/2021. (ERC) (Entered: 10/27/2021) |
| 10/28/2021 | 64 | REPLY to Response to Motion filed by Jesus Rojas-Tapia Re: 14 Supplemental Motion *in Support of Petitioner's Motion to Vacate* re: 1 MOTION to Vacate, Set Aside or Correct Sentence (2255) (Criminal Number 03-19-06 PG.) filed by Jesus Rojas-Tapia filed by Jesus Rojas-Tapia. (Perez-Redondo, Franco) (Entered: 10/28/2021) |
| 08/25/2022 | 65 | ORDER denying 49 Supplemental Motion in Support of Petitioner's 1 Motion to Vacate Sentence under 28 U.S.C §2255. Pursuant to the U.S. Court of Appeals for the First Circuit's Judgment and Mandate vacating this Court's denial of Petitioner's §2255 motion and remanding for further proceedings, Docket Nos. 40, 41, the Court issues the following order. Petitioner was charged and convicted of three crimes: conspiracy to commit aircraft piracy, 49 U.S.C. §46502(a)(1)(2)(A), ("Count 1"); aircraft piracy, 49 U.S.C. §46502(a)(1) (2)(A), ("Count 2"); and aiding and abetting in the use of a firearm during a crime of violence, 18 U.S.C. §924(c), ("Count 3"). Petitioner and the Government agree that "conspiracy to commit aircraft piracy can no longer serve as the predicate offense of an 18 |

| | | |
|---|---|---|
| | | U.S.C. §924(c) crime because it does not qualify as a 'crime of violence' for purposes of §924(c)(3)'s force clause." Docket No. 54 at 9 (citations omitted). Petitioner, however, does not dispute that the substantive offense of aircraft piracy qualifies as a §924(c) predicate. Petitioner concedes that the Court can "find [] that aircraft piracy was a §924(c) predicate if it was necessary to satisfy the elements of the §924(c) convinction[,]" Docket No. 64 at 3, but argues that his conviction could have rested on either conspiracy to commit aircraft piracy (Count 1) or the substantive aircraft piracy charge (Count 2) because of ambiguity in the jury instructions and the special verdict form. The Court disagrees that there was ambiguity and finds that both the jury instructions and the special verdict form state that the jury must have found Petitioner brandished a firearm during BOTH predicate offenses. Crim. No. 03-19, Docket Nos. 157 at 1; 191 at 37. In order to answer the special verdict form in the affirmative, the jury had to find that Petitioner had brandished a weapon during and in relation to BOTH the conspiracy to commit aircraft piracy (Count 1) and aircraft piracy (Count 2). Docket No. 157 at 1. And they did so here. *Id.* Therefore, as Petitioner's §924(c) conviction rested on the substantive aircraft piracy predicate, Petitioner's motion is denied. Judgment shall be entered accordingly. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. §2253(c)(2). Signed by Judge Jay A. Garcia-Gregory on 8/25/2022. (ERC) (Entered: 08/25/2022) |
| 08/26/2022 | 66 | JUDGMENT dismissing with prejudice Petitioner's action. Signed by Judge Jay A. Garcia-Gregory on 8/26/2022. (ERC) (Entered: 08/26/2022) |
| 09/23/2022 | 67 | NOTICE OF APPEAL as to 65 Order on Supplemental Motion, 66 Judgment by Jesus Rojas-Tapia. **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** (Perez-Redondo, Franco) Modified on 9/26/2022 to edit text (gav). (Entered: 09/23/2022) |
| 09/30/2022 | 68 | Certified and Transmitted Record on Appeal to US Court of Appeals re 67 Notice of Appeal [Docket Entries 65, 66 & 67] (mcm) (Entered: 09/30/2022) |
| 10/04/2022 | 69 | USCA Case Number 22-1746 for 67 Notice of Appeal, filed by Jesus Rojas-Tapia. (mcm) (Entered: 10/04/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/19/2024 14:19:41 | | |
| **PACER Login:** | LermanCA1 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:16-cv-02213-JAG |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

RECEIVED & FILED
2016 JUN 27 PM 5: 56
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| United States District Court | **U.S.** District **of Puerto Rico** | Docket or Case No.:<br>**03-CR-019-06 (PG)** |
|---|---|---|
| Name (under which you were convicted):<br>**JESUS ROJAS-TAPIA** | | |
| Place of Confinement:<br>**FCC-COLEMAN-MEDIUM** | Prisoner No.:<br>**25819-069** | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. **JESUS ROJAS-TAPIA** | | |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    **United States Court for the District of Puerto Rico**

    (b) Criminal docket or case number (if you know): **03-CR-019-06 (PG)**

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing: **5/21/2004**

3.  Length of sentence: **265 months**

4.  Nature of crime (all counts): **Title 18 U.S.C. Section 924(c)(i)(ii)**
    **Title 49 U.S.C. Section 46502(a)(1)(A)(2)(A)**
    **Title 18 U.S.C. Section 2**
    **Title 49 U.S.C. Section 46502(a)(1)(A)(2)(A)**

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☒     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐
    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?
    **N/A**

6.  If you went to trial, what kind of trial did you have? (Check one)     Jury ☒     Judge only ☐

**Appendix 87**

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐        No ☒

8.  Did you appeal from the judgment of conviction?                              Yes ☐        No ☒

9.  If you did appeal, answer the following:                       **N/A**

    (a) Name of court:                                            **N/A**

    (b) Docket or case number (if you know):                      **N/A**

    (c) Result:                                                   **N/A**

    (d) Date of result (if you know):                             **N/A**

    (e) Citation to the case (if you know):                       **N/A**

    (f) Grounds raised:                                           **N/A**

    (g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐        No ☒

      If "Yes," answer the following:                          **N/A**

      (1) Docket or case number (if you know):                 **N/A**

      (2) Result:                                              **N/A**

      (3) Date of result (if you know):                        **N/A**

      (4) Citation to the case (if you know):                  **N/A**

      (5) Grounds raised:                                      **N/A**

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐        No ☒

11. If your answer to Question 10 was "Yes," give the following information:        **N/A**

    (a)  (1) Name of court:                                       **N/A**

       (2) Docket or case number (if you know):             **N/A**

       (3) Date of filing (if you know):                    **N/A**

(4) Nature of the proceeding:                    N/A

(5) Grounds raised:                              N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ☐  No ☒

(7) Result:                                      N/A

(8) Date of result (if you know):                N/A

(b) If you filed any second motion, petition, or application, give the same information:  N/A

(1) Name of court:                               N/A

(2) Docket or case number (if you know):         N/A

(3) Date of filing (if you know):                N/A

(4) Nature of the proceeding:                    N/A

(5) Grounds raised:                              N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ☐  No ☒

(7) Result:                                      N/A

(8) Date of result (if you know):                N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?                N/A

(1) First petition:     Yes ☐   No ☒

(2) Second petition:    Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: **Counsel was ineffective for not doing so, upon Petitioner's request to do so.**

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: **Petitioner is serving an unconstitutional sentence, in violation of his due process.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Petitioner is serving an unconstitutionally vague sentence, in violation of the "residual clause" under Johnson v. United States, 135 S.Ct. 2551 (2015); and Welch v. United States, 136 S.Ct. 1257 (2016) in violation of his due process.**

(b) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state: **N/A**

   Type of motion or petition: **N/A**

   Name and location of the court where the motion or petition was filed:

   **N/A**

Docket or case number (if you know):      N/A

Date of the court's decision:      N/A

Result (attach a copy of the court's opinion or order, if available):      -

     N/A

(3) Did you receive a hearing on your motion, petition, or application?

     Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

     Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

     Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:      N/A

Name and location of the court where the appeal was filed:

     N/A

Docket or case number (if you know):      N/A

Date of the court's decision:      N/A

Result (attach a copy of the court's opinion or order, if available):

     N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:      N/A

GROUND TWO: **Petitioner is serving an unconstitutionally vague sentence in violation of the "Residual Clause".**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)

     Petitioner is serving an unconstitutional sentence, in violation of the "Residual Clause" under Johnson v. United States, 135 S.Ct. 2551 (2015); and Welch v. United States, 136 S.Ct. 1257 (2016). Petitioner is actually innocent of his Section 924(c) offense, based on the "Residual Clause".

(b) Direct Appeal of Ground Two: **N/A**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

                                    **N/A**

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state: **N/A**

    Type of motion or petition: **N/A**

    Name and location of the court where the motion or petition was filed: **N/A**

    Docket or case number (if you know): **N/A**

    Date of the court's decision: **N/A**

    Result (attach a copy of the court's opinion or order, if available): **N/A**

    (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐   No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐   No ☒

    (6) If your answer to Question (c)(4) is "Yes," state: **N/A**

    Name and location of the court where the appeal was filed: **N/A**

    Docket or case number (if you know): **N/A**

    Date of the court's decision: **N/A**

    Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:  **N/A**

GROUND THREE: **Petitioner's sentence is in violation of Title 28 U.S.C. Section 2255(f)(3).**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
**Petitioner files this Section 2255(f)(3), based on the one year time limitation of Johnson v. United States, 135 S.ct. 2551 (2015); and Welch v. United States, 136 S.Ct. 1257 92016), both are U.S. Supreme Court cases, with a substantial change in the law.**

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:  **N/A**

(c) Post-Conviction Proceedings:  **N/A**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:  **N/A**

    Type of motion or petition:  **N/A**

    Name and location of the court where the motion or petition was filed:  **N/A**

    Docket or case number (if you know):  **N/A**

    Date of the court's decision:  **N/A**

Page 9

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:   N/A

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N/A

GROUND FOUR:   Petitioner's enhancements violate Johnson's "Residual Clause", based on a crime of violence.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Petitioner's enhancements, violate Johnson's "Residual Clause" under the U.S.S. Guidelines. And therefore, he is serving an unconstitutional sentence, in violation of Johnson's "Residual Clause" in regards to a crime of violence.

Appendix 94

Page 10

b) Direct Appeal of Ground Four:                    **N/A**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
                                                    **N/A**

(c) Post-Conviction Proceedings:

(i) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:        **N/A**

Type of motion or petition:                         **N/A**

Name and location of the court where the motion or petition was filed:
                                                    **N/A**

Docket or case number (if you know):                **N/A**

Date of the court's decision:                       **N/A**

Result (attach a copy of the court's opinion or order, if available):
                                                    **N/A**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:       **N/A**

Name and location of the court where the appeal was filed:
                                                    **N/A**

Docket or case number (if you know):                **N/A**

Date of the court's decision:                       **N/A**

Result (attach a copy of the court's opinion or order, if available):
                                                    **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:                              N/A

13. Is there any ground in this motion that you have not previously presented in some federal court?
If so, which ground or grounds have not been presented, and state your reasons for not

presenting them:                              N/A

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court
for the judgment you are challenging?     Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of
proceeding, and the issues raised.            N/A

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:      Raul Mariani Franco
                                                         "
(a) At preliminary hearing:

                                                         "
(b) At arraignment and plea:

                                                         "
(c) At trial:

                                                         "
(d) At sentencing:

(e) On appeal:                                    N/A

(f) In any post-conviction proceeding:           Pro-se

(g) On appeal from any ruling against you in a post-conviction proceeding:
                                                 Pro-se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:                                        N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:           N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐ No ☒

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

bar your motion.*

Petitioner files this Section 2255(f)(3) Motion according to the one year time limitation of Johnson v. United States, 135 S.Ct. 2551 (2015); and Welch v. United States, 136 S.Ct. 1257 (2016), both cases being a substantial change in the law made retroactive by the U.S. Supreme Court to Petitioner's Johnson's "Residual Clause" claim.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: **Petitioner request re-sentencing based on Johnson's "Residual Clause".**

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

Jesús Rojas Tapia
_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Appendix 99

Jesus Rojas-Tapia, #25819-069
Federal Correctional Complex Medium
POB 1032
Coleman, Florida 33521-1032

Legal Mail

RECEIVED & FILED
2016 JUN 27 PM 5: 56
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

Clerk of United States District Court
District of Puerto Rico
Clemente Ruiz-Narario US Courthouse
150 Carlos Chardon, Room 150
Hato Rey, Puerto Rico
                    00918-1767

00918@1703 C018



Appendix 101

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JESÚS ROJAS-TAPIA,**
*Petitioner,*

v.

**UNITED STATES OF AMERICA,**
*Respondent.*

Civil Case No. 16-2213 (PG)
Related to Criminal Case No. 03-019 (PG)

## SUPPLEMENT TO PETITIONER'S 28 U.S.C. § 2255 MOTION

TO THE HONORABLE JUAN PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

The petitioner, Jesús Rojas-Tapia, ("Mr. Rojas"), represented by the Federal Public Defender

for the District of Puerto Rico through the undersigned attorney, respectfully states and requests:

### INTRODUCTION

Mr. Rojas challenges the validity of his conviction for use of a firearm during and in relation

to a "crime of violence" in violation of 18 U.S.C. § 924(c). The § 924(c) conviction is predicated on

the crime of conspiracy to commit aircraft piracy, 49 U.S.C. § 46502(a)(1)(A)(2)(A).

Section 924(c) defines the term "crime of violence" in two sections: § 924(c)(3)(A), known as

the "force" clause, and § 924(c)(3)(B), known as the "residual" clause. In order to qualify as a "crime

of violence" under the force clause, the offense must have "as an element the use, attempted use, or

threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

For all of the reasons addressed below, conspiracy to commit aircraft piracy categorically fails to

qualify as a "crime of violence" under the force clause.

Conspiracy to commit aircraft piracy is also not a "crime of violence" under the residual clause,

which defines a "crime of violence" as one that "by its nature involves the substantial risk that physical

force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3)(B). That clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which recently held that § 924(c)(3)(B)'s identical twin, defining "crime of violence" under 18 U.S.C. § 16(b), is unconstitutionally vague. Accordingly, Mr. Rojas's § 924(c) conviction and sentence must be vacated.

## PROCEDURAL BACKGROUND

Following a seven-day trial, a jury found Mr. Rojas and his codefendants guilty of conspiracy to commit aircraft piracy, aiding and abetting aircraft piracy, and use of a firearm in relation to a "crime of violence."[1] Mr. Rojas was sentenced to a term of 449 months' imprisonment – two concurrent 365-month sentences on the conspiracy to commit aircraft piracy and substantive aircraft piracy counts, plus a consecutive 84-month sentence on the § 924(c) count. On appeal, Mr. Rojas unsuccessfully argued, *inter alia*, that certain admissions he made post-arrest warranted suppression due to his "borderline intellectual capacity." *United States v. Rojas-Tapia*, 446 F.3d 1, 7-9 (1st Cir. 2006). In 2016, Mr. Rojas filed a 28 U.S.C. § 2255 motion challenging his § 924(c) conviction in light of *Johnson II*. This supplemental brief follows.

## ARGUMENTS AND AUTHORITY

**I.      Mr. Rojas presents a timely, cognizable claim under *Johnson II*.**

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255. Mr. Rojas's sentence was imposed in violation of the Constitution because it was partially predicated on having committed a "crime of violence" under § 924(c)'s residual clause, which is unconstitutionally vague in light of *Johnson II*.

Mr. Rojas's motion is timely under 28 U.S.C. § 2255(f)(3) because the United States has agreed to extend until June 26, 2017, the period for filing federal habeas petitions based on *Johnson II*, and Mr.

---

[1] Although the facts underlying Mr. Rojas's conviction are irrelevant for present purposes, (*see infra* at 13), a more detailed factual background may be found in *United States v. Rojas-Tapia*, 446 F.3d 1, 2-3 (1st Cir. 2006).

Rojas filed his § 2255 motion, which relies on the rule of *Johnson II*, within that deadline. *See* Misc. No. 16-196 (ADC) (D. P.R. May 2, 2016); *cf. Turner v. United States*, 699 F.3d 578, 587 n.9 (1st Cir. 2012) ("Statutes of limitations in the habeas context are affirmative defenses.") (Citation omitted).

To the extent the government argues Mr. Rojas's § 2255 motion is untimely because *Johnson II* does not apply to § 924(c)(3)(B), that argument is unavailing. Applying *Johnson II* to this case does not require yet another "new rule." Mr. Rojas is not attempting to extend *Johnson II* to § 924(c). Rather, his claim is premised upon a "straightforward application of *Johnson* [*II*]," (*Dimaya*, 138 S. Ct. at 1213), which is a previously unannounced substantive rule of constitutional law made retroactive to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016). The government has already conceded, albeit in the context of 28 U.S.C. § 2255(h), that *Johnson II*'s rule invalidating residual clause language *can* be applied beyond the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *See United States v. Moore*, 871 F.3d 72, 82 (1st Cir. 2017) ("[T]he government agreed at oral argument that the rule in *Johnson II* would apply to another statute . . . that mirrored the ACCA but was applied to different underlying crime."). *See also ibid.* ("Both parties appear to agree that the rule is broader than the technical holding of *Johnson II*"). This Court should hold the government to those concessions.

In the alternative, and to the extent the Court rules Mr. Rojas cannot rely on *Johnson II* and his claim requires yet another "new rule" invalidating § 924(c), that rule has already been recognized in *Dimaya*. Indeed, as Chief Justice Roberts acknowledged in his *Dimaya* dissent, § 16(b) "is replicated in the definition of 'crime of violence' applicable to § 924(c)," (*Dimaya*, 138 S. Ct. at 1241) (Roberts, J., dissenting), meaning the rule Mr. Rojas seeks to apply has already been recognized. Mr. Rojas's petition is thus timely.

Appendix 104

## II.        Any procedural default should be excused.

To the extent the government argues Mr. Rojas's *Johnson II* claim is procedurally defaulted because he did not challenge the constitutionality of his § 924(c) conviction on direct appeal, procedural default should be excused. To overcome procedural default, a petitioner must establish either "cause" for the default *and* "prejudice" resulting from the violation *or* actual innocence. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). Mr. Rojas respectfully submits that he meets both the "cause-and-prejudice" test and the "actual innocence" test.

### A.  Mr. Rojas can show "cause" and "prejudice."

The "cause" prong is satisfied upon "a showing that the . . . legal basis for a claim was not reasonably available to counsel" at the time of appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citing *Ross v. Reed*, 468 U.S. 1, 17 (1984)). A claim is not "reasonably available" if that claim: (i) "explicitly overrules" Supreme Court precedent; (ii) "explicitly overtur[ns] a longstanding and widespread practice to which th[e Supreme] Court has not spoken but which a new-unanimous body of lower court authority has expressly approved"; or (iii) "disapprov[es] a practice th[e Supreme] Court arguably has sanctioned in prior cases." *Reed*, 468 U.S at 17 (citation omitted). "By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have" raised the claim on direct appeal. *Ibid.* "Consequently, the failure . . . to have pressed such a claim before . . . is sufficiently excusable to satisfy the cause requirement." *Ibid.*

Mr. Rojas's challenge to § 924(c)'s residual clause satisfies the first and second prongs of *Reed* because "[t]he Supreme Court reversed its own precedent in *Johnson* [*II*]," and thus, a "vagueness challenge to the residual clause remained unavailable until *Johnson* [*II*]." *United States v. Mann*, No. CR 09-75-GF-BMM, 2017 WL 1906606, at *5 (D. Mont. May 9, 2017); *see also United States v. Meza*, No.

-4-

CR 11-133-BLG-DLC, 2018 WL 2048899, at *7 (D. Mont. May 2, 2018) (same); Order, *Toussaint v. United States*, Case No. 12-CR-00407-CW-1, at *5-6 (N.D. Cal. May 11, 2018) (collecting similar cases).

The petitioner herein also satisfies the "prejudice" prong, which requires him to show that, but for the alleged error, the "result of the [proceedings] would have been different." *Strickler v. Greene*, 527 U.S. 263, 289 (1999). Mr. Rojas "can show prejudice because the alleged error resulted in an additional [seven]-year mandatory minimum sentence." *Toussaint*, Case No. 12-CR-00407-CW-1, at *7.

### B. Mr. Rojas can demonstrate "actual innocence."

Procedural default can also be cured if the petitioner is "actually innocent." *Bousley*, 523 U.S. at 630. "To establish actual innocence, 'petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Simpson v. Matesanz*, 175 F.3d 200, 210 (1st Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). A petitioner is actually innocent, for instance, where his "conviction and punishment" "are for an act that the law does not make criminal." *Bousley*, 553 U.S. at 626 (Stevens, J., concurring) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)); *see also Vosgien v. Persson*, 742 F.3d 1131, 1135 (9th Cir. 2014) ("One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot as a legal matter have committed the crime.").

As addressed at length below, Mr. Rojas is actually innocent of his § 924(c) conviction because, following *Johnson II* and *Dimaya*, conspiracy to commit aircraft piracy does not constitute a valid "crime of violence" predicate to a § 924(c) conviction. Since one of the elements of § 924(c) is entirely missing here,[2] no "reasonable juror [could legally] have found," (*Simpson*, 175 F.3d at 210 (citation omitted)), Mr. Rojas guilty of using, carrying, or brandishing a firearm during and in relation to a "crime of violence." *See United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1053 (N.D. Cal. 2016) (granting motion

---

[2] One of § 924(c)'s "essential elements" requires "that the defendant commit[ ] [a] predicate . . . crime of violence." *United States v. Currier*, 151 F.3d 39, 41 (1st Cir. 1998).

Appendix 106

to dismiss § 924(c) count where, in light of *Johnson II*, the putative predicate offense no longer qualified as a crime of violence). Mr. Rojas is thus actually innocent of his § 924(c) conviction. *See Meza*, 2018 WL 2048899, at *7 ("A defendant who uses or carries a firearm during and in relation to a crime that is neither a 'crime of violence' nor a 'drug trafficking crime' has not, in fact, violated § 924(c)."). Procedural default should thus be excused.

### III.    *Johnson II* announced a new rule of constitutional law that is retroactive to *all* cases on collateral review.

Likewise, the rule of *Johnson II* as it applies to § 924(c) is retroactively applicable; the government will be unable to show otherwise. After all, *Johnson II* itself is a new, substantive rule that applies retroactively because it narrows the substantive reach of an offense. *Welch*, 136 S. Ct. at 1264-68. Why, then, would its application to § 924(c)(3)(B) not constitute a retroactively applicable rule as well?

The Supreme Court has made *Johnson II* retroactive by holding in *Welch* that *Johnson II* announced a substantive rule that has retroactive effect in cases on collateral review. 136 S. Ct. at 1263. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule," (*id.* at 1265), which "depends . . . on whether the new rule *itself* has a procedural function or a substantive function – that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes." *Id.* at 1266 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* [*II*] changed the substantive reach of the [ACCA], altering 'the range of conduct or class of persons that the [Act] punishes.'" *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court concluded:

> The residual clause is invalid under *Johnson* [*II*], so it can no longer mandate or authorize any sentence. *Johnson* [*II*] establishes, in other words that, "even the use of impeccable factfinding procedures could

not legitimate" a sentence based on that clause. It follows that *Johnson* [*II*] is a substantive decision.

*Id.* (internal citation omitted). "By the same logic, *Johnson* [*II*] is not a procedural decision" because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]," but instead "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.*

Notably, the Court said nothing whatsoever to limit its holding or reasoning to ACCA cases. In fact, *Welch* made clear that the relevant "category" for retroactivity purposes is the "rule," not the kind of case in which it is invoked. The Court framed the question as whether the "new *rule* falls within one of two *categories* that have retroactive effect under *Teague* [*v. Lane*, 489 U.S. 288 (1989)]," defined as "categories of *decisions*" that are "substantive *rules*" or "watershed *rules* of criminal procedure." *Welch*, 136 S. Ct. at 1264 (internal citations and quotation marks omitted). *See also Moore*, 871 F.3d at 82 (explaining that Congress "used words such as 'rule' and 'right' rather than 'holding'" specifically "because it recognizes that the Supreme Court guides the lower courts not just with technical holdings but with general rules that are logically inherent in those holdings").

Because "a straightforward application of *Johnson* [*II*]," (*Dimaya*, 138 S. Ct. 1213), would narrow the elements of § 924(c), effectively holding "that [the] substantive federal criminal statute does not reach certain conduct," (*Bousley*, 523 U.S. at 620), the rule is substantive and thus retroactive. In fact, relying on *Welch*, and given the similarity between the ACCA's and § 924(c)'s residual clauses, multiple federal courts of appeals have authorized successive § 2255 petitions attacking § 924(c) convictions in the wake of *Johnson II. See, e.g., In re Chance,* 831 F.3d 1335, 1337 (11th Cir. 2016) ("*Johnson*'s holding may invalidate the 'very similar' § 924(c)(3)(B) residual clause."); *In re Pinder*, 824 F.3d 977, 978 (11th Cir. 2016); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (rejecting argument "that § 924(c)(3)(B) differs enough from [the ACCA's] residual clause that it was not invalidated by *Johnson*"). *See also* Order, *Evey v. United States*, Case No. SVW-97-CR-00468, slip op. at *7 (C. D. Cal. May 10,

-7-

2018), ("Because all this case requires is a simple application of *Johnson* [*II*], the rationale from *Welch* also applies.").

**IV.     The residual clause of § 924(c)(3)(B) is unconstitutionally vague for the same reasons that § 16(b) is unconstitutionally void.**

The Supreme Court in *Dimaya*, held that § 16(b)'s definition of "crime of violence" is unconstitutionally vague in light of its reasoning in *Johnson*, which invalidated the definition of "violent felony" in the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii) (requiring that an offense "otherwise involve[s] conduct that presents a serious potential risk of physical injury to another"). *Dimaya* found that "a straightforward application of *Johnson*" effectively "resolve[d]" the case. 138 S. Ct. at 1213, 1223. In *Johnson II*, the Court singled out two features of ACCA's residual clause that "conspire[d] to make it unconstitutionally vague." 135 S. Ct at 2557.

First, courts applied a "categorical approach," analyzing a prior conviction by looking not at the conduct underlying the conviction, but instead to the "ordinary case" of that offense. *Id.* at 2557. Second, courts asked "whether that abstraction presents a serious potential risk of physical injury." *Id.* (internal citation omitted). The Court found that the framework had "become too indeterminate to apply." *Id.* at 2573. The categorical approach provided little guidance as to how to distill the "ordinary case" of a particular crime, and the "serious potential risk" standard amplified that uncertainty by providing little guidance – beyond a confusing list of examples – regarding whether a judge-made abstraction of a crime was *sufficiently* risky to qualify. *Id.* at 2557. "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

The analytical framework is the same under both the ACCA and § 924(c). The federal courts of appeals have long applied the same categorical approach to § 924(c)'s residual clause. *See United States v. Fuertes*, 805 F.3d 485, 497-99 (4th Cir. 2015); *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013); *United States v. Butler*, 496 F. App'x 158 (3d Cir. 2012); *United States v. Serafin*, 562 F.3d

1105, 1007-08 (10th Cir. 2009); *United States v. Acosta*, 470 F.3d 132, 135 (2d. Cir. 2006); *United States v. Jennings*, 195 F.3d 795, 797-98 (5th Cir. 1999); *United States v. Kennedy*, 133 F.3d 53, 56-57 (D.C. Cir. 1998); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *United States v. Moore*, 38 F.3d 977, (8th Cir. 1994), *abrogated on other grounds by Leocal v. Ashcroft*, 543 U.S. 1 (2004). Both statutes require courts to first imagine the "ordinary case" presented by a particular offense, and then decide if it qualifies as a crime of violence by assessing the potential risk presented by that abstract ordinary case. For this reason, Section 924(c)'s residual clause is destined to the same fate that met the ACCA's similarly worded clause. *United States v. Herr*, No. 16-10038, 2016 WL 6090714, at *2-*3 (D. Mass. Oct. 8, 2016); *United States v. Crawford*, No. 15-070, 2016 WL 320116 (N.D. Ind. Jan. 27, 2016); *United States v. Edmundson*, 153 F. Supp. 3d 857 (D. Md. 2015).

More recently, *Dimaya* found that § 16(b) suffers from the same two flaws described above. Like the ACCA's residual clause, § 16(b) requires the court to identify a crime's "ordinary case" in order to measure the crime's risk, but "[n]othing in § 16(b) helps courts to perform that task." *Dimaya*, 138 S. Ct. at 1215. And the Court found that § 16(b)'s "substantial risk" threshold is no more determinate that the ACCA's "serious potential risk" threshold. *Id.* Thus, the same "[t]wo features" that "conspire[d] to make" the ACCA's residual clause unconstitutionally vague – "the ordinary case requirement and an ill-defined risk threshold" – also conspired to make § 16(b) unconstitutionally void. *Id.* at 1216, 1223 (citing *Johnson*, 135 S. Ct. at 2557).

Because § 924(c)(3)(B) is identical to § 16(b) – requiring the same categorical ordinary case approach and risk threshold – *Dimaya* dictates that § 924(c)(3)(B) is also unconstitutionally vague. *See In re Hubbard*, 825 F.3d 225, 230 n.3 (4th Cir 2016) ("[T]he language of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent respecting one as controlling analysis of the other."). Indeed, immediately after the Supreme Court issued *Dimaya*, the Tenth Circuit, in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018) found exactly that and struck § 924(c)(3)(B) as unconstitutionally vague. The Seventh Circuit did the same before *Dimaya. See United States v. Cardena,* 842 F.3d 959, 996

(7th Cir. 2015) (§ 924(c)(3)(B) is unconstitutionally vague because it "is the same residual clause contained in [§16(b)]").[3] This Court should hold § 924(c)(3)(B) is unconstitutional as well.

The government has no legitimate basis to argue otherwise. In fact, *Dimaya* has decimated the government's arguments. In pre-*Dimaya* briefing in other cases, the government argued that § 924(c)'s residual clause was distinguishable from the ACCA's residual clause for the same four reasons that it argued that § 16(b) was distinguishable in *Dimaya*: § 16(b) (1) requires a risk that force be used *in the course of committing the offense*, which the ACCA does not; (2) focuses on the use of physical *force* rather than physical *injury*; (3) does not contain a confusing list of enumerated crimes; and (4) does not share the ACCA's history of interpretive failures. *See, e.g.*, Govt's Response, *Rosario-López v. United States*, Civ. No. 17-1092 (ADC) DE-5 at 8-14 (raising these arguments with respect to § 924(c)). Yet, as the Tenth Circuit recognized in *Salas*, *Dimaya* explicitly rejected each of these arguments. *Salas*, 2018 WL 2074547, at *3 (citing *Dimaya*, 1238 S. Ct. at 1218-24).

According to *Salas*, the pre-*Dimaya* circuit decisions that upheld § 924(c)(3)(B)'s constitutionality have been, for the most part, abrogated because they relied on the same four above-noted reasons for distinguishing the identical § 16(b) text from the ACCA that *Dimaya* explicitly rejected. *See Salas*, 2018 WL 2074547, at *3 (citing *United States v. Garcia*, 837 F.3d 708, 711 (5th Cir. 2017); *United States v. Eshetu*, 863 F.3d 946, 955 (D.C. Cir. 2017); *United States v. Ovalles*, 861 F.3d 1257, 1265 (11th Cir. 2017), *vacated* by Order granting petition for rehearing (11th Cir. May 15, 2018); *United States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016); *United States v. Hill,* 832 F.3d 135, 150 (2d Cir. 2016), *amended by* __ F.3d__, 2018 WL 2122417 (2d Cir. 2018) (post-*Dimaya*, amending decision to remove

---

[3]  Likewise, several district courts, post-*Dimaya,* have already held that § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Meza,* 2018 WL 2048899 (D. Mont. May 2, 2018); Order*, United States v. Morrison*, Case No. BLG-SPW-04-CR-126 (D. Mont. May 7, 2018); Order, *United States v. Johnson*, Case No. BLG-SPW-11-CR-140 (D. Mont. May 7, 2018); Order, *Toussaint v. United States*, Case No. 12-CR-00407-CW-1 (N.D. Cal. May 11, 2018); Order, *Evey v. United States*, Case No. SVW-97-CR-00468 (C. D. Cal. May 10, 2018). Section 924(c)'s continuing vitality is an ongoing question in the First Circuit. *See United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017) ("We need not, and so do not, decide whether the § 924(c)(3) residual clause is unconstitutionally vague. . . .").

residual clause analysis and affirming § 924(c) conviction solely based on force clause); *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016)); *see also United States v. Jones,* 854 F.3d 737, 740-41 (5th Cir. 2017).

**V.      Conspiracy to commit aircraft piracy no longer qualifies as a crime of violence.**

Mr. Rojas's § 924(c) conviction was predicated on the federal crime of conspiracy to commit aircraft piracy, 49 U.S.C. § 46502(a)(1)(A)(2)(A). Crim. No. 03-19 (PG) DE-9 (indictment). Thus, with § 924(c)(3)(B) excised, (*see supra* Section IV), the pivotal question becomes whether the putative predicate offense qualifies as a "crime of violence" under § 924(c)(3)(A)'s remaining force clause. The answer to that question depends on whether § 46502(a)(1)(A)(2)(A) necessarily requires as an element the use, attempted use, or threatened use of "violent," "strong," and/or "great" physical force "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 144 (2010) ("*Johnson I*").

As addressed below, conspiracy to commit aircraft piracy does not fit that bill because § 46502(a)(1)(A)(2)(A)'s elements do not require conspirators to threaten, attempt to use, or actually use violent force; the statute only requires an agreement among confederates as a condition of criminal liability.

The conspiracy to commit aircraft piracy statute provides, in relevant part:

> **(a) In special aircraft jurisdiction. – (1)** in this subsection –
>
> **(A)** "aircraft piracy" means seizing or exercising control of an aircraft in the special jurisdiction of the United States by force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent.
>
> (2) An individual committing or attempting or conspiring to commit aircraft piracy –
>
> (A) shall be imprisoned for at least 20 years . . . .

49 U.S.C. § 46502.

To prove a defendant committed aircraft piracy, the government must establish the following elements beyond a reasonable doubt: "(1) a seizure of, or exercise of control over, an aircraft, (2) by means of force, violence, or intimidation, (3) with wrongful intent, (4) when the aircraft is within the special aircraft jurisdiction of the United States." *United States v. Mena*, 933 F.2d 19 (1st Cir. 1991); *see also United States v. Dixon*, 592 F.2d 329, 339-40 (6th Cir. 1979) (similar). With regard to the second element, the Eleventh Circuit has held that "a display of a dangerous weapon is a sufficient use of force and violence for the purpose of hijacking. . . ." *United States v. Pablo-Lugones*, 725 F.2d 624, 626 (11th Cir. 1984).[4]

In turn, the inchoate offense of *conspiracy* to commit aircraft piracy does not contain an overt act requirement. *United States v. Pascacio-Rodriguez*, 749 F.3d 353, 362 n.45 (5th Cir. 2014) (listing conspiracy to commit aircraft piracy among offenses lacking an overt act requirement); *see also United States v. McCollum*, 885 F.3d 300, 307 (5th Cir. 2018) (citing *Pascacio-Rodriguez*, 749 F.3d at 360-62) (same). Indeed, although the federal conspiracy statute requires proof of an overt act, (*see* 18 U.S.C. § 371), "the absence of such a requirement in subsequently enacted federal conspiracy statutes dealing with specific subjects have been taken to reflect an intent by Congress to instead follow the common law as to those other provisions." 2 Wayne R. LaFave, *Substantive Criminal law*, § 12.2(b) (2d ed. 2003) (citing *United States v. Shabani*, 513 U.S. 10, 14-15 (1994)). At common law, "a conspiracy was punishable even though *no act was done beyond the mere making of the agreement*." *Id.* (emphasis added); *accord Shabani*, 513 U.S. at 13-14 ("[T]he common law understanding of conspiracy does not make the doing of any act other than the act of conspiring a condition of liability.") (citation and internal quotation

---

[4] While the issue is not outcome determinative here, Mr. Rojas submits that § 46502(a)(1)(A)(2)(A)'s element of "by means of force, violence, or intimidation" is indivisible. Admittedly, on-point authority is sparse, but the indictment's inclusion of "force," "violence," *and* "intimidation," (Crim. No. 03-19 (PG) DE-9 at 2), "is as clear an indication as any that each alternative is only a possible means of commission, not an element" of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016). Furthermore, as the mere "*display* of a dangerous weapon is a sufficient *use* of force and violence for the purpose of hijacking" (*Pablo-Lugones*, 725 F.2d at 626 (emphases added)), the offense falls short of § 924(c)(3)(A)'s violent force requirement. Hence, the substantive crime categorically is not a crime of violence.

marks omitted). As the language of § 46502(a)(1)(A)(2)(A) does not expressly require an overt act in furtherance of the conspiracy, "Congress' silence speaks volumes," (*Shabani*, 513 U.S. at 14), and an overt act requirement cannot be read onto the statute. As such, the offense does not qualify as a predicate offense under § 924(c)(3)(A)'s force clause.

The government may nonetheless ask the Court to consider that the facts underlying Mr. Rojas's conviction were *actually* violent.[5] The Court should decline this ill-advised invitation. "How a given defendant *actually* perpetrated the crime . . . makes no difference," (*Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (emphasis added), even "if those facts show [the defendant] acted violently." *United States v. Serrano-Mercado*, 784 F.3d 838, 842 (1st Cir. 2015) (citation omitted). That is so because the categorical approach — which governs our analysis here — "does not turn on whether the defendant used . . . violent force in committing the crime as a matter of historical fact, but on whether the use . . . of violent force is required to satisfy one of the statute's elements." *United States v. Starks*, 861 F.3d 306, 315 (1st Cir. 2017). To qualify as a crime of violence, the least culpable of the acts proscribed by the offense must surmount *Johnson I*'s violent force threshold. *See United States v. Fish*, 758 F.3d 1, 15 (1st Cir. 2014) ("Only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant.") (citation omitted); *see, e.g.*, *Starks*, 861 F.3d at 324 (explaining that "if a crime involves a taking of $1 to $1000, we must assume that a conviction was for taking $1").

In the case of an offense like conspiracy to commit aircraft piracy, which does not elementally require proof of an overt act, (*Pascacio-Rodriguez*, 749 F.3d at 362 n.45), "the criminal agreement itself is the *actus reus*." *Shabani*, 513 U.S. at 16. Under these circumstances, there can be no reasonable argument that § 46502(a)(1)(A)(2)(A) necessarily requires *as an element* the (attempted, threatened, or actual) use of force, less so the violent force envisioned by *Johnson I*. *Cf. Baires-Reyes*, 191 F. Supp. 3d at 1049-53 (granting pretrial motion to dismiss § 924(c) charge predicated on conspiracy to commit

---

[5] Mr. Rojas wishes to emphasize that "crime of violence" is a term of art with a specific, narrow definition, (*see* 18 U.S.C. § 924(c)(3)(A)), that is neither controlled nor informed by the dictionary definition of "violence."

Hobbs Act Robbery, which lacks an overt act requirement and, thus, falls outside the scope of § 924(c)'s force clause); *see also id.* at 1049-1050 (collecting similar cases). To be sure, a defendant could factually employ violent force to commit the offense. But use of violent force is not a prerequisite to conviction. As such, conspiracy to commit aircraft piracy does not satisfy § 924(c)(3)'s crime of violence definition, rendering invalid Mr. Rojas's conviction on that count.

## CONCLUSION

### A. Mr. Rojas's § 924(c) conviction should be vacated.

In summary, Mr. Rojas's § 2255 motion challenging his § 924(c) conviction presents a timely cognizable claim, as it relies on a "straightforward application of *Johnson* [*II*]," (*Dimaya*, 138 S. Ct. at 1213), which is a previously unannounced substantive rule of constitutional law made retroactive to cases on collateral review by *Welch*. Second, procedural default is excusable under either the "cause-and-prejudice" or "actual innocence" tests. Third, § 924(c)(3)(B) is analytically, structurally, and semantically identical to § 16(b). After *Johnson II* and *Dimaya* there can be no legitimate argument that § 924(c)(3)(B) is constitutionally permissible while its identical twin is unconstitutionally vague. Fourth, conspiracy to commit aircraft piracy is no longer a crime of violence, meaning Mr. Rojas's § 924(c) conviction lacks one of its crucial elements, rendering his § 924(c) conviction invalid. The § 924(c) conviction should be vacated.

### B. In the alternative, a certificate of appealability should issue.

To the extent Your Honor denies Mr. Rojas's motion to vacate, he respectfully requests that the Court issue a certificate of appealability, allowing him to appeal this issue to the First Circuit. The guarantee that the government not "tak[e] away someone's . . . liberty . . . under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement," (*Johnson II*, 135 S. Ct. at 2556) (citation omitted)), is a constitutional right, and Mr. Rojas presents an issue that would, at the very least, be debatable among reasonable jurists. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2004) (explaining that a certificate of appealability

should issue where "[t]he petitioner . . . demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

## RELIEF REQUESTED

**WHEREFORE**, Mr. Rojas, by and through undersigned counsel, respectfully moves the Honorable Court to note the foregoing motion and grant the petitioner's § 2255 motion, thereby vacating his § 924(c) conviction and sentence and resentencing him on the remaining counts. In the alternative, Mr. Rojas respectfully requests that the Court issue a certificate of appealability.

**Respectfully submitted**,

In San Juan, Puerto Rico, this 24th day of May, 2018.

Eric Alexander Vos
Federal Public Defender
District of Puerto Rico

/s/ *Franco L. Pérez-Redondo*

I certify that on this day I serviced a copy of this motion by filing it in the CM/ECF system.

Franco L. Pérez-Redondo
Research & Writing Specialist
Government No. G02414
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
Tel. (787) 281-4922 / Fax (787) 291-4899
Email: franco_perez@fd.org

-15-

Appendix 116

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JESUS ROJAS-TAPIA**
**Petitioner**                                    **CIVIL NO. 16-2213 (PG)**
                                                 **(Related to Cr. No. 03-19 (PG))**

**v.**

**UNITED STATES OF AMERICA**
**Respondent**

**UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. §2255**

**TO THE HONORABLE COURT:**

COMES NOW, Respondent, the United States of America through the undersigned

attorneys, and to this Honorable Court very respectfully states and prays as follows:

Petitioner Jesús Rojas-Tapia, both pro se and through the Federal Public Defender,

seeks to vacate and correct his sentence under 28 U.S.C. §2255 arguing that *Johnson v. United*

*States*, 135 S.Ct. 2551 (2015) (*Johnson II*), which struck down of the residual clause of the

Armed Career Criminal Act ("ACCA") due to vagueness, invalidates the similarly worded

residual clause of Section 924(c)(3)(B). (ECF No. 1, 14). He further argues that the "crime of

violence" charged alongside the 924(c) violation – conspiracy to commit aircraft piracy – fails

to categorically qualify as a crime of violence under the statute's "force clause," 18 U.S.C. §

924(c)(3)(A). (*Id.*). Therefore, Rojas-Tapia avers that without § 924(c)'s residual clause, he

is not guilty of Count Three (the § 924(c) charge). Rojas-Tapia's claim fails in light of binding

precedent.

The recent First Circuit Court of Appeals decision in *United States v. Douglas*,__

F.3d__, 2018 WL 4941132 (1st Cir. October 12, 2018), directly rejects Rojas-Tapia's

arguments. According to *Douglas*, "[Section] 924(c)(3)(B) is not . . . void for vagueness. That

is because the statute reasonably allows for a case-specific approach, considering real-world conduct, rather than a categorical approach." *Id.* at *1. Rojas-Tapia makes no argument that if the residual clause is not void, his crime nonetheless does not qualify as a crime of violence. Therefore, he was waived any argument to that effect. *See United States v. Casey*, 825 F.3d 1, 12 (1st Cir. 2016) (arguments not raised in opening brief ordinarily deemed waived); *United States v. Henry*, 848 F.3d 1, 7 (1st Cir. 2017) (same).

Even if not waived, any such argument would be futile. Section 924(c)'s residual clause designates any crime that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" as a crime of violence. Rojas-Tapia was not only convicted of aircraft piracy, but of armed aircraft piracy. (Cr. ECF NO. 156, 169). Moreover, the facts of the crime clearly show the requisite substantial risk:

> On December 30, 2002, Rojas-Tapia and an associate hijacked a rented helicopter and forced the pilot, at gunpoint and on threat of death, to fly them to the state penitentiary in Ponce, Puerto Rico, where five inmates were waiting on the penitentiary's roof, one of whom was the defendant's brother, Jose. After the helicopter departed the penitentiary, it dropped all seven men in a rural area, where the defendants went into hiding. Following a massive police hunt, the defendant, his brother, and one of the prison escapees were arrested on January 2, 2003. All three were in possession of firearms.

*United States v. Rojas-Tapia*, 446 F.3d 1, 2 (1st Cir. 2006).

Finally, the fact that Rojas-Tapia was convicted of conspiracy in Count One does not alter the conclusion. Assuming that Count Three (the § 924(c) charge) was so limited to Count One (and not Count Two which charged armed aircraft piracy), his claim is also defeated by *Douglas*. In *Douglas*, the First Circuit also concluded that the proven conspiracy to commit a Hobbs Act robbery qualified as a "crime of violence." *Id.* As in *Douglas*, the facts proven at trial meet the requisite threshold.

2

Given this binding precedent, the Court should deny Rojas-Tapia's motion to vacate, set aside or correct his sentence. Finally, because Rojas-Tapia has failed to make a substantial showing of a denial of a constitutional right, the Court should decline to issue a certificate of appealability in the event he makes such a request on this issue.

**WHEREFORE**, in view of the foregoing, the United States respectfully submits that the pending § 2255 motion should be denied and the case dismissed with prejudice.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this November 1, 2018.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

/s/  Mariana E. Bauzá-Almonte
Mariana E. Bauzá-Almonte – G00309
Assistant United States Attorney
Chief Appellate Division
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which will send notification to counsel of record.

/s/  Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

Appendix 119

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JESÚS ROJAS-TAPIA,**
*Petitioner,*

v.

**UNITED STATES OF AMERICA,**
*Respondent.*

Civil Case No. 16-2213 (PG)
Related to Criminal Case No. 03-019 (PG)

## PETITIONER'S REPLY MEMORANDUM

TO THE HONORABLE JUAN PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

The petitioner, Jesús Rojas-Tapia, ("Mr. Rojas"), represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, respectfully states and requests:

### I.    Introduction

In this case, Mr. Rojas challenges the vitality of his 18 U.S.C. § 924(c) conviction, which was predicated on the crime of conspiracy to commit aircraft piracy, 49 U.S.C. § 46502(a)(1)(A)(2)(A). In essence, he contends that § 924(c)(3)(B)'s "residual" clause is void for vagueness in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*") and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and that conspiracy to commit aircraft piracy does not satisfy § 924(c)(3)(A)'s remaining "force" clause because the minimum conduct criminalized by that offense does not require the "violent" force *Johnson v. United States*, 559 U.S. 133, 144 (2010) ("*Johnson I*") demands. Hence, Mr. Rojas's § 924(c) conviction cannot stand.

The government counters that Mr. Rojas's challenge is foreclosed by the First Circuit's decision in *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018). DE-25 ("Response") at 1-3. The *Douglas* panel certainly held, *inter alia*, that § 924(c)(3)(B) is *not* unconstitutionally vague and that its residual clause "reasonably allows for a case-specific approach, considering real-world conduct, rather than a

categorical approach…." *Id.* at 4. But, as addressed below, Mr. Rojas respectfully submits that *Douglas* was decided incorrectly. And, as six federal courts of appeals are evenly divided on the issue of whether § 924(c)(3)(B) is void for vagueness, he wishes to preserve the issue for further review.

**II.      Arguments and Authority**

**A.  *Douglas* was decided incorrectly.**

The Supreme Court in *Dimaya* held that § 924(c)(3)(B)'s identical twin (18 U.S.C. § 16(b)) was unconstitutionally vague in light of its decision in *Johnson II.* That clause, like the one at § 924(c)(3)(B), defines a "crime of violence" as an "offense" that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Like the residual clause deemed void for vagueness in *Johnson II,* § 16(b) "also calls for a court to identify a crime's 'ordinary case' in order to measure the crime's risk …And § 16(b) also possesses the second fatal feature of ACCA's residual clause: uncertainly about the level of risk that makes a crime 'violent.'" *Id.* at 1215.

As in *Johnson II,* *Dimaya* employed the "ordinary case" categorical approach. "The question," five Justices explained,

> is not whether "the particular facts" underlying a conviction posed the substantial risk that § 16(b) demands. Neither is the question whether the statutory elements of a crime require (or entail) the creation of such a risk in each case that the crime covers. The § 16(b) inquiry instead turns on the "nature of the offense" generally speaking. More precisely, § 16(b) requires a court to ask whether "the ordinary case" of an offense poses the requisite risk.

138 S. Ct. at 1211 (footnote and citations omitted).

While the Chief Justice dissented from the judgment, he agreed: "Under our decisions, [§ 16(b)] ask[s] the sentencing court to consider whether a particular offense, defined without regard to the facts of conviction, poses a specified risk." *Id.* at 1235 (Roberts, C.J., dissenting). In so doing, "a court must take into account how th[e] elements [of the offense] will ordinarily be fulfilled. *Id.* at 1236. Thus, a six-Justice majority – not a plurality – adhered to the "ordinary case" approach.

Following *Dimaya*, the *Douglas* panel abandoned the "ordinary case" approach in favor of a "case specific" inquiry for § 924(c)(3)(B). In the panel's view, the Supreme Court's ruling that text identical to § 924(c)(3)(B) is unconstitutionally vague allowed it to apply the canon of constitutional avoidance to save § 924(c)(3)(B)'s residual clause. But the avoidance canon has no role to play here: the "case specific" approach is not a plausible reading of § 924(c)(3)(B) and – in any event – that approach is unconstitutional.

First, the canon of constitutional avoidance "is a tool for choosing between competing plausible interpretations of a statutory text," but a facts-based "case specific" reading of § 924(c)(3)(B) is not plausible. In a unanimous decision construing § 16(b) – which is identical to § 924(c)(3)(B) – the Court explained that the text "directs our focus to the 'offense'" and, specifically, to an

> "*offense* that is a felony and that, *by its nature*, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This language requires us to look to the elements and the natue of the offense of conviction, rather than to the particular facts relating to petitioner's crime.

*Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004) (emphasis in original).

The *Douglas* panel, however, did not so much as acknowledge that *Leocal* exists.

Instead, it cited *Nijhawan v. Holder*, 557 U.S. 29 (2009), which notes "words such as 'crime,' 'felony,' 'offense,' and the like sometimes refer to a generic crime … and sometimes refer to the specific acts." *Id.* at 33-34. In adopting the "specific acts" reading for the fraud offense at issue in *Leocal*, the Court indicated that its "*language … is consistent with a circumstance-specific approach.*" *Id.* at 38 (emphasis added). Here, by contrast, the "language" of § 924(c)(3)(B) "requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts." *Leocal*, 543 U.S. at 7. "The question, we have explained, is not whether 'the particular facts' underlying a conviction posed the substantial risk." *Dimaya*, 138 S. Ct. at 1211 (quoting *Leocal*, 543 U.S. at 7).

The *Douglas* panel also found it significant that *Johnson II* and *Dimaya* involved "*prior* convictions," while § 924(c)(3)(B) concerns "*pending*" or contemporaneous offenses. *Douglas*, 907 F.3d

at 13 (emphasis in original). Neither of those cases, however, turned on that fact: both cite the text of the residual clause as the key reason for the categorical approach. *See Johnson II*, 135 S. Ct. at 2562; *Dimaya*, 138 S. Ct. at 1211 (citing "nature of the offense" and the residual clause's "'by its nature' language").

Moreover, § 924(c)'s definition of "crime of violence" has always applied to both past and pending cases. That definition comes from 18 U.S.C. § 16, which Congress "enacted as part of the Comprehensive Crime Control Act of 1984." *Leocal*, 543 U.S. at 6. "Congress employed the term 'crime of violence' in numerous places in the Act, such as for defining the elements of particular offenses" subject to present prosecution, *id.*, and for provisions involving past conduct, such as laws "rendering an alien deportable for committing a crime of violence." *Id.* at 7 n.4. Congress, in sum, "provided in § 16 a general definition of the term 'crime of violence' to be used throughout the Act." *Id.* at 6. And there is no indication that Congress wanted the definition to mean one thing for present conduct and another for past.

In like vein, the Supreme Court rejects "the dangerous principle that judges can give the same statutory text different meanings in different cases." *Clark v. Martinez*, 543 U.S. 371, 386 (2005). The definition of "crime of violence" is a constant and requires the categorical approach. *See United States v. Bell*, 966 F.2d 703, 705 (1st Cir. 1992) (rejecting "fact-specific approach" for present or contemporaneous offenses given the "weird asymmetry" that would follow if the "same crime, if committed contemporaneously, could be considered a crime of violence … but if committed in the past, could not…. We are hard pressed to believe that [ ] Congress … wished to foster so bizarre an anomaly."). *See also United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995) (rejecting claim that, because "the practical difficulties inherent in relitigating a prior conviction … [are] not present in a [§]924(c) case," a jury should "examine the circumstances of the defendant's crime….Congress intended a categorical approach to the 'crime of violence' language in subsection (3)(B).").

That the text of § 924(c)(3)(B) does not support a "case specific" reading is buttressed by Congress's reaction to *Johnson II* and *Dimaya*. A pending bill proposes striking the words "by its nature" from § 924(c)(3)(B) and replacing them with "based on the facts underlying the offense." H.R. 7113 § 2(a) (115th Cong., 2d Sess.). This change would "apply to any offense committed on or after the date of the enactment of this Act," *id.* § 3(a), which confirms that § 924(c)(3)(B) requires – and always has required – the categorical approach. Indeed, the panel that decided *Douglas* broke with binding precedent. *Compare United States v. Weston*, 960 F.2d 212, 217 (1st Cir. 1992) (The question whether an offense "constitute[s] [a] crime[ ] of violence" under § 924(c) does not entitle one to "trial by jury on a factual issue …. [T]he court did no more than fulfill its proper function as the arbiter of the law, directing the jury" that certain offenses qualify….), *with Douglas*, 907 F.3d at 14 ("The application of § 924(c)(3)(B) to the real-world conduct described in the pending charge means that the facts concerning the relevant predicate crime (and whether it amounts to a crime of violence) will be in front of a jury, if a case goes to trial…."). Never during the decades that § 924(c)(3)(B) was universally understood to require the categorical approach did Congress rewrite it, which further confirms that the statute requires that approach. *See Apex Hosiery Co. v. Leader*, 310 U.S. 469, 488 (1940) ("The long time failure of Congress to alter the Act after it had been judicially construed" signals that "the judicial construction is the correct one.").

Finally, *Douglas* indicated it was interpreting § 924(c)(3)(B) to save the residual clause from the same fate as met the provisions at issue in *Johnson II* and *Dimaya*. However, the Supreme Court has "reject[ed] a dynamic view of statutory interpretation, under which the text might mean one thing when enacted yet another if the prevailing view of the Constitution later changed." *Martinez*, 543 U.S. at 382 (citation omitted). The residual clause at § 924(c)(3)(B) has long been read to require the categorical approach, which was always understood to be constitutional – until *Johnson II*. But the new rule announced in *Johnson II* did not change the clause's text. And the text cannot "require[ ] the categorical approach, *Leocal*, 543 U.S. at 7, and then suddenly not. "That is not how the canon of

constitutional avoidance works." *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018). The canon "does not give a court the authority to rewrite a statute," *id.*, even where, as here, the approach the statute "requires," *Leocal*, 543 U.S. at 7, is held unconstitutionally vague. Under such circumstances, it is for Congress – not a court – to redraft the law.

Second, the canon of constitutional avoidance applies only "if a reasonable alternative interpretation poses no constitutional question," *Gomez v. United States*, 490 U.S. 858, 864 (1989), but the "case specific" approach poses myriad problems of its own. For starters, if a "crime of violence" is a "case specific" question, then countless defendants who pleaded guilty to § 924(c) did so without "real notice of the true nature of the charge," which is "the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998).

Likewise for trials, the indictment did not "fairly inform[ ] [the] defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Defendants like Mr. Rojas had neither notice nor opportunity to defendant against the "crime of violence" charge: that was a legal issue for the judge. Similarly, the indictment is "no longer the indictment of the grand jury who presented it." *Stirone v. United States*, 361 U.S. 212, 216 (1960). The grand jury that returned Mr. Rojas's indictment alleged a conspiracy that is a "crime of violence" in the "ordinary case," not that his "case specific" conduct qualified.

Equally problematic, applying a "case specific" approach would pose problems going forward, since different courts may find certain crimes satisfy § 924(c)(3)(B) in some circumstances but not others. This practice would "violate the requirement of the Due Process Clause that a criminal statute give fair warning of the conduct which it prohibits." *Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964). When an offense may count as a "crime of violence" and – simultaneously – not count as one, there simply is no "fair warning." And, given that the "case specific" approach emphasizes the possession or use of a firearm, there is no limit to what a jury may deem a "crime of violence."

Significantly, in 1984, Congress narrowed § 924(c) – which had applied to "any felony" – to apply only to a "crime of violence." *See* Pub. L. 98-473 § 1005; 98 Stat. 1837 (1984). The First Circuit's ruling undoes that: "any felony" can now qualify once more. This action represents a "judicial enlargement of a criminal act by interpretation," *Bouie*, 378 U.S. at 352, and thus violates separation of powers principles. *See Dimaya*, 138 S. Ct. at 1212 (opinion of four Justices); *id.* at 1227-28 (Gorsuch, J., concurring).

In short, the "case specific" approach creates unconstitutionality of its own and, as such, the avoidance canon does not apply. *See id.* at 1217 (opinion of four Justices); *id.* at 1254 (explaining that the canon does not apply if the alternate reading "create[s] problems of its own") (Thomas, J., dissenting).

### B.  The government's remaining arguments are unavailing.

The government next avers that "[a]ssuming that Count Three (the § 924(c) charge) was so limited to Count One (and not Count Two which charged armed aircraft piracy), his claim is also defeated by *Douglas.*" Response at 2. To the extent the government claims Mr. Rojas's § 924(c) can stand, even if it relies on a different § 924(c) predicate offense than the one charged in the indictment, that would constitute a constructive amendment or fatal variance. *See United States v. Randall*, 171 F.3d 195 (4th Cir. 1999) ("[I]f the government specifies in the indictment the § 924(c) predicate offense on which it is relying, a conviction that rests, no matter how comfortably, on proof of another predicate offense cannot stand.") (citation, alterations, and internal quotation marks omitted); *cf. In re Gomez,* 830 F.3d 1225 (11th Cir. 2016) (authorizing successive § 2255 motion where jury "had multiple crimes to consider in a single count, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm….Either way, a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of predicate offenses, or guilty of conspiring during some and not others."). As such, the

jury could only permissibly find that the § 924(c) conviction was predicated on the conspiracy count. Anything else would constitute reversible error.

Last, the government claims, without analysis, that a certificate of appealability should not issue given that Mr. Rojas purportedly "has failed to make a substantial showing of a denial of a constitutional right…." Response at 3. That assertion ignores the fact that three federal courts of appeals have now deemed § 924(c)(3)(B) unconstitutionally vague and its status is likely to come before the Supreme Court this next term. As the law affecting Mr. Rojas's claims is far from settled, at the very least, a certificate of appealability should issue.

**RELIEF REQUESTED**

**WHEREFORE**, Mr. Rojas, by and through undersigned counsel, respectfully moves the Honorable Court to note the foregoing Reply Memorandum and to rule accordingly. In the alternative, Mr. Rojas respectfully moves the Court to issue a certificate of appealability on the questions presented herein.

**Respectfully submitted**,

In San Juan, Puerto Rico, this 10th day of December, 2018.

Eric Alexander Vos
Federal Public Defender
District of Puerto Rico

I certify that on this day I serviced a copy of this motion by filing it in the CM/ECF system.

/s/ *Franco L. Pérez-Redondo*
Franco L. Pérez-Redondo
Research & Writing Specialist
USDC-PR G02414
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
Tel. (787) 281-4922 / Fax (787) 291-4899
Email: franco_perez@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JESÚS ROJAS-TAPIA,
*Petitioner*,

v.

UNITED STATES OF AMERICA,
*Respondent*.

No. 16-cv-2213-JAG
(Related to Case No. 03-cr-19-JAG)

**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITIONER'S MOTION TO VACATE**

TO THE HONORABLE JAY A. GARCÍA-GREGORY
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

Following the residual clause's demise, Mr. Rojas's 18 U.S.C. § 924(c) conviction cannot stand because the crime of violence on which it is premised (conspiracy to commit aircraft piracy) is not a crime of violence at all. All it takes to convict a defendant of conspiring to commit aircraft piracy is proof of an agreement; no overt act is necessary. This feature brings the offense outside the reach of the force clause. As such, Mr. Rojas stands convicted of a non-offense, a "crime" the law does not make criminal.

Even if the jury was allowed to convict Mr. Rojas of a § 924(c) violation on a theory of substantive aircraft piracy *and* conspiracy to commit aircraft piracy, we must assume that Mr. Rojas's conviction rested on the least culpable conduct criminalized by the statute: conspiracy to commit aircraft piracy. The jury, moreover, was not charged with finding unanimity on either option. As a result, the jury instructions authorized a non-unanimous verdict on a non-existent offense.

Whatever the case, this is precisely the type of constitutional error federal habeas review is meant to correct. Accordingly, the Court should grant the 28 U.S.C. § 2255 motion, vacate the unlawful conviction and sentence, and resentence Mr. Rojas.

# Table of Contents

Relevant Background ........................................................................................................................1

Discussion ........................................................................................................................................2

    I.  After *Davis*, Mr. Rojas's 18 U.S.C. § 924(c) conviction cannot be sustained where the underlying predicate — conspiring to commit aircraft piracy — is not a crime of violence. ...............................3

        A.   The categorical approach, which focuses on the least culpable conduct criminalized by a statute, applies to the § 924(c) force clause ................................................................................3

        B.   Under the categorical approach, the federal crime of conspiracy to commit aircraft piracy is not a crime of violence. ..............................................................................................................6

        C.   Under the categorical approach, we must presume that Mr. Rojas's § 924(c) count was predicated on conspiracy to commit aircraft piracy, which is not a "crime of violence." .............7

        D.   The harmfulness of the *Shepard* error is exacerbated here because the jury instructions authorized a non-unanimous verdict on a non-existent offense. ........................................................9

    II.  *Davis* announced a new rule of constitutional law that applies retroactively. ............................11

    III.  Waiver, forfeiture, and procedural default do not apply to Mr. Rojas's claim that his conviction violates the Constitution and laws of the United States. ...................................................12

        A.   Mr. Rojas's challenge to his § 924(c) conviction is jurisdictional and, as such, it cannot be waived, forfeited, or procedurally defaulted. ...................................................................................12

        B.   Even assuming Mr. Rojas's challenge is not jurisdictional in nature, and thus subject to procedural default, any procedural default ought to be excused by both cause and prejudice and actual innocence. ................................................................................................................................14

Conclusion ......................................................................................................................................14

## RELEVANT BACKGROUND

In 2003, Mr. Rojas and others were indicted for three crimes: conspiracy to commit aircraft piracy, 49 U.S.C. § 46502(a)(1)(A)(2)(A) (count one); aircraft piracy, 49 U.S.C. § 46502(a)(1)(A)(2)(A) (count two); and aiding and abetting in the use of a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1) and 2 (count three). Cr. ECF No. 9 at 1-5.[1]

The indictment identified just one § 924(c) predicate: conspiracy to commit aircraft piracy, as charged in count one. Cr. ECF No. 9 at 4-5.

Mr. Rojas went to trial and was convicted on all counts. Cr. ECF No. 156. At trial, the jury was directed to answer the following question if they found Mr. Rojas guilty on count three:

> Do you unanimously agree, by proof beyond a reasonable doubt, that as to Count Three of the indictment a firearm was brandished during and in relation to a crime of violence, to wit: conspiracy to commit aircraft piracy as charged in Count One and aircraft piracy as charged in Count Two.
>
> _____ Yes                          _____ No

Cr. ECF No. 157 at 1. An "x" was placed next to the space marked "Yes." Cr. ECF No. 157.

Mr. Rojas was sentenced to 449 months in prison. This consisted of 365 months on the conspiracy and substantive aircraft piracy counts, to be served concurrently with each other, plus an eighty-four-month sentence on the § 924(c) violation. Cr. ECF No. 169 at 2.

In 2016, Mr. Rojas filed a timely 28 U.S.C. § 2255 motion challenging his § 924(c) conviction based on _Johnson v. United States_ ("_Johnson II_"), 576 U.S. 591 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ("ACCA") is void for vagueness) and related precedent, _see Sessions v. Dimaya_, 138 S. Ct. 1204 (2018) (invalidating the residual clause of 18

---

[1] Unless otherwise noted, we use "ECF No." when citing to docket entries in the captioned case, and "Cr. ECF No." when citing to docket entries in the underlying criminal case, No. 03-cr-19-JAG. For the convenience of the Court and the parties, all statutes and cases cited in this supplemental brief contain Westlaw hyperlinks.

U.S.C. § 16(b)). ECF No. 1 (§ 2255 motion), ECF No. 14 (supplemental § 2255 motion); ECF No. 32 (reply).The § 2255 motion asserted, *inter alia*, that (i) the residual clause in 18 U.S.C. § 924(c)(3)(B)'s "crime of violence" definition was unconstitutionally vague, and that (ii) conspiracy to commit aircraft piracy did not satisfy the force clause of § 924(c)(3)(A), rendering unlawful the § 924(c) conviction and sentence.

The § 2255 motion was denied in a line order, ECF No. 33, and Mr. Rojas appealed. In denying § 2255 relief, the late Judge Juan Pérez Giménez relied on *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018), cert. granted, judgment vacated, 139 S. Ct. 2775 (2019), which held that § 924(c)(3)(A)'s residual clause was *not* constitutionally infirm and that a "fact-specific" approach, rather than the categorical approach, applied to § 924(c).

The *Douglas* decision was vacated, however, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court held that, contrary to *Douglas*, the § 924(c)(3)(A)'s residual clause was, like the residual clause in the ACCA and in § 16(b), unconstitutionally vague. *Davis*, 139 S. Ct. at 2329. In further contrast to *Douglas*, the *Davis* decision also confirmed that § 924(c) unequivocally calls for the categorical approach.

The First Circuit vacated the order denying § 2255 relief and remanded this case "for further proceedings in light of *Davis*." *Rojas-Tapia v. United States*, No. 19-1264 (1st Cir. Jan. 23, 2020) (judgment). After the matter was reassigned to the Honorable Jay A. García Gregory, ECF No. 42, the Court invited the parties to submit supplemental briefing. ECF No. 43. This filing follows.

## DISCUSSION

A conviction for conspiring to commit aircraft piracy may rest on nothing more than an agreement; it does not require an overt act in furtherance of the agreement, much less the use of violent force. Even if the jury verdict is ambiguous as to whether Mr. Rojas was convicted of violating § 924(c) during and in relation to a conspiracy or substantive aircraft-piracy count, the trial court did

not require unanimity on a specific predicate offense. The trial court therefore authorized a non-unanimous verdict on a non-existent offense, a double error that requires § 2255 relief. We must presume, moreover, that Mr. Rojas's § 924(c) violation is predicated on the least culpable act criminalized by the aircraft-piracy statute: conspiracy to commit aircraft piracy. As the aircraft piracy conspiracy does not satisfy the force clause, Mr. Rojas's § 924(c) conviction cannot stand.

Before addressing these points, we provide a brief overview of the statutes at issue in this case and recap the rules for determining whether an offense meets § 924(c)'s crime-of-violence definition.

I.  **After *Davis*, Mr. Rojas's 18 U.S.C. § 924(c) conviction cannot be sustained where the underlying predicate — conspiring to commit aircraft piracy — is not a crime of violence.**

As stated, the § 924(c) violation at issue here was predicated on the federal crime of conspiracy to commit aircraft piracy. That statute, in relevant part, provides:

> **(A)**  "aircraft piracy" means seizing or exercising control of an aircraft in the special aircraft jurisdiction of the United States by force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent.
>
> **(B)**  an attempt to commit aircraft piracy is in the special aircraft jurisdiction of the United States although the aircraft is not in flight at the time of the attempt if the aircraft would have been in the special aircraft jurisdiction of the United States had the aircraft piracy been completed.
>
> **(2)**  An individual committing or attempting or conspiring to commit aircraft piracy –
>
>> **(A)** shall be imprisoned for at least 20 years . . .

49 U.S.C. § 46502(a)(1)(A)(2)(A).

A.  **The categorical approach, which focuses on the least culpable conduct criminalized by a statute, applies to the § 924(c) force clause.**

After *Davis*, an offense qualifies as a crime of violence only if it satisfies the force clause of § 924(c) — that is, if it "has as an element the use, attempted use, or threatened use of physical force

against the person or property of another." 18 U.S.C. § 924(c)(3)(A). As the Supreme Court confirmed in *Davis*, in determining whether an offense satisfies the force clause, courts apply the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990). *Davis*, 139 S. Ct. at 2328.

Under the categorical approach, courts consider whether "the elements of the crime of conviction," necessarily require the use, attempted use, or threatened use against the person of another. *Taylor*, 848 F.3d at 491. "[P]hysical force," *id.*, is a term of art that is defined as "violent," "strong," and/or "great" force "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 144 (2010) ("*Johnson I*"). "If any — even the least culpable — of the acts criminalized do not entail that kind of force, the statute . . . cannot serve as a[ ] [§ 924(c)] predicate." *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021). That is so because the categorical approach "does not turn on whether the defendant used . . . violent force in committing the crime as a matter of historical fact, but on whether the use . . . of violent force is required to satisfy one of the statute's elements." *United States v. Starks*, 861 F.3d 306, 315 (1st Cir. 2017).

For the limited purpose of "help[ing] to implement the categorical approach," in a "narrow range of cases," a court may look at a short list of judicial documents (authorized by *Shepard v. United States,* 544 U.S. 13, 26 (2005)) to determine whether the defendant was "necessarily" convicted of an offense that qualifies as a "crime of violence." *Descamps v. United States*, 570 U.S. 254, 261, 262. This approach, known as the modified categorical approach, is also elements based. *See id.*

A federal court may apply the modified categorical approach only if the relevant crime at issue is "divisible." *Id.* at 260. A statute is considered elementally divisible when it lists "potential elements in the alternative, render[ing] opaque which element played a part in the defendant's conviction." *Id.* at 255; *see also Shepard v. United States*, 544 U.S. 13 (2005).[2] If a statute is divisible, a court may review

---

[2] More precisely, a divisible statute lists elements in the alternative, with some but not all of those alternative elements meeting the crime-of-violence definition. *United States v. Colón-Maldonado*,

Appendix 133

*Shepard* documents only to determine "which of the statute's alternative elements" necessarily formed the basis of the defendant's conviction. *See Descamps*, 570 U.S. at 262.[3]

Most importantly, under the modified categorical approach, a court cannot lawfully make a "crime of violence" finding unless the *Shepard* documents establish with "certainty" that the defendant was "necessarily" convicted of elements constituting a "crime of violence." *Shepard*, 544 U.S. at 21-22, 23. "[P]lausibility or even likelihood" that the defendant was convicted of elements constituting a "crime of violence" will not do. *United States v. Clay*, 627 F.3d 959, 967 (4th Cir. 2010). "If, at the end of this review 'such record materials' do not 'speak plainly,' then 'a . . . judge will not be able to satisfy '*Taylor*'s demand for certainty.'" *United States v. Faust*, 853 F.3d 39, 52 (1st Cir. 2017) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016)).

Given the Supreme Court's demand for certainty, when the *Shepard* documents do not speak plainly (i.e., establish the elements of which a defendant was necessarily convicted), the court must presume that the defendant was convicted of the least serious of the disjunctive elements of the statute. *Faust*, 853 F.3d at 52. This is true even when a count in the indictment alleges the alternative elements in the conjunctive.

As the Fourth Circuit held in *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc), and again in *United States v. Chapman,* 666 F.3d 220, 228 (4th Cir. 2012) (en banc), the mere fact that a count in an indictment charges alternative elements of a statute in the conjunctive (for example, a § 924(c) count, which alleges both Hobbs Act robbery *and* Hobbs Act conspiracy as § 924(c) predicates) does not mean that the defendant was necessarily convicted of both sets of elements.

---

953 F.3d 1, 7 (1st Cir. 2020). If, however, a statute merely lists alternative factual means of committing the offense, then it is not divisible. *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).

[3] These documents are the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant, a judge's factual findings in a bench trial, jury instructions, and comparable judicial records. *Shepard*, 544 U.S. at 13, 20, 26.

"Indictments often allege conjunctive elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements or that a defendant admit to all of them when pleading guilty." *Vann*, 660 F.3d at 774 (quoting *Omari v. Gonzales*, 419 F.3d 303, 308 n.10 (5th Cir. 2005)).

Therefore, "when a defendant pleads guilty to a formal charge in the indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct" unless *Shepard* documents conclusively establish otherwise. *Chapman*, 666 F.3d at 227-28. This same rule applies to jury trials. As the en banc Fourth Circuit clarified in *Vann*, similar to guilty pleas, "in trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced — in the absence of a special verdict form identifying the factual bases for conviction — to a term of imprisonment exceeding the statutory maximum for the 'least-punished' of the disjunctive statutory conduct." 660 F.3d at 774.[4]  And if the least serious of the disjunctive elements is broader than the § 924(c) "crime of violence" definition, then the offense categorically fails to constitute a "crime of violence" and cannot support a § 924(c) conviction. *See Borden*, 141 S. Ct. at 1822 ("An offense does not qualify as a [crime of violence] unless the *least* serious conduct it covers falls within the [force] clause.").

**B.    Under the categorical approach, the federal crime of conspiracy to commit aircraft piracy is not a crime of violence.**

With the residual clause's demise, the offense of conspiracy to commit aircraft piracy does not qualify as a crime of violence under § 924(c)'s surviving force clause for a simple reason: the aircraft-piracy-conspiracy statute does not contain an overt act requirement. *See United States v. Pascacio-*

---

[4] *See id.* at 775 ("if Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute.").

*Rodriguez*, 749 F.3d 353, 362 n.45 (5th Cir. 2014). Rather, the only elements necessary to prove the conspiracy are: "(1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act by unlawful means." *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1182 (11th Cir. 2006). Those elements do not include the "use, attempted use, or threatened use of force." 18 U.S.C. § 924(c)(3)(A). Rather, "conspiracy's elements are met as soon as the participants have made an agreement." *Dimaya*, 138 S. Ct. at 1219.

Consequently, federal courts of appeals have held that conspiracies do not fit the force clause because "an agreement does not invariably require the actual, attempted, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc); *see also United States v. Lewis*, 907 F.3d 891, 895 (5th Cir. 2018); *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018), *aff'd in relevant part*, 139 S. Ct. 2319. Even the government agrees that conspiracy offenses do not satisfy § 924(c)(3)(A)'s force clause. *See* Brief for the United States at 7 n.9, *United States v. Douglas*, No. 18-1129 (1st Cir. Aug. 3, 2018) ("[T]he Department of Justice's position is that a conspiracy offense does not have 'as an element the use . . . of physical force against the person or property of another.'") (quotation omitted), *available at* 2018 WL 3830648.

### C. Under the categorical approach, we must presume that Mr. Rojas's § 924(c) count was predicated on conspiracy to commit aircraft piracy, which is not a "crime of violence."

Applying the categorical approach here, the Court must first determine the alleged "crime of violence" upon which Mr. Rojas's § 924(c) conviction (count three) was predicated. The predicate "crime of violence" alleged in count three of the indictment was conspiracy to commit aircraft piracy, in violation of 49 U.S.C. § 46502(a)(1)(A)(2)(A). Nevertheless, at trial, the jury was charged, albeit in less than clear terms, that it could also convict on count three on the theory that Mr. Rojas had possessed the firearm during and in relation to the substantive aircraft piracy count charged in count two.

Section 46502(a)(1)(A)(2) sets forth multiple crimes with alternative elements, including: (1) aircraft piracy, (2) attempting to commit aircraft piracy, and (3) conspiring to commit aircraft piracy. 49 U.S.C. § 46502(a)(1)(A)(2). If the offense is indivisible, then the Court must presume that the conviction rested on the least culpable conduct captured by § 46502(a)(1)(A)(2), rendering the offense categorically not a crime of violence. Assuming § 46502(a)(1)(A)(2) is divisible, this Court must apply the modified categorical approach and review the available *Shepard* documents to determine which of the multiple crimes *necessarily* served as the basis for the § 924(c) conviction. Either way, Mr. Rojas's § 924(c) conviction cannot stand.

The available *Shepard* documents here — the indictment, the jury instructions, and the special verdict form — fail to conclusively establish the basis for the § 924(c) conviction. Again, though count three of the indictment only identified conspiracy to commit aircraft piracy as the predicate "crime of violence" under § 924(c), the verdict form directed that the jury could find guilt on both conspiracy to commit aircraft piracy, the substantive aircraft piracy count, or a combination thereof:

> Do you unanimously agree, by proof beyond a reasonable doubt, that as to Count Three of the indictment a firearm was brandished during and in relation to a crime of violence, to wit: conspiracy to commit aircraft piracy as charged in Count One and aircraft piracy as charged in Count Two.

Cr. ECF No. 157 at 1. The jury found guilt under these terms without specifying whether aircraft piracy or conspiracy to commit aircraft piracy necessarily served as the basis for the § 924(c) conviction. *See id.*

Indeed, the jury instructions on the § 924(c) count authorized such an ambiguous verdict because, although the jury was directed to complete a special verdict form, the trial judge did not instruct the jury to select conspiracy versus the substantive count or even unanimously find one versus the other as the § 924(c) predicate:

> Also, a special verdict form had been prepared for you as to count three of the indictment. Count three charges the possession of firearms

> in furtherance of the crime of violence in this case. This verdict form
> reads, If you find the defendant, Jesus Rojas Tapia, guilty of count
> three, then you must answer the following question: Do you
> unanimously agree by proof beyond a reasonable doubt that a firearm
> was brandished during and in relation to the conspiracy to commit
> aircraft piracy charged in count one of the indictment and count two
> of the indictment, which charges the substantive aircraft piracy. You
> answer yes or no once you have reached a unanimous agreement
> beyond a reasonable doubt . . . .

Cr. ECF No. 191 at 37.

Therefore, it is possible that six jurors predicated § 924(c) guilt on aircraft piracy while six jurors predicated § 924(c) guilt on conspiracy to commit aircraft piracy. Or it could be that all twelve jurors found § 924(c) guilt on conspiracy to commit aircraft piracy. We just do not know.

Due to this grave ambiguity, the special verdict form and jury instructions fail to meet *Shepard*'s "demand for certainty." 544 U.S. at 22. Therefore, as *Vann* and *Chapman* direct, this Court must assume that Mr. Rojas's § 924(c) conviction was predicated on the least serious of the two offenses — which is conspiracy to commit aircraft piracy. Because that offense categorically fails to qualify as a § 924(c) "crime of violence," count three is void.

### D.    The harmfulness of the *Shepard* error is exacerbated here because the jury instructions authorized a non-unanimous verdict on a non-existent offense.

The harmfulness of the dual predicate error (which we will call the *Shepard* error) is further aggravated here because the jury instructions authorized a non-unanimous verdict on a non-existent offense. The district court instructed the jury that it could convict on the use of a firearm during and in relation to aircraft piracy and use of a firearm during and in relation to an aircraft-piracy conspiracy. The court did so without requiring unanimity on a specific offense. Therefore, six jurors could have convicted based on use of firearm during and in relation to the conspiracy count and six jurors could have convicted based on use of a firearm during and in relation to the substantive count. And the use of a firearm during and in relation to a conspiracy to commit aircraft piracy is not a criminal offense because a conspiracy without more never qualifies as a "crime of violence" necessary to secure a

conviction under § 924(c). Therefore, one can never be convicted under § 924(c) for using a firearm during and in relation to a conspiracy to commit aircraft piracy.

Under these circumstances, the district court authorized a non-unanimous verdict on a non-existent offense — a double error that heightened the gravity of the *Shepard* error. The Sixth Circuit's decision in *United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005), illustrates this point. Similar to this case, the district court in *Savoires* gave the jury two options for guilt. *Id.* The court instructed the jury that it could find guilt based on either the use or carrying of a firearm during and in relation to a drug trafficking offense or possession of a firearm during and in relation to a drug trafficking offense. *Id.* at 380. The district court did so without requiring unanimity on either option. *Id.* And possession of a firearm during and in relation to a drug trafficking offense is not an offense under § 924(c). *Id.* Rather § 924(c) only criminalizes possession of a firearm *in furtherance of* a drug trafficking offense. *Id.* The Sixth Circuit found plain error after concluding that (1) the error "affected Savoires' substantial rights by authorizing a [a non-unanimous] conviction for a non-existent offense" and (2) "[t]he possibility of such an outcome undermined the fairness of Savoires' trial." *Id.* at 381.[5] This Court should find the same here with respect to the jury instructions, which likewise authorized a non-unanimous verdict on a non-existent offense.

The Eleventh Circuit's decision in *In re Gómez*, 830 F.3d 1225 (11th Cir. 2016) further reinforces the harmfulness of the error here. In that case, the jury was instructed that it could predicate § 924(c) guilt on a single count based on multiple predicate offenses, including attempted Hobbs Act

---

[5] Moreover, in so doing, the Court rejected the government's argument that the defendant invited the error by submitting the defective jury instructions: "Nor does the fact that Savoires himself submitted the defective jury instructions (jointly with the government) preclude us from granting relief. Invited error . . . does not foreclose relief when the interests of justice demand otherwise." *Savoires*, 430 F.3d at 381 (internal quotation marks and citations omitted). The Court further elaborated, "And where the government is as much as fault for inviting the error as the defendant and the defendant . . . is claiming that his constitutional rights were violated, the interests of justice are not served by a strict application of the waiver doctrine." *Id.* (citations omitted).

robbery or Hobbs Act conspiracy. *Id.* at 1227. The jury was never instructed that it had to be unanimous as to any of these predicate offenses or identify any of these predicates as the basis for the § 924(c) conviction. *Id.* Therefore, the Eleventh Circuit found that "we can't know what, if anything, the jury found with regard to G[ó]mez's connection to a gun and these crimes. That is because the jurors had multiple crimes to consider in a single count, so they could have convicted G[ó]mez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that G[ó]mez possessed the firearm." *Id.* at 1227. The Court further explained that "a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of the predicate offenses, or guilty of conspiring during some and not others." *Id.* The same is true here.

Importantly, the Eleventh Circuit refused to speculate as to what the jury could have or would have found based on evidence presented at trial. *Id.* Rather, the Court assumed that the ambiguous verdict was harmful to Gómez because it could have been predicated on a non-unanimous finding on a non-existent offense — specifically possession of a firearm in furtherance of a Hobbs Act conspiracy, a non-existent offense. *Id.* Likewise, the ambiguous verdict on a non-existent offense in Mr. Rojas's case is harmful error that renders his § 924(c) conviction void.

## II.    *Davis* announced a new rule of constitutional law that applies retroactively.

Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States,* 136 S. Ct. 1257, 1264 (2016). As the government previously conceded*, Davis* is retroactive on collateral review because it is substantive. *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019), at 52 ("A holding of this Court that Section 924(c)(3)(B) requires an ordinary-case categorical approach — and thus is unconstitutionally vague — would be a retroactive substantive rule applicable on collateral review.") (citing *Welch,* 136 S. Ct. at 1264).

The government is correct. A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Welch,* 136 S. Ct. at 1265. This includes "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* (citation omitted).  For example, in *Welch,* the Supreme Court found that *Johnson II* was retroactive because it altered the punishment for a class of people once subject to the ACCA who could no longer be classified as such based on the statute's now-defunct residual clause. *Id.* This reasoning applies with even more force here. *Davis* not only alters sentences but renders innocent a class of people once subject to § 924(c) liability based on predicate offenses that solely fell within the § 924(c) residual clause. *Davis* thereby alters the range of conduct and class of persons that can be punished under § 924(c). Therefore, *Davis* is retroactive. *See* ECF No. 14 at 6-8.

### III.    Waiver, forfeiture, and procedural default do not apply to Mr. Rojas's claim that his conviction violates the Constitution and laws of the United States.

#### A.    Mr. Rojas's challenge to his § 924(c) conviction is jurisdictional and, as such, it cannot be waived, forfeited, or procedurally defaulted.

Mr. Rojas's claim that his § 924(c) conviction cannot stand because he was convicted under § 924(c)(3)(B) — a statutory provision that is unconstitutionally vague on its face — presents a jurisdictional issue. Indeed, facial attacks on the constitutionality of a statute are jurisdictional in nature. *See United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) ("The constitutionality of . . . the statute under which defendants were convicted is a jurisdictional issue that defendants did not waive upon pleading guilty"); *United States v. Seay*, 620 F.3d 919, 922 (8th Cir. 2010) (noting that "facial attacks are jurisdictional in nature"); *see also United States v. Skinner*, 25 F.3d 1314, 1317 (6th Cir. 1994) ("[A] vagueness challenge is a jurisdictional defect."). "A facially vague statute presents a jurisdictional issue because it is by definition vague in every application, preventing a court from entering a judgment under the statute in any case and stripping the government of its ability to obtain a conviction against any defendant." *United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011).

Page 12 of 14

Since Mr. Rojas's claim that his § 924(c) conviction cannot stand is jurisdictional, it cannot be waived or forfeited. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (explaining that "[b]ecause [subject-matter jurisdiction] involves a court's power to hear a case, [it] can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in the district court."); *see also Class v. United States*, 138 S. Ct. 798, 805 (2018) (observing, in dicta, that a claim that the defendant pleaded guilty to a non-offense cannot be waived because it implicates a court's very power to adjudicate).

Relatedly, the claim that conspiracy to commit aircraft piracy is not a crime of violence within the meaning of the force clause, rendering invalid Mr. Rojas's conviction on count three, amounts to a claim that "he [was found] guilty . . . [of] a non-offense that the government did not have the power to prosecute." *United States v. St. Hubert*, 909 F.3d 335, 341 (11th Cir. 2018), abrogated on other grounds by *Davis*, 139 S. Ct. at 2336, cert. denied, 139 S. Ct. 1394 (2019). Like Mr. Rojas, the defendant in *St. Hubert* contended that § 924(c)'s residual clause was unconstitutionally vague under *Johnson II*, and that the underlying predicate offense did not satisfy § 924(c)'s force clause. 909 F.3d at 339. Relying on the Supreme Court's decision in *Cotton*, the government contended that this was not a jurisdictional defect because St. Hubert's claims went "merely to the sufficiency of the indictment" and raised "only non-jurisdictional defects, which can be waived." *Id.* at 341. In rejecting the government's argument, the Eleventh Circuit observed that *Cotton* merely held that "omission of elements from an indictment" does not divest a court of subject-matter jurisdiction. *Id.* at 342. St. Hubert's claim, by contrast, was that the indictment alleged conduct that fell outside the scope of the statute of conviction — not that the indictment omitted an essential element of the offense —so the Eleventh Circuit concluded that "his challenge to his § 924(c) conviction[ ] . . . is jurisdictional." *Id.* at 342-44.

Mr. Rojas's claim here is likewise jurisdictional; hence, it is not subject to waiver, forfeiture, or procedural default. Instead, "[a] judgment tainted by a jurisdictional defect — even one that has been

waived — must be reversed." *United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016) (citation omitted).

> **B.     Even assuming Mr. Rojas's challenge is not jurisdictional in nature, and thus subject to procedural default, any procedural default ought to be excused by both cause and prejudice and actual innocence.**

Even if *Davis*-based challenges are subject to procedural default —a defense the government has never invoked here — any default should be excused because Mr. Rojas meets the "cause and prejudice" and "actual innocence" tests. *See* ECF No. 14 at 4-6.

CONCLUSION

For all these reasons, as well as those set forth in our other filings, Mr. Rojas respectfully moves this Honorable Court to grant his § 2255 motion, vacate the § 924(c) conviction and sentence, and resentence him.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
| In San Juan, Puerto Rico, this 6th day of July 2021. | Eric Alexander Vos<br>Federal Public Defender<br>District of Puerto Rico |
|  | /s/ Franco L. Pérez-Redondo |
| I certify that on this date, I e-filed this supplemental brief with the Clerk of Court using the CM/ECF System, which will notify the parties of record. | Franco L. Pérez-Redondo – G02414<br>Assistant Federal Public Defender<br>241 F.D. Roosevelt Ave.<br>San Juan, P.R. 00918-2441<br>T: (787) 281-4922 / D: (787) 474-6367<br>E: Franco_Perez@fd.org |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JESUS ROJAS-TAPIA,
Petitioner,                                    CIVIL NO. 16-2213 (JAG)
                                               (Related to Cr. No. 03-19 (PG))
v.

UNITED STATES OF AMERICA,
Respondent.

**UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S
SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

The United States of America responds to Petitioner Jesús Rojas-Tapia's supplemental

brief in support of his motion pursuant to § 2255 and requests that the Court again deny the

Petitioner's request to vacate his sentence. In support of this request, the United States provides as

follows:

### I.    Introduction

Rojas-Tapia's motion to vacate his § 924(c) conviction continues to face insurmountable

hurdles. His vagueness challenge is procedurally defaulted and meritless. Rojas-Tapia's § 924(c)

conviction was based on two predicates, which were inextricably intertwined, and one continues

to be a valid predicate after *Davis*. The jury unanimously convicted Rojas-Tapia of each predicate

and could not have found Rojas-Tapia brandished a firearm during and in relation to the aircraft

piracy conspiracy, but not the aircraft piracy. On these facts, Rojas-Tapia cannot show any

prejudice or actual innocence to excuse his procedural default, and any instructional error is

harmless. His petition to vacate his § 924(c) conviction should be again denied.

### II.    Rojas-Tapia's criminal case

As summarized by the Court of Appeals,

On December 30, 2002, Rojas-Tapia and an associate hijacked a rented helicopter and forced the pilot, at gunpoint and on threat of death, to fly them to the state penitentiary in Ponce, Puerto Rico, where five inmates were waiting on the penitentiary's roof, one of whom was the defendant's brother, Jose. After the helicopter departed the penitentiary, it dropped all seven men in a rural area, where the defendants went into hiding. Following a massive police hunt, the defendant, his brother, and one of the prison escapees were arrested on January 2, 2003. All three were in possession of firearms.

*United States v. Rojas-Tapia*, 446 F.3d 1, 2 (1st Cir. 2006). At trial, the helicopter pilot, Juan José Feliciano-Vega, testified. He recounted how while the helicopter was in flight to El Tuque in Ponce, Rojas-Tapia and Angel Luis Rivera-Marcano (hereinafter "Rivera") pulled out firearms and seized control of the aircraft by threatening and assaulting him at gunpoint, forcing him to change direction towards the "Las Cucharas" Maximum Security State Penitentiary in Ponce. (TT 156, 160–64, 187, 195–96).[1] Upon arrival, Rojas-Tapia and Rivera forced the pilot to hover the helicopter over the roof of one of the buildings to assist in the escape of the inmates that were waiting there. (*Id.* at 167, 169–72). Shortly thereafter, the pilot was once again forced to hover the helicopter close to the ground to allow Rojas-Tapia and the co-defendants jump off and flee. (TT 175, 179).

Upon his arrest, Rojas-Tapia "admitted participation in the planning and hijacking of the helicopter." *Id.* at 3. The jury heard Rojas-Tapia's confession from an agent. Specifically, that he admitted that upon arriving at the Tuque area, he and another "individual took out pistols and demanded for the pilot to head down to the penitentiary area. The pilot then proceeded down to the penitentiary area where Jesus Rojas Tapia mentioned that he sees his brother on the roof top. They ordered the pilot to land." (TT 485–86). Once the individuals boarded the helicopter, "[t]hey then demanded for the pilot to take off and head towards the mountain areas." (*Id.* at 486).

---

[1]     References to the docket will be as follows: Civil No. 16-2213 (Cv.); Criminal No. 03-19 (Cr.); Trial Transcripts docketed in the criminal case (TT).

For this conduct, Rojas-Tapia was charged with conspiracy to commit aircraft piracy, in violation of 49 U.S.C. § 46502(a)(1)(A), (2)(A) (Count One); armed aircraft piracy, in violation of 49 U.S.C. § 46502(a)(1)(A), (2)(A) and 18 U.S.C. § 2 (Count Two); and possessing, brandishing, using or carrying firearms, in furtherance of or during and in relation to a crime of violence, to wit, conspiracy to commit aircraft piracy, in violation of 18 U.S.C. §§ 924(c) and 2. (Cr. ECF No. 9). The Indictment charged that the object of the conspiracy, which spanned from approximately December 27, 2002, to December 30, 2002, was "to seize or exercise control of an aircraft . . . by force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent, to wit: by threatening the pilot of an aircraft, at gunpoint, and forcing him to land the aircraft to aid in the escape of inmates from 'Las Cucharas,' a maximum security prison." (*Id.* at 2). The Indictment detailed overt acts in furtherance of the conspiracy, including that:

> 2. On or about December 20, 2002, . . . coconspirators **[5] JESUS ROJAS-TAPIA aka Buho,** and **[6] ANGEL LUIS RIVERA MARCANO,** arrived at Isla Grande airport and boarded the helicopter.

> 3. On or about December 20, 2002, . . . **[5] JESUS ROJAS-TAPIA aka Buho,** and **[6] ANGEL LUIS RIVERA MARCANO,** threatened the pilot of the helicopter, at gunpoint, and forced him to land the aircraft at "Las Cucharas," a maximum security prison.

(*Id.* at 2–3). A jury convicted Rojas-Tapia of all three counts. (Cr. ECF No. 156). A special verdict form issued for Count Three answered the following question in the affirmative:

> Do you unanimously agree, by proof beyond a reasonable doubt, that as to Count Three of the indictment a firearm was brandished during and in relation to a crime of violence, to wit: conspiracy to commit aircraft piracy as charged in Count One and aircraft piracy as charged in Count Two.

(Cr. ECF No. 157).

The Court's instructions to the jury, however, instructed the jury that Count Three was premised on only the crime of aircraft piracy charged in Count Two.

3

Appendix 146

> [I]n count three, the defendant is accused of using or carrying a firearm during and in relation to the armed aircraft piracy.
>
> For you to find the defendant guilty of this crime, you must be satisfied beyond a reasonable doubt that the government has proved each of the following elements beyond a reasonable doubt; first, that the defendant committed the crime of aircraft piracy as described in count two. Second, that during and in relation to the commission of said crime the defendant knowingly used or carried a firearm.[2]

(Cr. ECF No. 191 at 30). There were no objections to the Court's instructions. (*Id.* at 38). In 2004, the Court sentenced Rojas-Tapia to concurrent terms of 365 months as to Counts One and Two, and a consecutive term of 84 months as to Count Three. (Cr. ECF No. 169).

Rojas-Tapia appealed from his conviction, challenging the Court's denial of his motion to suppress his confession, and from his sentence, claiming that *Booker* required a remand for resentencing. *Rojas-Tapia*, 446 F.3d at 2. The First Circuit rejected both contentions and affirmed his conviction and sentence. *Id.* at 9–10.

### III.    Rojas-Tapia moves to vacate his sentence

Starting in 2016, Rojas-Tapia, both pro se and through the Federal Public Defender, moved to vacate and correct his sentence under 28 U.S.C. § 2255 arguing that *Johnson v. United States*, 576 U.S. 591 (2015), which struck down of the residual clause of the Armed Career Criminal Act ("ACCA") due to vagueness, invalidated the similarly worded residual clause of § 924(c)(3)(B). (Cv. ECF No. 1, 14). He further argued that the "crime of violence" charged alongside the § 924(c) violation – conspiracy to commit aircraft piracy – fails to categorically qualify as a crime of violence under the statute's "force clause," 18 U.S.C. § 924(c)(3)(A). (*Id.*). Therefore, Rojas-Tapia averred that without § 924(c)'s residual clause, he is not guilty of Count Three (the § 924(c) charge).

---

[2]    The Court also instructed the jury on brandishing. (Cr. ECF No. 191 at 31–32).

The government opposed Rojas-Tapia's claim with then binding precedent. Specifically, the recent First Circuit Court of Appeals decision in *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018), *vacated*, 139 S. Ct. 2775 (2019), which held that "§ 924(c)(3)(B) is not . . . void for vagueness. That is because the statute reasonably allows for a case-specific approach, considering real-world conduct, rather than a categorical approach . . . ." *Id.* at 4. This Court agreed and denied Rojas-Tapia's motion. (Cv. ECF No. 33). After the Court's decision, the Supreme Court decided *United States v. Davis*, 139 U.S. 2319 (2019). In *Davis*, the Supreme Court concluded that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague, thereby invalidating the residual clause of § 924(c)(3)(B). Rojas-Tapia appealed the denial of his petition (Cv. ECF No. 37), and the Court of Appeals remanded for further proceedings given that the district court had "relied primarily, if not exclusively, on [the First Circuit's] decision in . . . *Douglas* . . . . [and] [t]hat decision was vacated in light of [*Davis*]." (Cv. ECF No. 40). The Court of Appeals "express[ed] no opinion . . . as to any relevant legal issue." (*Id.*).

Upon receipt of the remand order and reassignment of the case, this Court ordered the parties to file supplemental briefing in light of *Davis*. (Cv. ECF No. 43). Rojas-Tapia's supplemental brief assumes that his § 924(c) conviction is premised on conspiracy to commit aircraft piracy and claims that it cannot stand because conspiracy is not a crime of violence. (Cv. ECF No. 49 at 1). He also argues, for the first time, that if his § 924(c) conviction was premised on two predicates, the jury was not instructed to find unanimity as to either, making his conviction void. (*Id.*). But Rojas-Tapia is wrong in his assumption about the predicate, and he never previously brought a jury-unanimity challenge or a constructive amendment challenge. In any event, the overlapping factual relationship of the two predicates, of which

he was independently convicted, renders any instructional error harmless. Moreover, Rojas-Tapia procedurally defaulted his vagueness challenge. Because a valid predicate remains, that is, the substantive offense of aircraft piracy, he cannot show actual prejudice or actual innocence to excuse his procedural default. Rojas-Tapia presents no developed argument that the substantive offense of aircraft piracy is not a crime of violence and has therefore waived this contention.

## IV.    Rojas-Tapia procedurally defaulted his challenge to his Section 924(c) conviction.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Rojas-Tapia defaulted his claims by failing to raise them on appeal.[3] Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on collateral review only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Id.* at 622. Rojas-Tapia argues that his vagueness challenge was unavailable prior to *Johnson* (Cv. ECF No. 14 at 4) but futility fails to carry the day.

The Supreme Court has never recognized futility as "cause" to excuse procedural default. Indeed, it has stated that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at

---

[3]    While Rojas-Tapia asserts that the government has not invoked procedural default (Cv. ECF No. 49 at 16), he stops short of asserting that the government waived this contention. To be sure, the government's initial response relied on then binding precedent, but upon remand the government addresses both the merits and procedural default. The Court of Appeals's remand did not limit the issues to be considered by this Court. Moreover, even if the government's assertion of procedural default is belated, this Court can still consider it. *See Brewer* v. *Marshall*, 119 F.3d 993, 999 (1st Cir. 1997) (noting that a federal court has discretionary authority to consider a belatedly raised procedural default defense and even to raise procedural default sua sponte). And Rojas-Tapia has twice now had and taken advantage of the opportunity to argue his procedural default should be excused.

623 (internal quotation marks omitted) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). Moreover, the idea that a statute is unconstitutionally vague is hardly novel so that Rojas-Tapia could not have levied such a challenge. *See, e.g.*, *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). A vagueness challenge to § 924(c)(3)(B), while perhaps unexpected before *Johnson* and *Davis*, nonetheless was not "novel" and unavailable *See, e.g.*, *Dugger v. Adams*, 489 U.S. 401, 409 (1989) (finding that a claim was not novel where "the legal basis for a challenge was plainly available"). *But see Lassend v. United States*, 898 F.3d 115, 123 (1st Cir. 2018) (holding that a vagueness challenge to ACCA's residual clause was not "available at all" pre-*Johnson* but post *James* and *Sykes*).[4]

The Eleventh Circuit recently rejected a petitioner's cause and prejudice showing, finding that he had procedurally defaulted his vagueness challenge to his § 924(c) conviction based on multiple predicates. *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021). The Court explained that prior to *Johnson*, "at least three Justices were interested in entertaining vagueness challenges to the ACCA's residual clause, and perhaps to similar statutes." *Id.* at 1287 (citing *James v. United States*, 550 U.S. 192, 229–31 (2007) (Scalia, J., dissenting)). And while "few courts, if any, had addressed a vagueness challenge to the § 924 residual clause before the conclusion of Granda's direct appeal," "due process vagueness challenges to criminal statutes were commonplace." *Id.* Thus, it concluded that the "tools existed to challenge . . . portions of § 924(c) as vague." *Id.* at 1288.

---

[4]     Although the First Circuit held in *Lassend* that a vagueness challenge was not available before the Supreme Court decided *Johnson*, the First Circuit specifically noted that the reason it was not available was because of the Supreme Court's holdings in *Sykes* and *James*. Rojas-Tapia however, took his direct appeal before either case so there was no Supreme Court caselaw denying the challenge that he has procedurally defaulted.

Nor can Rojas-Tapia, like Granda, show actual prejudice. Rojas-Tapia alleges that "the alleged error resulted in an additional [seven]-year mandatory minimum sentence." (Cv. ECF No. 14 at 5). But he is incorrect. As discussed below, Rojas-Tapia cannot show a "'substantial likelihood' that the jury *actually relied* on [only] the [conspiracy] conviction to provide the predicate offense." *Granda*, 990 F.3d at 1288 (quoting *Ward v. Hall*, 592 F.3d 1144, 1180 (11th Cir. 2010)). Simply put, the absence of an invalid conspiracy predicate would not have likely changed the jury's decision to convict Rojas-Tapia of violating § 924(c). The jury unanimously found Rojas-Tapia guilty of both the substantive offense of aircraft piracy and conspiracy to commit aircraft piracy. These convictions rested on the same operative facts. The object of the conspiracy to commit aircraft piracy and the aircraft piracy were the same, to hijack an aircraft to then free Rojas-Tapia's brother and other inmates from a maximum-security prison. Rojas-Tapia cites no record evidence to suggest otherwise. Instead, he asserts, without support, that the facts are "irrelevant for present purposes." (Cv. ECF No. 14 at 2 n.1).

Rojas-Tapia similarly cannot show actual innocence. This, again, would require showing that "no reasonable juror would have concluded he conspired to possess a firearm in furtherance of . . . the valid predicate offense[]." *Granda*, 990 F.3d at 1292. But Rojas-Tapia hangs his hat on his assumption that his § 924(c) conviction was only predicated on the conspiracy count. (Cv. ECF No. 14 at 5–6). He therefore waives any argument on the required threshold.

Rojas-Tapia's argument that his vagueness challenge is jurisdictional and cannot be waived (Cv. ECF No. 49 at 14–16), misapprehends the caselaw. The cases cited by Rojas-Tapia merely stand for the proposition that a constitutional challenge to the statute of conviction survives an

8

unconditional guilty plea.[5] For example, in *United States v. St. Hubert*, 909 F.3d 335, 344 (11th Cir. 2018), all the Eleventh Circuit held was that the defendant did not waive his § 924(c) challenge by pleading guilty. And while he argues that the Eleventh Circuit considers such a challenge jurisdictional, by the time of the filing of the supplemental brief, the Eleventh Circuit had found procedural default in *Granda* in a nearly identical challenge. *Granda*, 990 F.3d at 1288. In so doing, the Eleventh Circuit rejected the argument that Granda had been convicted of a "non-existent crime," where Granda, like Rojas-Tapia, was still convicted under a still valid predicate.[6] *Granda*, 990 F.3d at 1288 n.2.

## V.    Rojas-Tapia cannot succeed on the merits.

The United States concedes that following *Davis*, conspiracy to commit aircraft piracy can no longer serve as the predicate of an 18 U.S.C. § 924(c) crime because it does not qualify as a "crime of violence" for purposes of § 924(c)(3)'s force clause. *See United States v. Almonte-Núñez*, 963 F.3d 58, 67 (1st Cir. 2020) (explaining that when *Davis* invalidated § 924(c)(3)'s residual clause, it "left the 'force clause' . . . as the only operative definition of 'crime of violence' in § 924(c)"); *see also United States v. Tsarnaev*, 968 F.3d 24, 104 (1st Cir. 2020) (concluding that "simply conspiring to commit a violent act does not necessarily have as an element the use,

---

[5]    While not relevant here, Rojas-Tapia's assertion that his claim would not be subject to forfeiture is contrary to First Circuit precedent. *See United States v. Ríos-Rivera*, 913 F.3d 38, 43 (1st Cir. 2019) (applying plain error to an unpreserved constitutional challenge).

[6]    Rojas-Tapia confuses the jurisdictional inquiry. "[I]f an indictment or information alleges the violation of a crime set out 'in Title 18 or in one of the other statutes defining federal crimes,' that is the end of the jurisdictional inquiry." *United States v. George*, 676 F.3d 249, 259 (1st Cir. 2012) (quoting *United States v. González*, 311 F.3d 440, 442 (1st Cir. 2002)). As recognized in *Cotton*, a district court "has jurisdiction of all crimes cognizable under the authority of the United States . . . [and] the objection that the indictment does not charge a crime against the United States goes *only* to the merits of the case." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (alterations in original) (emphasis added) (citation omitted).

attempted use, or threatened use of physical force"), *cert. granted*, 141 S. Ct. 1683 (Mar. 22, 2021). But that does not mean that Rojas-Tapia is correct that his § 924(c) conviction is now invalid because a valid predicate remains.

The error at issue here is a classic *Yates* error—the "constitutional error [that] occurs when a jury is instructed on alternative theories of guilt and returns a general verdict that may rest on a legally invalid theory." *Skilling v. United States*, 561 U.S. 358, 414 (2010) (construing *Yates v. United States*, 354 U.S. 298 (1957)). The jury was charged with only one predicate, the substantive crime of aircraft piracy, but returned a general verdict containing both predicates without specifying whether aircraft piracy or conspiracy to commit aircraft piracy necessarily served as the basis for that conviction. "[E]rrors of the *Yates* variety are subject to harmless-error analysis." *Id.* "If the government can show 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained,' . . . the error is deemed harmless and the defendant is not entitled to reversal." *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907 (2017) (citation omitted).

Rojas-Tapia waived the *Yates* error by failing to present it in his initial motion to vacate his conviction. In fact, Rojas-Tapia's initial pro se and supplemental motions made no mention of the multiple predicates for the § 924(c) conviction. The supplemental motion simply asserted, that it was predicated on the federal crime of conspiracy to commit aircraft piracy. (Cv. ECF No. 14 at 11). The substantive predicate, raised by the government in its response in opposition, was first addressed by Rojas-Tapia in his reply. (Cv. ECF No. 32 at 7). But Rojas-Tapia still did not raise a *Yates* error. Instead, he relied on a theory of constructive amendment or fatal variance that he never developed and thereby waived.[7] (*Id.*). Nor did he attempt to show prejudice by any variance.

---

[7]     Like in his supplemental brief, Rojas-Tapia cited *In re Gomez,* 830 F.3d 1225 (11th Cir. 2016). But it does not help him. In *In re Gomez*, the Eleventh Circuit authorized the petitioner to file a second or successive § 2255 petition. 830 F.3d at 1228. "But this prima facie decision is not

10

Moreover, at this juncture, any claim unrelated to the original petition is untimely. *See Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (per curiam) (holding that that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis). Regardless, any *Yates* error was harmless.

The jury unanimously convicted Rojas-Tapia of both aircraft piracy and conspiracy to commit aircraft piracy. We, thus, know that the jury found him guilty beyond a reasonable doubt of both charged predicate offenses for his 18 U.S.C. § 924(c) conviction. There is no basis in the record, moreover, for concluding that the jury could have predicated Rojas-Tapia's 18 U.S.C. § 924(c) offense on the aircraft piracy conspiracy, but not on the aircraft piracy. In addition to other evidence, the jury heard Rojas-Tapia's confession to participating "in the planning and hijacking of the helicopter." *Rojas-Tapia*, 446 F.3d at 3. The jury was in fact instructed that to convict Rojas-Tapia of conspiracy, it had to find "that one of the co-conspirators committed an overt act in an effort to further the purposes of the conspiracy" and that Rojas-Tapia intended "that the underlying crime of aircraft piracy be committed." (Cr. ECF No. 191 at 26–28). And the only proof in the record that one of the conspirators brandished a gun,[8] as found by the jury in the special verdict form (Cr. ECF No. 157), was the evidence of Rojas-Tapia and a co-defendant brandishing a gun *during* the taking of the helicopter as he "forced the pilot, at gunpoint and on threat of death, to fly them to the state penitentiary." *See Rojas-Tapia*, 446 F.3d at 2. There is no

---

inconsistent with a holding that, on the merits, the harmless error inquiry requires an examination of whether alternative, valid predicates grounded [Rojas-Tapia's] conviction." *Granda*, 990 F.3d at 1296.

[8]    That Rojas-Tapias was found armed days later is of no moment. For starters, there was no testimony that Rojas-Tapia brandished his firearm upon arrest. To the contrary, the testimony was that he had it in his waist. (TT 350, 382). Moreover, at that point, the object of the conspiracy had been achieved and, as charged, the conspiracy was not extended by the co-conspirators' attempt to evade the authorities. *See generally Grunewald v. United States*, 353 U.S. 391, 401–06 (1957).

11

basis in the record for holding that the jury could have found that Rojas-Tapia brandished the gun during and in relation to the conspiracy, but not the taking of the helicopter itself. There, indeed, is no basis in the record for finding that Rojas-Tapia conspired to commit aircraft piracy, but was not guilty of the piracy itself. Again, the primary evidence of Rojas-Tapia's participation in the conspiracy was the fact that he and a co-defendant threatened a helicopter pilot at gunpoint and forced him to fly to a state penitentiary so they could free his brother and other inmates. Rojas-Tapia was one of the two co-conspirators that participated in the actual hijacking of the helicopter, the only two charged in that count. (Cr. ECF No. 9 at 3).

This is simply not a case where the jury could have found that Rojas-Tapia had conspired to commit the aircraft piracy but did not participate in the piracy itself. And this is simply not a case where the jury could have found that Rojas-Tapia, who along with another co-defendant brandished a gun and threatened the pilot, brandished a firearm at any time other than when he threatened the pilot. The proof of the conspiracy (and of the firearm possession during and in relation to the conspiracy) was, therefore, inextricably intertwined with the proof of the substantive offense (and of the firearm possession during and in relation to the substantive offense). Under the circumstances, it is clear beyond doubt that the district court's erroneous instruction as amended by the verdict form[9]—charging the jury that they could convict Rojas-Tapia of Count Three based on the predicate of conspiracy—did not contribute to the jury's verdict because no rational jury could have convicted him of committing the offense under that invalid predicate without also convicting him under the valid predicate of aircraft piracy. *See Boulanger v. United States*, 978 F.3d 24, 33 (1st Cir. 2020).

---

[9]    The Court's instructions were in fact not erroneous. After all, the Court instructed the jury that it could convict Rojas-Tapia if it found he had committed only one predicate, aircraft piracy. (Cr. ECF No. 191 at 30).

In *United States v. Angiulo*, 897 F.2d 1169 (1st Cir. 1990), the First Circuit faced a similar situation as here. The jury had convicted the defendant of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which required them to find him guilty of at least two predicate acts, but the Court later held that the evidence at trial was legally insufficient to support finding the defendant guilty of one of the three charged predicates. *Id.* at 1196 n.13, 1198. The jury, moreover, returned "a general verdict" that did not identify which of the three charged predicates they had used in convicting him. *Id.* at 1196. The defendant asserted that his convictions had to be vacated because the jury could have "relied on the invalid predicate act[] in reaching their convictions." *See id.* at 1199. The Court held, however, that it did not need to set aside his convictions "because, given the facts underlying the charges as well as the nature of the charges, if the jury did convict [him] on the [invalid predicate], which we have deemed insufficient, they also must have convicted him on [one of the valid predicates], which *would* be sufficient."[10] *Id.* The Court explained that given the evidence they must have credited and the facts they must have accepted, the jury "could not have found" the defendant guilty under the invalid predicate "without also finding" him guilty under the valid predicate. *Id.* The Court concluded that because the invalid and the valid predicates were "so intertwined, if the jury found him guilty [under one], they must also have found him guilty [under the other]." *Id.* at 1200. The Court, therefore, detected "no uncertainty in the verdict" and affirmed the defendant's RICO convictions. *Id.*

Several courts of appeals have applied this reasoning in the context of § 924(c) convictions where, the jury returned a general verdict after being instructed that they could convict the defendant under either a valid predicate or a predicate that the Supreme Court's decision in *Davis*

---

[10]    It appears that the defendant did not contest that the jury must have convicted him of the other valid predicate act.

13

would later render invalid. In *United States v. Tyrell*, 840 F. App'x 617 (2d Cir. 2021) (unpublished), for example, the Second Circuit affirmed the defendant's § 924(c) conviction without determining whether, following *Davis*, one of his charged predicates was still a "crime of violence" because the trial evidence showed that the potentially invalid predicate "was inextricably connected with" a still *valid* predicate. *Id.* at 625 (citing *United States v. Vásquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (unpublished)). The Ninth Circuit has employed this reasoning as well. *United States v. Hernández*, 819 F. App'x 548, 549–50 (9th Cir. 2020) (unpublished) (upholding a general jury verdict convicting the defendants of § 924(c) because "the trial record makes clear" that the invalid predicate offense "was inextricably intertwined with" the still valid predicate offense). Similarly, in *United States v. Eldridge*, 2 F.4th 27 (2d Cir. 2021), the Second Circuit affirmed the defendant's § 924(c) conviction by general verdict even though only one of the three predicates provided in the jury instructions was valid. *Id.* at 35–40. Reviewing for plain error, the court held that the defendant had not shown that the error "affected his substantial rights" because the evidence supporting all three predicates was "entwined" together, rendering it "inconceivable" that the jury would not have convicted him if instructed on only the valid predicate. *Id.* at 38–39.

Recently, the Eleventh Circuit affirmed a general jury verdict convicting the defendants of § 924(c) where the jury had been charged that they could convict them under either a still valid predicate or a now invalid predicate. *United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021). The court explained that the trial evidence made clear "that the two predicate conspiracy crimes were so inextricably intertwined that no rational juror could have found that [the defendants] carried a firearm in relation to one predicate but not the other." *Id.* at 948. The trial evidence, the court continued, "established the same facts and time period underlying each crime," including that the defendants had "brought the firearms simultaneously to rob the narcotics traffickers of cocaine and

14

to take possession of the cocaine." *Id.* "No reasonable juror could have found that [the defendants] carried their firearms in relation to the Hobbs Act robbery conspiracy but not the cocaine conspiracy," the court concluded. *Id.* The court, therefore, held that the *Yates* error in that case was "harmless beyond a reasonable doubt." *Id.*

The same reasoning applies with greater force in the § 2255 context, where the petitioner has the burden. *See David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) ("The burden is on the petitioner to make out a case for section 2255 relief."). In *Granda*, the Eleventh Circuit affirmed the petitioner's § 924(o) conviction by general verdict even though one of the predicates in the jury instructions was invalid because the "alternative predicate offenses" were "inextricably intertwined" as a matter of fact. 990 F.3d at 1291. The court reasoned that any instructional error was "harmless" because there was "little doubt" that if the jury had convicted Granda under the invalid predicate, they also convicted him under the valid predicates. *Id.* at 1292–93.

Here, the *Yates* error is harmless beyond a reasonable doubt because the trial evidence showed that "Rojas-Tapia and an associate hijacked a rented helicopter and forced the pilot, at gunpoint and on threat of death, to fly them to the state penitentiary." *Rojas-Tapia*, 446 F.3d at 2. The jury made a special finding of brandishing. (Cr. ECF No. 157). There is no basis in the record from which a "rational juror could have found that [Rojas-Tapia] [brandished the] firearm in relation to [the aircraft piracy conspiracy predicate] but not the [aircraft piracy predicate]." *See Cannon*, 987 F.3d at 948.[11] The Court, therefore, should deny Rojas-Tapia's motion to vacate his § 924(c) conviction.

---

[11]     This distinguishes Rojas-Tapia from *United States v. Savoires*, 430 F.3d 376 (6th Cir. 2005), on which he relies. (Cv. ECF No. 49 at 12). In *Savoires*, the district court erroneously instructed the jury that it could find the defendant "guilty of an 'offense'—possession of a firearm during and in relation to a drug trafficking crime—that is not criminalized by § 924(c)." 430 F.3d at 380. And the jury did not have to find that the defendant possessed the firearm "in furtherance

15

Rojas-Tapia makes no developed argument that aircraft piracy is not a crime of violence, believing it to not be "outcome determinative," (Cv. ECF No. 14 at 12 n.4), waiving the argument. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). Nor could he.[12] The offense requires that the taking occur "by force, violence, threat of force of violence, or any form of intimidation." 49 U.S.C. § 46502(a)(1)(A). He only assumes that the offense is indivisible and suggests that the inclusion of "intimidation" as a means takes it outside the force clause. (Cv. ECF No. 14 at 12 n.4). He adds that because "the mere '*display* of a dangerous weapon is sufficient *use* of force and violence for purposes of hijacking,' the offense falls short of § 924(c)(3)(A)'s violent force requirement." *Id.* (quoting *United States v. Pablo-Lugones*, 725 F.2d 624, 626 (11th Cir. 1984) (per curiam)). Neither has merit. Rojas-Tapia's intimidation argument is foreclosed by *Ellison*. In *United States v. Ellison*, 866 F.3d 32 (1st Cir. 2017), the First Circuit held that federal bank robbery is a crime of violence under the career-offender sentencing guideline's force clause. *Id.* at 35–40. In so doing, the Court held that bank robbery by "intimidation" was a crime of violence because "proving 'intimidation' . . . requires proving that a threat of bodily harm was made." *Id.* at 37. And armed aircraft piracy is a fortiori a crime of violence. *See Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017) (holding that "federal bank robbery, and a fortiori federal armed bank robbery, are crimes of violence"). "[T]he element of a dangerous weapon imports the 'violent force' required by *Johnson* into the otherwise overbroad simple assault statute." *United States v. Taylor*, 848 F.3d 476, 494 (1st Cir. 2017) (quoting *United States v. Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015)); *see also Whindleton*, 797 F.3d at 116 (concluding that *Johnson* did not

---

of" a drug trafficking crime. *Id.* Indeed, "the jury might have found possession (rather than use or carriage) without finding that the firearm played a role, or was intended to play a role, in the underlying drug trafficking crime." *Id.* at 380–81.

[12]     The U.S. Code classifies aircraft piracy as a "serious violent felony." 18 U.S.C. § 3559(c)(2)(F)(i).

overrule prior caselaw holding that "assault upon another" by "means of a dangerous weapon" "has as an element the use, attempted use, or threatened use of physical force").

Rather than contest the continued validity of aircraft piracy as a predicate for his § 924(c) conviction, Rojas-Tapia argues that the Court should vacate his § 924(c) conviction on the ground that we must presume that the jury convicted him based on the invalid conspiracy predicate, instead of the valid substantive offense predicate. (Cv. ECF Nos. 14 at 11, 49 at 1). He contends that the Court must apply "the categorical approach" to determine which predicate the jury used in convicting him and that, when there is *Yates* error, the Court must "presume" that the invalid predicate was used because it constitutes "the least culpable conduct criminalized." (Cv. ECF No. 49 at 5–8).

Rojas-Tapia does not direct the Court to any authority stating that the categorical approach may be used to assess not only "*whether* a predicate crime qualifies as a 'crime of violence,'" *see United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018) (emphasis added), but also *which* predicate crime the jury relied on to convict him in this very case, *see Granda*, 990 F.3d at 1295 (declining the appellant's "invitation to adopt . . . an unprecedent expansion of the categorical approach" to "the context of determining on which of several alternate predicates a jury's general verdict relied"). His argument simply "misapprehends the categorical approach." *Id.* And, Rojas-Tapia does not offer any reasoned explanation as to why the approach should be extended in this matter, waiving the argument. *United States v. Munyenyezi*, 781 F.3d 532, 542 n.11 (1st Cir. 2015).

To sum up, procedural default bars Rojas-Tapia's claim. A valid predicate remains supporting his § 924(c) conviction, and he suffered no harm from any erroneous jury instruction.

**WHEREFORE**, in view of the foregoing, the United States respectfully submits that the pending § 2255 motion should be denied and the case dismissed with prejudice.

17

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this September 7, 2021.

W. Stephen Muldrow
United States Attorney

/s/ Mariana E. Bauzá-Almonte
Mariana E. Bauzá-Almonte – G00309
Assistant United States Attorney
Chief, Appellate Division
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 7, 2021, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF, which will send notification to counsel of record.

/s/ Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

18

Appendix 161

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JESÚS ROJAS-TAPIA,
*Petitioner,*

v.

UNITED STATES OF AMERICA,
*Respondent.*

No. 16-cv-2213-JAG
(Related to Case No. 03-cr-19-JAG)

**PETITIONER'S REPLY MEMORANDUM**

TO THE HONORABLE JAY A. GARCÍA-GREGORY
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

The petitioner, Jesús Rojas-Tapia ("Mr. Rojas"), respectfully submits this reply memorandum to respond to the more salient arguments made in the government's response in opposition. Mr. Rojas does not intend to concede any point not specifically addressed below. Rather, he rests on the arguments set forth in his other filings to refute all other contentions raised in the government's opposition.

**DISCUSSION**

I.     **The ambiguous jury verdict precludes a finding that Mr. Rojas's § 924(c) conviction necessarily rested on aircraft piracy.**

At bottom, this case asks the Court to decide whether Mr. Rojas should serve an additional 84 months in prison even though the government cannot show that conviction rests on a legally permissible theory. Since 2016, Mr. Rojas has implored the Court[1] to grant relief from his constitutionally problematic 18 U.S.C. § 924(c) conviction. In his 28 U.S.C. § 2255 motion and

---

[1] The late Judge Pérez-Giménez presided over this matter until recently, when it was reassigned to Your Honor.

supplemental motions, he argued that the federal crime of conspiracy to commit aircraft piracy—the crime upon which the indictment premised his 18 U.S.C. § 924(c) charge—is not a valid § 924(c) predicate. After years of government opposition, and a detour to the Court of Appeals and back, the government now concedes this critical point. In its opposition, the government acknowledges that, post-*Davis*, conspiracy to commit aircraft piracy is not a viable § 924(c) predicate "because it does not qualify as a 'crime of violence'" under § 924(c)'s force clause. ECF No. 9 at 9; *See United States v. Davis*, 139 S. Ct. 2319 (2019).[2] Further, in attempting to analogize this case to the situation in *Yates* and *Skilling*, the government implicitly concedes that the jury returned an ambiguous verdict against Mr. Rojas, a verdict that obfuscates the basis of the § 924(c) conviction.[3] ECF No. 9 at 10 (citing *Skilling v. United States*, 561 U.S. 358 (2010) and *Yates v. United States*, 354 U.S. 298 (1957)). This general verdict is problematic. It could be, as we argued in our supplemental motion, that six members of the jury found § 924(c) guilt based on conspiracy to commit aircraft piracy. Or it could be that all twelve jurors found guilt on conspiracy to commit aircraft piracy. We just do not know. And the government's opposition does not assuage any concerns about the ambiguity; it cannot show that the § 924(c) conviction rests only on the substantive aircraft-piracy count rather than the flawed conspiracy theory.

---

[2] Unless otherwise noted, we use "ECF No." when citing to docket entries in the captioned case, and "Cr. ECF No." when citing to docket entries in the underlying criminal case, No. 03-cr-19-JAG. For the convenience of the Court and the parties, all statutes and cases cited in this supplemental brief contain Westlaw hyperlinks.

[3] While the opposition maintains that Mr. Rojas waived his dual-predicate claim by raising it for the first time in his reply brief at ECF No. 32, the government failed to advance this defense in a surreply or before the First Circuit (even after Mr. Rojas premised his motion for certificate of appealability, in part, on the dual-predicate theory), thereby waiving its waiver argument. The First Circuit's judgment, moreover, did not dismiss Mr. Rojas's appeal on this basis. Nor did it expressly limit the scope of remand to preclude Mr. Rojas from presenting the dual-predicate claim. *See* ECF No. 40. Additionally, the dual-predicate error relates back to the initial § 2255 claim, rendering it timely. If anything, it is the government that waived its procedural-default defense by failing to raise it in its initial response. *See Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010) (concluding the government waived its procedural-default defense by failing to raise it); *United States v. Castro-Taveras*, 841 F.3d 34, 54 (1st Cir. 2016) (finding that, by addressing defendant's claim on the merits and not arguing forfeiture, the government waived such argument on appeal).

Despite all this, the government again asks the Court to deny relief and to ignore the constitutionally problematic verdict. Mr. Rojas's § 924(c) conviction, the argument goes, is still lawful "because a valid predicate remains." What the government actually contends here is that, because Mr. Rojas was convicted of a separate count of aircraft piracy, there were sufficient *facts* to support the § 924(c) conviction based on an aircraft-piracy predicate. But it makes no difference whether the *factual* evidence was sufficient to convict Mr. Rojas for a § 924(c) offense premised on aircraft piracy. Under the elements-based categorical approach, the Court can only find the that aircraft piracy was a § 924(c) predicate if it was necessary to satisfying the elements of the § 924(c) conviction. ECF No. 49 at 3-7. Here, however, aircraft piracy was not necessary to the § 924(c) conviction because the jury's verdict could have alternatively rested on conspiracy to commit aircraft piracy, *i.e.*, a conviction for acts the law does not make criminal.

Given that Mr. Rojas's § 924(c) conviction could have rested on either aircraft piracy or conspiracy, this Court cannot conclude with "certainty" that Mr. Rojas was "necessarily" convicted of a § 924(c) offense premised on aircraft piracy. *United States v. Shepard*, 544 U.S. 13, 21-23 (2005). Due to this ambiguity in the verdict, this Court must find that Mr. Rojas's § 924(c) conviction was predicated on the least culpable of the two offenses: the conspiracy. ECF No. 49 at 7-9. The Fourth Circuit's decisions in *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc) and *United States v. Chapman*, 666 F.3d 220, 227 (4th Cir. 2012)—cases the supplemental brief spotlights but the opposition neglects to address—compels this conclusion.

Consistent with *Vann* and *Chapman*, other courts endorse the same outcome. In *United States v. Lettiere*, 2018 WL 3429927, at *4 (D. Mont. July. 16, 2015), the court found that, where *Shepard* materials fail to reveal whether the jury verdict on a § 924(c) charge rests on Hobbs Act robbery or Hobbs Act extortion, the § 924(c) conviction cannot stand. And in *United States v. McCall*, 2019 WL 4675762, at *6-7 (E.D. Va. Sept. 25, 2019), the Court invalidated a § 924(c) conviction where the

*Shepard* documents failed to reveal whether § 924(c) guilt was predicated on a conspiracy offense (that did not count as a crime of violence) or an assault-with-a-dangerous-weapon offense (which did constitute a crime of violence).

**II.    The error was harmful.**

The government relatedly argues that the ambiguous record in this case—a record that fails to establish whether § 924(c) guilt was premised on aircraft piracy or conspiracy—is harmless because there was evidence upon which the jury *could have found* § 924(c) guilt predicated on aircraft piracy. As a result, the government appears to suggest that the error did not affect Mr. Rojas's substantial rights. That approach is problematic in that it urges an end run around the categorical and modified categorical approach, frameworks that forbid "evidentiary inquiries into the factual basis" to determine what the jury could have found. *Shepard*, 544 U.S. at 20. Under the modified categorical approach, an error is harmful when *Shepard* materials fail to establish with "certainty" that the defendant was "necessarily" convicted of an offense that defines a crime of violence. *Id.* at 21. This framework permits no further inquiry. Accepting the government's position would defeat the entire purpose of the categorical and modified categorical approach and would amount to application of the very fact-based approach the Supreme Court rejected in *Davis* in the guise of harmless-error review. This fact-based approach, one the First Circuit had adopted in the now-abrogated *Douglas* decision, was the same approach the government urged the Court to apply here to find aircraft-piracy remained a valid § 924(c) predicate, *see* ECF No. 25 at 1-3, and its application eventually led the First Circuit to remand this case, *see* ECF No. 40. *See United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018), cert. granted, judgment vacated, 139 S. Ct. 2275 (2019), and abrogated by *United States v. Davis*, 139 S. Ct. 2319 (2019). The Court should decline the government's second invitation to apply a facts-based approach.

In sum, "[t]he point of the categorical [approach] is not to determine whether the defendant's conduct *could support* a conviction for a crime of violence, but to determine whether the defendant *was*

Appendix 165

*in fact* convicted of a crime that qualifies as a crime of violence." *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (emphases added). In conducting this inquiry, the court looks at both elements and (in the case of the modified categorical approach) *Shepard* materials. *United States v. Serrano-Mercado*, 784 F.3d 838, 842 (1st Cir. 2015) (explaining that the categorical approach focuses on elements, not facts—even "if th[e] facts show [t]he [defendant] acted violently."). "If, at the end of this review such record materials do not speak plainly, then a [district court] will not be able to satisfy [the Supreme Court's] demand for certainty….'" *United States v. Faust*, 853 F.3d 39, 52 (1st Cir. 2017) (citations and internal quotation marks omitted).

Suppositions about what the jury could have found cannot amount to certainty. As a result, the error here was harmful. Mr. Rojas implores the Court to vacate the constitutionally problematic § 924(c) conviction and resentence him.

CONCLUSION

For all these reasons, as well as those set forth in our other filings, Mr. Rojas respectfully moves this Honorable Court to grant his § 2255 motion, vacate the § 924(c) conviction and sentence, and resentence him.

Respectfully submitted,

Eric Alexander Vos
Federal Public Defender
District of Puerto Rico

In San Juan, Puerto Rico, this 28th day of October 2021.

/s/ Franco L. Pérez-Redondo
Franco L. Pérez-Redondo – G02414
Assistant Federal Public Defender
241 F.D. Roosevelt Ave.
San Juan, P.R. 00918-2441
T: (787) 281-4922 / D: (787) 474-6367
E: Franco_Perez@fd.org

I certify that on this date, I e-filed this Reply Memorandum with the Clerk of Court using the CM/ECF System, which will notify the parties of record.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JESÚS ROJAS-TAPIA,
*Petitioner,*


v.


UNITED STATES OF AMERICA,
*Respondent.*

Case No. 16-CV-2213 (JAG)
(Related to No. 03-CR-019-06 (GAG))

## NOTICE OF APPEAL

TO THE HONORABLE JAY A. GARCÍA-GREGORY
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

The petitioner, Jesús Rojas-Tapia, respectfully gives notice that he appeals to the United States Court of Appeals for the First Circuit from this Court's August 26, 2022 judgment (ECF Nos. 65, 66) denying and dismissing his 28 U.S.C. § 2255 motion to vacate.

Respectfully submitted,

In San Juan, Puerto Rico, this 23rd day of September 2022.

Eric Alexander Vos
Federal Public Defender
District of Puerto Rico

CERTIFICATION: I ECF-filed this Notice of Appeal, notifying the parties, including Government counsel.

*/s/ Franco L. Pérez-Redondo*
Franco L. Pérez-Redondo
Supervisor, Appeals Division
USDC-PR G02414
Federal Public Defender
District of Puerto Rico
241 Franklin D. Roosevelt Ave.
San Juan, P.R. 00918-2441
Voice: (787) 281.4922
Email: Franco_Perez@fd.org

Appendix 167

## CERTIFICATE OF SERVICE

I **CERTIFY** that, on February 1, 2025, I caused a true and correct copy of the

foregoing to be filed by the Court's electronic filing system, to be served by operation

of the Court's electronic filing system on counsel for all parties who have entered in

the case.

s/**KEVIN E. LERMAN**
Assistant Federal Public Defender
241 Franklin D. Roosevelt Avenue
San Juan, Puerto Rico 00918-2441
(787) 281-4922
Kevin_Lerman@fd.org