# In the United States Court of Appeals for the First Circuit

---

**JESÚS ROJAS-TAPIA,**
*Petitioner-Appellant,*

v.

**UNITED STATES,**
*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the District of Puerto Rico
D. Ct. No. 16-cv-2213-JAG
(originating from D. Ct. No. 03-cr-019-06-GAG)
Hon. Jay A. García-Gregory, U.S. Senior District Judge

---

## APPELLANT'S CORRECTED OPENING BRIEF

---

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

241 F.D. Roosevelt Ave.
San Juan, PR 00918
T. (787) 281-4922
F. (787) 281-4899
E. Kevin_Lerman@fd.org

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appeals Section

**KEVIN E. LERMAN**
Assistant Federal Public Defender

Attorneys for Petitioner-Appellant
**JESÚS ROJAS-TAPIA**

# CONTENTS

AUTHORITIES ................................................................................. iv

JURISDICTION ................................................................................ 1

ISSUES ......................................................................................... 2

STATEMENT ................................................................................... 3

SUMMARY OF THE ARGUMENTS .......................................................... 7

MAIN STANDARD OF REVIEW ............................................................. 8

ARGUMENTS .................................................................................. 9

I.   POST-*DAVIS*, THE AT-ISSUE § 924(C) CONVICTION IS INVALID. ................... 9

   A.   Conspiracy to commit air piracy is not a valid "crime of violence" under 18 U.S.C. § 924(c)(3)'s force clause. ....................... 9

   B.   Substantive air piracy is not a valid "crime of violence" predicate either. ................................................................... 10

      1.   Air piracy is indivisible. ..................................................... 12

         a.   Argument According to Precedent ............... 12

         b.   Record of Conviction ................................... 13

         c.   Statutory Penalties ....................................... 14

         d.   Government Concession ............................... 14

      2.   Air piracy does not require *Johnson I*-level force. ............. 14

         a.   Text ............................................................. 15

         b.   Closely Related Statutes ............................... 17

         c.   Legislative History and Purpose.................... 19

         d.   Inapt Comparisons....................................... 21

      3.   Were air piracy divisible (it's not), the § 924(c) conviction is still invalid.................................................... 22

C.     Even if substantive air piracy were a valid predicate (it's not), the conviction here is still invalid because the jury was instructed to base its § 924(c) evaluation on the conspiracy offense. ......................................................................................23

II.    THE DISTRICT COURT ERRONEOUSLY CONCLUDED THAT PETITIONER ENTERED AN OUTCOME-DETERMINATIVE CONCESSION OF THE LEGAL CONCLUSION THAT SUBSTANTIVE AIR PIRACY IS AS A "CRIME OF VIOLENCE." .................................................................................. 24

     A.     The district court committed a significant error of law when it halted analysis based on an alleged concession regarding a purely legal issue..............................................................25

     B.     The district court also erred as a matter of fact since Mr. Rojas's challenge to air piracy as a predicate was the opposite of a concession. ......................................................................27

          1.   The alternative predicate was expressly challenged. .........27

          2.   Context explains the brevity of prior briefing. ...................28

     C.     Were this Court to understand a concession or waiver occurred below, as to air piracy, we move to withdraw it. .................................32

III.   WHETHER, AS THE GOVERNMENT CONTENDS IN ITS RESPONSE TO THE COA APPLICATION, PETITIONER HAS WAIVED ANY ARGUMENT THAT SUBSTANTIVE AIR PIRACY NO LONGER QUALIFIES AS A "CRIME OF VIOLENCE" FOLLOWING *DAVIS*? ................................................................33

     A.     This question is premature for the opening brief as the government may not assert waiver in merits briefing.........................33

     B.     The government's waiver-by-inadequate-development argument should be rejected, or any perceived waiver should be excused. ...............................................................................34

IV.   IF SUBSTANTIVE AIR PIRACY WERE A "CRIME OF VIOLENCE," THE SUBJECT § 924 CONVICTION STILL DOES NOT SURVIVE REVIEW UNDER THE CATEGORICAL APPROACH. ...................................................................36

CONCLUSION.............................................................................................49

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

# AUTHORITIES

## U.S. SUPREME COURT AUTHORITIES

*García v. United States*,
    469 U.S. 70 (1984) ................................................................ 32, 33
*IBP, Inc. v. Álvarez*,
    546 U.S. 21 (2005) ..................................................................... 17
*Johnson v. United States*,
    559 U.S. 133 (2010) .............................................................. *passim*
*Kamen v. Kemper Financial Services, Inc.*,
    500 U.S. 90 (1991) ......................................................................32
*Mathis v. United States*,
    579 U.S. 500 (2016) ..............................................12, 13, 14, 27
*Niz-Chávez v. Garland*,
    593 U.S. 155 (2021) ....................................................................46
*Pulsifer v. United States*,
    601 U.S. 124 (2024) ....................................................................47
*Roberts v. Galen of Va., Inc.*,
    525 U.S. 249 (1999)......................................................................26
*Shepard v. United States*,
    544 U.S. 13 (2005) ............................................................. *passim*
*United States v. Taylor*,
    596 U.S. 845 (2022) ............................................................ 10, 34
*Watson v. United States*,
    552 U.S. 74 (2007) ..................................................................... 17
*Wisconsin Central Ltd. v. United States*,
    585 U.S. 274 (2018) ....................................................................18
*Yee v. Escondido*,
    503 U.S. 519 (1992) ....................................................................30
*Young v. United States*,
    315 U.S. 257 (1942) ....................................................................25

## U.S. APPELLATE COURT AUTHORITIES

*Costa-Urena v. Segarra*,
    590 F.3d 18 (1st Cir. 2009)........................................................35
*Holmes v. Spencer*,
    685 F.3d 51 (1st Cir. 2012) .......................................................35

*In re Gómez,*
   830 F.3d 1225 (11th Cir. 2016) ....................................................43

*King v. United States,*
   965 F.3d 60 (1st Cir. 2020)........................................................ 22

*McCants v. Alves,*
   67 F.4th 47 (1st Cir. 2023) ......................................................... 8

*Omari v. Gonzales,*
   419 F.3d 303 (5th Cir. 2005) ......................................................38

*PDK Lab'ys, Inc. v. U.S. Drug Enf't Admin.,*
   362 F.3d 786 (D.C. Cir. 2004).....................................................29

*United States v. Billups,*
   536 F.3d 574 (7th Cir. 2008) ......................................................30

*United States v. Bowers,*
   27 F.4th 130 (1st Cir. 2022) ........................................................ 8

*United States v. Cardales-Luna,*
   632 F.3d 731 (1st Cir. 2011) .......................................................25

*United States v. Chapman,*
   666 F.3d 220 (4th Cir. 2012) (en banc) ...........................37, 38, 41

*United States v. Colón-Maldonado,*
   953 F.3d 1 (1st Cir. 2020) .....................................................11, 12

*United States v. Colston,*
   4 F.4th 1179 (11th Cir. 2021) .....................................................26

*United States v. Crawley,*
   2 F.4th 257 (4th Cir. 2021).....................................................38, 48

*United States v. Cruzado-Laureano,*
   404 F.3d 470 (1st Cir. 2005) ...................................................... 17

*United States v. Dávila-Reyes,*
   84 F.4th 400 (1st Cir. 2023) (en banc) ........................................29

*United States v. Dixon,*
   592 F.2d 329 (6th Cir. 1979)...................................................... 13

*United States v. Ellison,*
   866 F.3d 32 (1st Cir. 2017) .................................................. 21, 22

*United States v. Faust,*
   853 F.3d 39 (1st Cir. 2017)................................................... 23, 37

*United States v. Figuera,*
   666 F.2d 1375 (11th Cir. 1982).................................................. 21

*United States v. Fish*,
758 F.3d 1 (1st Cir. 2014) ...............................................11, 14

*United States v. Graham*,
67 F.4th 218 (4th Cir. 2023) ............................................ 45, 48

*United States v. Hanahan*,
442 F.2d 649 (7th Cir. 1971) ..................................................33

*United States v. Hernández-Román*,
981 F.3d 138 (1st Cir. 2020) .................................................45

*United States v. Lynch*,
881 F.3d 812 (10th Cir. 2018) ...............................................19

*United States v. McGlashan*,
78 F.4th 1 (1st Cir. 2023) ......................................................29

*United States v. Meeker*,
527 F.2d 12 (9th Cir. 1975) ...................................................19

*United States v. Mena*,
933 F.2d 19 (1st Cir. 1991) ...............................................12, 13

*United States v. Mulkern*,
854 F.3d 87 (1st Cir. 2017) ....................................................10

*United States v. Pablo-Lugones*,
725 F.2d 624 (11th Cir. 1984) ...............................................27

*United States v. Robinson*,
744 F.3d 293 (4th Cir. 2014) .................................................30

*United States v. Rodríguez-Santos*,
56 F.4th 206 (1st Cir. 2022) .................................................45

*United States v. Rojas-Tapia*,
446 F.3d 1 (1st Cir. 2006) ...................................................... 4

*United States v. Savoires*,
430 F.3d 376 (6th Cir. 2005) ............................................ 42, 43

*United States v. Sevilla-Oyola*,
770 F.3d 1 (1st Cir. 2014) .....................................................30

*United States v. Starks*,
861 F.3d 306 (1st Cir. 2017) ............................................. 10, 23

*United States v. Sturm*,
870 F.2d 769 (1st Cir. 1989) .................................................17

*United States v. Tsarnaev*,
968 F.3d 24 (1st Cir. 2020) ................................................... 9

U.S. Appellate Court Authorities—continued

*United States v. Vann*,
    660 F.3d 771 (4th Cir. 2011) (en banc)........................ 37, 38, 39, 41

## U.S. District Court Cases

*Capozzi v. United States*,
    531 F. Supp. 3d 399 (D. Mass. 2021) ........................................ 17
*United States v. Rivera*,
    No. 88-379 JP,
    1989 U.S. Dist. LEXIS 6772 (D.N.M. Mar. 22, 1989) ................................ 15

## U.S. Statutes

18 U.S.C. § 2...............................................................................3
18 U.S.C. § 924(c) ................................................................ *passim*
18 U.S.C. § 2113(a) ................................................................ 21, 22
18 U.S.C. § 3553(f) .................................................................. 47
28 U.S.C. § 1291 ......................................................................1
28 U.S.C. § 2253..................................................................... 1, 32
49 U.S.C. § 1472(j) (repealed) ........................................................ 18
49 U.S.C. § 46502................................................................ *passim*
49 U.S.C. § 46504.................................................................... 18
Pub. L. 103-272, § 1(e), 108 Stat. 745 (July 5, 1994)...........................15, 21
Pub. L. 87-197 § 1, 75 Stat. 466 (Sept. 5, 1961)................................... 20
Pub. L. 93-366 § 103(a), 88 Stat. 409 (Aug. 5, 1974) ............................. 20

## Other Sources

A. Scalia & B. Garner, Reading Law (2012) ....................................... 17
ABA Prosecution Function Standard 3-7.1............................................36
*Intimidation*, Black's Law Dictionary (10th ed. 2009) ......................... 22
*Intimidation*, Black's Law Dictionary (5th ed. 1979) .............................16
*Intimidation*, Webster's Ninth New Collegiate Dictionary (1984) .........................16
Justice Man. 9-27.001 ................................................................ 35
Justice Man. 9-27.746................................................................ 35
*Namely*, Collins English Dictionary ...............................................46
*To Wit*, Black's Law Dictionary (11th ed. 2019) ...................................46
*To Wit*, Collins English Dictionary................................................46

# In the United States Court of Appeals for the First Circuit

---

**JESÚS ROJAS-TAPIA,**
*Petitioner-Appellant,*

v.

**UNITED STATES,**
*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the District of Puerto Rico
D. Ct. Nos. 16-cv-2213-JAG
(originating from 03-cr-019-06-GAG)
Hon. Jay A. García-Gregory, U.S. Senior District Judge

---

## APPELLANT'S CORRECTED OPENING BRIEF

---

TO THE HONORABLE COURT:

The petitioner-appellant, Jesús Rojas-Tapia, represented by the Federal Public Defender for the District of Puerto Rico, through undersigned counsel, respectfully states and prays:

# Jurisdiction

This appeal challenges the district court's minute order and judgment issued on August 25, 2022, denying post-conviction relief under 28 U.S.C. § 2255 following *United States v. Davis*, 588 U.S. 445 (2019). AD1-AD2.[1] Mr. Rojas timely appealed on September 23, 2022. A159.

The district court (García-Gregory, J.) had jurisdiction under § 2255, leaving this Court with jurisdiction under 28 U.S.C. §§ 1291 and 2253.

In certificate of appealability ("COA") briefing, Mr. Rojas made a "substantial showing of the denial of constitutional right," § 2253(c)(2), so this Court granted a COA to address the district court's ruling on Mr. Rojas's "*Davis* challenge to his § 924(c) conviction." Order, No. 22-1746 (Aug. 1, 2024).

---

[1] Record citations: Appendix ("A__"); Addendum ("AD__"); Gov't Opposition to COA ("Oppo. to COA").

# Issues

I.    Following *Davis*, is air piracy or conspiracy to commit air piracy, 49 U.S.C. § 46502(a)(1)(A)(2)(A), a "crime of violence" under 18 U.S.C. § 924(c)(3)?

II.    Did the district court err in ruling against Petitioner based on its allegation that Petitioner conceded the legal conclusion that substantive air piracy is § 924(c) "crime of violence"?

III.    Where a COA was granted and the government has not yet filed a brief in response, should this court reconsider the government's COA opposition argument that Petitioner waived any argument that substantive air piracy no longer qualifies as a "crime of violence"? If so, should this Court either reject the government's waiver claim or excuse any perceived waiver?

IV.    If substantive air piracy were a "crime of violence," can the subject § 924 conviction survive review based on a conclusion that the jury unanimously found that § 924(c) conviction was predicated on substantive air piracy?

# STATEMENT

***Grand Jury Indictment & Trial.*** On January 16, 2003, a District of Puerto

Rico grand jury handed up an indictment charging Mr. Rojas and multiple others

with three felony counts. *See* A38-A42 (indictment). He was defendant six.

### Air Piracy Conspiracy.
**Count 1** alleged that Mr. Rojas and six other named men, defendants one through seven, conspired to commit air piracy. 49 U.S.C. §§ 46502(a)(1)(A) and (2)(A).

### Aiding and Abetting Air Piracy.
**Count 2** alleged that Mr. Rojas and one other man—defendant seven—aided and abetted air piracy. 18 U.S.C. § 2; 49 U.S.C. §§ 46502(a)(1)(A) and (2)(A).

### Gun Possession in Furtherance of Air Piracy Conspiracy.
**Count 3** alleged that Mr. Rojas and the six other men—defendants one through seven—possessed or brandished a firearm in furtherance of a crime of violence. 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). The crime of violence was listed as "conspiracy to commit aircraft piracy, as set forth in Count 1." A41.

Following a 2004 jury trial, Mr. Rojas was found guilty of all three charges.

A44-A45 (jury verdicts).

***Sentence.*** Mr. Rojas was sentenced to an aggregate 449 months in prison. He

received concurrent sentences of 365 months for conspiracy in Count 1, and aiding-

and-abetting air piracy in Count 2. An 84-month sentence was imposed consecu-

tively for the § 924(c) offense in Count 3. A75.

Mr. Rojas was the only defendant to exercise his right to trial by jury. All others received either 240 or 300 months' imprisonment. Defendants 1, 3, 4 and 5 received 240 months. And Defendants 2 and 7 received 300 months.

***Direct Appeal.*** The conviction and 449-month sentence were affirmed on direct appeal. *United States v. Rojas-Tapia*, 446 F.3d 1 (1st Cir. 2006).

**Johnson II** ***Post-Conviction Motion.*** This is an appeal from a judgment and order denying Mr. Rojas's 28 U.S.C. § 2255 motion to vacate his 18 U.S.C. § 924(c) conviction. *See* AD1-AD2.[2]

The § 2255 motion relied on *United States v. Davis*, 588 U.S. 445 (2019), which struck the residual clause of 18 U.S.C. § 924(c) as unconstitutional. The motion therefore contended that the § 924(c) predicate charged in the indictment—*i.e.*, conspiracy to commit air piracy, 49 U.S.C. § 46502(a)(1)(A)(2)(A), *see* A41-A42—does not satisfy the elements clause of § 924(c)(3)(A). *See, e.g.*, A112-A115.

Where the grand jury indictment utilized the sole predicate of air piracy conspiracy, Mr. Rojas's petition below focused mainly on whether *Davis*'s holding necessarily invalidated the § 924(c) count.

---

[2] Mr. Rojas—imprisoned since January 2, 2003—is in custody at Coleman Medium FCI. His current release date is November 21, 2034. *See* BOP Prisoner Locator (search by register no. 25819-069) (last accessed: Jan. 14, 2025).

Alternatively, Mr. Rojas argued that § 2255 relief was warranted even if the companion offense to the § 924(c) count was substantive air piracy. His main argument was that the record left ambiguity as to whether the jury verdict relied on substantive air piracy as a § 924(c) predicate. *See* A114 n.5, A115; A162-A165; A126-A127; A135-A143. This meant the least culpable predicate conduct was air piracy conspiracy. Finally, Mr. Rojas stressed that substantive air piracy was indivisible and could be violated with conduct short of *Johnson I* force, but he noted that the classification of substantive air piracy was "not outcome determinative here." A113 n.4.

The district court denied § 2255 relief in a line order and declined to issue a certificate of appealability. *See* AD1. The denial order accepted that, following *Davis*, air piracy conspiracy "does not qualify as a 'crime of violence'" under § 924(c)'s force clause. AD1.

But the court's line order concluded that the verdict didn't leave any ambiguity as to what predicate offense was furthered by the gun possession alleged in Count 3. AD3. As such, the court held that the jury "found Petitioner brandished a firearm during BOTH predicate offenses." AD1.

The court forwent assessment of the alternative predicate offered by the government, air piracy, based on an idea that Mr. Rojas had not "disputed that the substantive offense of aircraft piracy qualifies as a § 924(c) predicate." AD1. Based on

this perceived lack of a dispute, the district court gathered that Petitioner had affirmatively conceded the legal question of whether air piracy was a crime of violence. The court did not address Mr. Rojas's analysis of the elements of air piracy, A113, A113 n.4, nor did the court ask the parties for briefing to address whether Mr. Rojas conceded that substantive air piracy was a crime of violence. Finally, the court elected not to ask Petitioner or the government whether a private litigant could waive such a question of law. Without such briefing, the court denied relief, dismissing the § 2255 motion with prejudice. AD2. And despite a lack of authority on the subject legal questions, no district court COA issued. AD1.

***Overruling of District Court's Certification Denial.*** Mr. Rojas appealed, and this Court issued an order overruling the district court's decisions denying a COA as to his challenge to his § 924(c) conviction under *Davis*. Order, No. 22-1746 (Aug. 1, 2024).

## Summary of the Arguments

This certified appeal challenges an 18 U.S.C. § 924(c) conviction suffered at a 2004 trial. The expressly alleged predicate—conspiracy to commit air piracy—is no longer a crime of violence. The district court, however, denied relief on the ground that the conviction was also predicated on a separate substantive air piracy offense. The district court did not apply the categorical approach to the air piracy statute; instead, the court concluded that the parties conceded the offense was a crime of violence. This brief, however, shows that no concession of that legal issue was entered. So the offense should have been evaluated. Nor can any waiver theory succeed if the government invokes waiver in its answering brief as Petitioner expressly argued that air piracy is overbroad. Notably, air piracy, we argue, is indivisible and can be accomplished through any "form of intimidation," a broad category of conduct that does not require proof of *Johnson I* force.

Moreover, under *Shepard*, even were air piracy a crime of violence (it's not), the § 924(c) charge is invalid as the jury needn't have reached a unanimous verdict on air piracy as a predicate.

# MAIN STANDARD OF REVIEW

This Court reviews de novo whether an offense constitutes a "crime of violence" under 18 U.S.C. § 924(c). *See United States v. Bowers*, 27 F.4th 130, 133 (1st Cir. 2022). This Court may consider any question that is "fundamentally intertwined" with the question on which a certificate of appealability was granted. *McCants v. Alves*, 67 F.4th 47, 51 (1st Cir. 2023) (citation omitted).

# ARGUMENTS EXPLAINING WHY THE DISTRICT COURT ERRED IN DENYING 28 U.S.C. § 2255 RELIEF

## I. POST-*DAVIS*, THE AT-ISSUE § 924(C) CONVICTION IS INVALID.

### A. Conspiracy to commit air piracy is not a valid "crime of violence" under 18 U.S.C. § 924(c)(3)'s force clause.

As the parties agree, conspiracy to commit air piracy is not a force-clause "crime of violence" predicate. A152 (government concession). But this Court doesn't necessarily accept concessions regarding legal issues even from the government. So we explain.

To establish the elements of air piracy conspiracy, the government must prove only that the accused agreed with another to commit actions that, if realized, would violate 49 U.S.C. § 46502(a)(1)(A)(2)(A). Such an agreement—as in conspiracy to commit Hobbs Act robbery—"does not invariably require the actual, attempted, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019).

As such, the government's concession here and elsewhere is appropriate as myriad conspiracy offenses, including air piracy conspiracy, do not qualify as crime-of-violence predicates after *Davis*. Indeed, as this Court has observed, "simply conspiring to commit a violent act does not necessarily have as an element the use, attempted use, or threatened use of physical force." *United States v. Tsarnaev*, 968 F.3d 24, 104 (1st Cir. 2020), *rev'd on other grounds*, 595 U.S. 302, 312 (2022).

### B. Substantive air piracy is not a valid "crime of violence" predicate either.

The offense of 18 U.S.C. § 924(c) criminalizes firearm use in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The framework for crime-of-violence determinations is well-established. Previously an offense was a "crime of violence" if it either had "as an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

*Davis*, however, held that the residual clause was "unconstitutionally vague." 588 U.S. at 448.

Without the residual clause, air piracy is an invalid § 924(c)(3)(A) predicate if "no element of the offense requires the government to prove that the defendant used, attempted to use, or threatened to use force." *Id. Davis* applies retroactively. *United States v. Taylor*, 596 U.S. 845, 849-50 (2022).

Step one is to apply the elements-based categorical approach. *United States v. Mulkern*, 854 F.3d 87, 90 (1st Cir. 2017). That's not a study of whether a person "used ... violent force in committing the crime as a matter of historical fact." *United States v. Starks*, 861 F.3d 306, 315 (1st Cir. 2017). Instead, the categorical approach

assesses the "minimum criminal conduct necessary to sustain a conviction under a given statute." *United States v. Fish*, 758 F.3d 1, 15 (1st Cir. 2014) (citation omitted). It is that minimum criminal conduct which must necessarily involve "the use, attempted use, or threatened use of physical force against another person." *United States v. Colón-Maldonado*, 953 F.3d 1, 6 (1st Cir. 2020). And not just any force or threatened force will do: force must be "violent force … capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*").

Turning to air piracy, a conviction may be suffered where a person "seiz[es] or exercis[es] control of an aircraft in the special aircraft jurisdiction of the United States by force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent." 49 U.S.C. § 46502(a)(1)(A).

Air piracy's essential elements are as follows:

(1) a seizure of, or exercise of control over, an aircraft,

(2) by means of force, violence, or intimidation,

(3) with wrongful intent,

(4) when the aircraft is within the special aircraft jurisdiction of the United States.

*United States v. Mena*, 933 F.2d 19, 23 (1st Cir. 1991). Here, analysis of air piracy involves two questions. First, is the force-violence-or-any-form-of-intimidation aspect of air piracy a single indivisible element? Second, can that element be satisfied by conduct that falls short of *Johnson I*-level force. As we show in the following subsections, the text of air piracy and the statute's purpose and history demand that both questions be answered in the affirmative.

### 1.    Air piracy is indivisible.

As argued in district court, A113 n.4, air piracy's element of "by means of force, violence, or [any form of] intimidation" is indivisible. Divisible statutes have alternative elements, with some but not all alternatives meeting the crime-of-violence definition. *United States v. Colón-Maldonado*, 953 F.3d 1, 7 (1st Cir. 2020); *see Shepard v. United States*, 544 U.S. 13 (2005). In contrast, statutes merely listing alternative *factual means* to commit offenses are indivisible. *See Mathis v. United States*, 579 U.S. 500, 517 (2016). Four points resolve the indivisibility question.

### a.  Argument According to Precedent

Here, the force-violence-or-intimidation construction in air piracy does not define three alternative crimes—*i.e.*, piracy by force, piracy by violence, and piracy by any means of intimidation—but rather a single offense. This conclusion flows from precedent. The 1991 *Mena* opinion teaches that "force, violence, or intimida-

tion" fall within a single element. *Mena*, 933 F.2d at 23.[3] Under Supreme Court authority, when a binding decision, here *Mena*, labels statutory components "means" or "elements," a court deciding divisibility "need only follow what [*Mena*] says." *Mathis v. United States*, 579 U.S. 500, 518 (2016).

### b. Record of Conviction

Even where binding caselaw does not supply "clear answers" on the elements-or-means question, reviewing courts may answer the inquiry by looking to the "record of prior conviction." *Id.* at 518-19. Consulting the record in this case, the record unequivocally points to indivisibility.

First, the indictment lists all the alternative statutory components. *See* A40-A41 (charging Mr. Rojas and others with employing "force, violence, threat of force or violence, or any form of intimidation").

Second, like the indictment, the trial judge charged the jury that it could convict if it found Mr. Rojas had violated the statute in any one of five different ways— *i.e.*, by "[1] force, [2] violence, threat of [3] force or [4] violence, or [5] any form of intimidation." A60.

---

[3] *See also United States v. Dixon*, 592 F.2d 329, 339-40 (6th Cir. 1979) (noting four aircraft piracy elements: (1) seizure or exercise of control of an aircraft; (2) by force, violence, or intimidation, or the threat thereof; (3) with wrongful intent; and (4) within U.S. special aircraft jurisdiction).

That these record documents list all of the statutory terms is "as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove." *Mathis*, 579 U.S. at 518-19.

### c. Statutory Penalties

On top of that, "force," "violence," and "any form of intimidation" do not carry different punishments, further signaling that the offense is elementally indivisible. *See Mathis*, 579 U.S. 519 ("[I]f statutory alternatives carry different punishments, then … they must be elements").

### d. Government Concession

While not dispositive, the government does not challenge the conclusion that air piracy's list of "force," "violence," and "any form of intimidation" is a list of means not elements. Oppo. to COA 15.

* * * *

In sum, the subject statutory text is indivisible by every available measure.

### 2.    Air piracy does not require *Johnson I*-level force.

Because air piracy's element of "force, violence, or any form of intimidation" is indivisible, the relevant question becomes whether the minimally culpable conduct criminalized by the statute necessarily requires the use of force. *See Fish*, 758 F.3d at 15 (citation omitted). The main focus of this question is air piracy's expansively worded phrase "any form of intimidation." According to the plain language of that

statute, related statutory language, and the history and purpose of air piracy—as the crime has been successively expanded—the statute can only be understood to encompass conduct that falls short of the requisite force or threat of force the elements clause requires.

### a. Text

First, the text of air piracy does not require any threat at all when committed through "any form of intimidation." Since 1994, air piracy can be accomplished through "any form of intimidation." Pub. L. 103-272, § 1(e), 108 Stat. 745, 1241 (July 5, 1994). While we could not identify another federal statute with the expansive any-form-of-intimidation language, intimidation is often discussed in broad terms in the federal courts. One district court used that phrase in a different context to conclude DEA agents were not using "any form of intimidation" against travelers since "agents are not told to use tactics such as blocking a person's access or separating a person from his or her luggage." *United States v. Rivera*, No. 88-379 JP, 1989 U.S. Dist. LEXIS 6772, at *5 n.1 (D.N.M. Mar. 22, 1989). In the context of highly regulated transportation environments, blocking travelers' access to their luggage is a plausible means of intimidation under the broadly worded statute at hand. These forms of intimidation do not require violent force or any form of a threat, let alone a threat of *Johnson I* force against the person of another.

Consider also dictionary definitions of "intimidation" coupled with the statute's use of "any form of." In 1994, when Congress declared that air piracy could be committed using "any form of intimidation," dictionary definitions of "intimidate" were not restricted by the word "threat." Intimidation generally is any "(u)nlawful coercion; extortion; duress (or) putting in fear." *Intimidation*, Black's Law Dictionary, 5th ed. at 737 (1979). Webster's Ninth New Collegiate Dictionary at 634 (1984) defined "intimidate" as "to compel or deter by or as if by threat." Certainly, the use of a threat is, quite frequently, a common means of intimidation, just as it is for extortion. Still, the legal and common definitions of intimidation invoke a notion of conduct which is directed toward affecting future behavior, whether or not a threat is part of that conduct. Such notions are not categorically threats of violent force against the person of another—especially given the statute's expansion reach to "any form of intimidation."

Likewise, even where a threat is encompassed in conduct that falls within "any form of intimidation," it need not involve a threat of force to a person. None of the legal or common definitions demand that harm to a person be contemplated by "intimidation." As this Court has observed, "[e]xtortion by 'fear' can mean fear of economic loss." *United States v. Cruzado-Laureano*, 404 F.3d 470, 481 (1st Cir.

2005). Which is why Hobbs Act extortion "may be based on a creditor's fear of non-repayment." *United States v. Sturm*, 870 F.2d 769, 772 (1st Cir. 1989); *see also Capozzi v. United States*, 531 F. Supp. 3d 399, 404 (D. Mass. 2021) (cataloging numerous district court cases holding that Hobbs Act extortion falls short of force-clause qualification).

The above analysis comports with the Supreme Court's approach to statutory terms that are not expressly defined. When that's the case, courts look to "everyday meaning revealed in phraseology that strikes the ear as both reasonable and normal." *Watson v. United States*, 552 U.S. 74, 79 (2007) (cleaned up). Here, "any form of intimidation" is so broad a phrase it naturally encompasses fear of a multitude of harms that are not physical in nature.

### b. Closely Related Statutes

Generally, the same term used throughout a statute usually has the same meaning and different terms usually have different meanings. A. Scalia & B. Garner, Reading Law 170-171 (2012). As the Supreme Court has observed, this principle is mostly applied to terms with some heft and distinctiveness, whose use drafters are likely to keep track of and standardize. *See, e.g.*, *IBP, Inc. v. Álvarez*, 546 U.S. 21, 33–34 (2005) (construing the term "principal activity" in the same way when used in neighboring provisions); *Wisconsin Central Ltd. v. United States*, 585 U.S. 274, 279

(2018) (holding that "money remuneration" must mean something different from "all remuneration" when used in "companion" statutes (emphasis deleted)).

So, while authority delineating the bounds of air piracy's "force, violence, or any form of intimidation" element is sparse, authority on another Title 49 offense — Interference with Flight Crew Members or Flight Attendants, 49 U.S.C. § 1472(j) (repealed) [now: 49 U.S.C. § 46504] — is instructive as it includes an "intimidation" modality. In fact, § 1742(j) is a "lesser included" of air piracy, so "conviction of the greater necessarily include[s] conviction of the lesser offense." *United States v. Figueroa*, 666 F.2d 1375, 1380 (11th Cir. 1982).

Critically, a § 1742(j) conviction does not require the violent force described in *Johnson I*. Section 1742(j) makes it a criminal act to "assault[], intimidate[], or threaten[]" any air crew member or flight attendant "so as to interfere" with their ability to perform their duties. 49 U.S.C. § 1742(j).[4] As another federal appellate

---

[4] Section 1742(j) (repealed) provided:

> Whoever, while aboard an aircraft within the special aircraft jurisdiction of the United States, assaults, intimidates, or threatens any flight crew member or flight attendant … of such aircraft, so as to interfere with the performance by such member or attendant of his duties or lessen the ability of such member or attendant to perform his duties, shall be fined not more than $10,000 or imprisoned not more than twenty years, or both….

court observed, § 1742(j) "places intimidation in an equivalent position to 'assaults' or 'threats.'" *United States v. Meeker*, 527 F.2d 12, 15 n.1 (9th Cir. 1975). And assault offenses that are defined to encompass any unwanted touching do not come within the reach of the § 924(c)(3)(A) force clause. *See Johnson I*, 559 U.S. at 140-41 (Florida battery not an 18 U.S.C. § 924(e)(2)(B) "violent felony"). So, too, it is in the case of § 1742(j), a crime covering such non-forceful acts as non-consensual "hug-g[ing]," "kiss[ing]," or unwanted touching of a flight attendant. *United States v. Lynch*, 881 F.3d 812, 814 (10th Cir. 2018).

Moreover, as discussed in subsection (a) above, the language in § 46502(a)(1)(A) reflects a meaning that is likely even broader than that which may satisfy § 1742(j). The latter is met when someone "assaults, intimidates, or threatens any flight crew member or flight attendant," while air piracy can be accomplished through the use of "any form of intimidation."

### c. Legislative History and Purpose

Adding to the discussion above regarding "intimidation" in the crew-interference offense, we examine the legislative history arriving at that phrasing "any form of intimidation" language. Air piracy dates back to the passage of the Federal Aviation Act of 1958, which has gone through numerous amendments demonstrating Congress's intent to expand the conduct constituting the crime.

Start with the air piracy and crew interference offenses, which were both added to the Federal Aviation Act in 1961 via Public Law 87-197 § 1. 75 Stat. 466 (Sept. 5, 1961). Initially, air piracy did not expressly include "any form of intimidation." Air piracy could be committed solely by "seizure or exercise of control" of an aircraft "by force or violence or threat of force or violence." *Id.* In contrast, the crew-interference offense was committable through intimidation: that statute's language applied whenever anyone "assaults, intimidates, or threatens any flight crew member or flight attendant …." *Id.*

This changed 13 years later in 1974 when the 93rd Congress struck the prior air piracy definition and replaced it with text adding intimidation. Pub. L. 93-366 § 103(a), 88 Stat. 409, 409-10 (Aug. 5, 1974). The text of the law is as follows:

> Sec. 103. (a) Paragraph (2) of subsection (i) of section 902 of such Act (49 U.S.C. 1472), relating to the definition of the term "aircraft piracy", is amended by striking out "threat of force or violence and" inserting in lieu thereof "threat of force or violence, or by ***any other form of intimidation*** …."

*Id.* at 410 (emphasis added).

Congress offered a stated purpose for the 1974 amendment to the Federal Aviation Act. It was "to implement the Convention for the Suppression of Unlawful Seizure of Aircraft," and "to provide a more effective program to prevent aircraft piracy …." *Id.* at 409. Against this legislative history, the Eleventh Circuit in *United*

*States v. Figuera* reached an obvious and irrefutable conclusion about Congress's addition of "any other form of intimidation" to the statute. *United States v. Figuera*, 666 F.2d 1375, 1378 (11th Cir. 1982). This conclusion was that "the amendment was considered by Congress to be an *expansion* of the definition, not a reiteration." *Id.* (emphasis added). Of course, the expansion imported "intimidation" without distinguishing air piracy intimidation from crew interference intimidation.

Finally, Congress eventually deleted the word "other" from the phrase such that for many decades a means of committing air piracy is through "any form of intimidation." Pub. L. 103-272, § 1(e), 108 Stat.at 1241. In other words, all possible means of intimidation satisfy air piracy.

### d. Inapt Comparisons

To be sure, notwithstanding the above, the government thinks *United States v. Ellison* shows air piracy's "any form of intimidation" always entails a threat of violent force against the person of another. *See* Oppo. to COA 15-16 (citing *United States v. Ellison*, 866 F.3d 32 (1st Cir. 2017)). This is wrong. *Ellison* won't perform any of the work the prosecution suggests it will.

In *Ellison*, this Court conducted crime-of-violence analysis on the federal bank robbery statute, which involves "force and violence, or intimidation." 18 U.S.C. § 2113(a); *Ellison*, 866 F.3d at 35.

Notably, the *Ellison* panel pointed out, in citing a later definition of Black's Law Dictionary than we cite above, that "intimidation" is "'unlawful coercion; extortion.'" *Id.* at 35 n.2 (citing *Intimidation*, Black's Law Dictionary 949 (10th ed. 2009)). Ellison's legal team didn't utilize the definition including extortion, though, for statute-specific reasons that are not applicable here. Specifically, bank robbery "includes both 'by force and violence, or intimidation' and 'by extortion' as separate means of committing the offense." *Id.* (citing 18 U.S.C. § 2113(a)). And the robbery and extortion prongs of § 2113(a) "are alternative elements of distinct offenses." *King v. United States*, 965 F.3d 60, 69 (1st Cir. 2020).

Given that statutory reality, "Ellison ma[de] no argument that 'intimidation' in § 2113(a) includes extortion." *Ellison*, 866 F.3d at 35 n.2. Thus, unlike air piracy, bank robbery "by intimidation," 18 U.S.C. § 2113(a), does not capture "*any form of intimidation*," 49 U.S.C. § 46502(a)(1)(A) (emphasis added): it captures only those that were not incorporated into the separate offense of § 2113(a) extortion.

### 3. Were air piracy divisible (it's not), the § 924(c) conviction is still invalid.

First, the record does not speak clearly as to the particular air piracy modality that underlies Mr. Rojas's conviction. Were air piracy divisible, this Court would, in "help[ing] to implement the categorical approach," look at a short list of judicial documents, *see Shepard*, 544 U.S. at 26, to determine whether the defendant was

"necessarily" convicted of an offense that qualifies as a "crime of violence," *Descamps v. United States*, 570 U.S. 254, 261, 262 (2013). This approach, known as the modified categorical approach, is also elements based.

Here, the court instructed the jury it could convict if it found that the accused "used force, threat of force or violence, or any form of intimidation." A158. And the indictment used the same language. A41. So once this Court reviews these documents, it must presume the conviction rested on the least-culpable conduct criminalized. *See Starks*, 861 F.3d at 315. And here, the record materials simply "do not speak plainly" or speak at all as to whether the conviction was for the use of force, a threat of force, or any form of intimidation. *United States v. Faust*, 853 F.3d 39, 53 (1st Cir. 2017).

### C. Even if substantive air piracy were a valid predicate (it's not), the conviction here is still invalid because the jury was instructed to base its § 924(c) evaluation on the conspiracy offense.

As discussed in Section IV, *infra*, pp. 36-48, even if air piracy were a valid predicate, the record does not show unanimity by the juror for that predicate, making the least culpable conduct air piracy conspiracy. Therefore, the § 924(c) conviction and sentence must be vacated.

## II. THE DISTRICT COURT ERRONEOUSLY CONCLUDED THAT PETITIONER ENTERED AN OUTCOME-DETERMINATIVE CONCESSION OF THE LEGAL CONCLUSION THAT SUBSTANTIVE AIR PIRACY IS AS A "CRIME OF VIOLENCE."

This Court has sought supplemental briefing on the district court's order, which purports to accept an alleged concession from Petitioner. The district court's order is erroneous as a matter of law and fact. And even were a concession entered inadvertently, this Court should allow it to be withdrawn to avoid a miscarriage of justice.

The district court stated in a minute order that Mr. Rojas "does not dispute that the substantive offense of aircraft piracy qualifies as a §924(c) predicate." AD1. It then asserted that Petitioner had entered a concession as follows:

> Petitioner concedes that the Court can "find [] that aircraft piracy was a §924(c) predicate if it was necessary to satisfy the elements of the §924(c) conviction[,]' Docket No. 64 at 3, but argues that his conviction could have rested on either conspiracy to commit aircraft piracy (Count 1) or the substantive aircraft piracy charge (Count 2) because of ambiguity in the jury instructions and the special verdict form.

AD1 (alterations in district court minute order). As a matter of law, once the court rejected Mr. Rojas's argument that the operative predicate was conspiracy, the district court erred in failing to adjudicate whether air piracy was a crime of violence. Nor should this question impede review here. This Court does not accept conces-

sions on legal issues. Not from attorneys representing the government. And defi-

tely not from attorneys representing individual by retainer or court appointment (as

is the case here).

Moreover, as a matter of fact, Mr. Rojas suffered no concession based on his

counsel's pleadings: instead, we expressly argued that the substantive offense

doesn't meet the force clause.

**A. The district court committed a significant error of law when it halted analysis based on an alleged concession regarding a purely legal issue.**

This Court abides by longstanding Supreme Court guidance on the present

issue. In *United States v. Cardales-Luna*, 632 F.3d 731 (1st Cir. 2011), the Court

(Lipez, J.) observed that it follows the Supreme Court's *Young* rule regarding legal-

issue concessions because "'judgments are precedents, and the proper administra-

tion of the criminal law cannot be left merely to the stipulation of parties.'" *Id.* at 734

(quoting *Young v. United States*, 315 U.S. 257, 259 (1942)). Therefore, the *Cardales-*

*Luna* panel took the following view: a "concession by" a party or "the government

… 'does not relieve [us] of the performance of the judicial function.'" *Id.* (quoting

*Young*, 315 U.S. at 258) (additional citation omitted). This is true at virtually all levels

of courts, including the district court below, so the district judge was barred from

simply accepting the alleged concession below.

The Supreme Court has continued to follow the straightforward principle discussed in *Young*, stating in 1999 that "the concession of a point on appeal by [a party] is by no means dispositive of a legal issue …." *Roberts v. Galen of Va., Inc.*, 525 U.S. 249, 253 (1999). In harmony with this jurisprudence, the Eleventh Circuit categorically warns that "[c]oncessions of law … are never binding on [courts]. The court decides what the law is—not the parties[!]" *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021) (citation omitted).

Thus, the district court was not justified, as a matter of law, to simply terminate legal analysis based on the alleged concession of law attributed to Mr. Rojas who had been challenging his § 924(c) conviction as invalid since June of 2016. *See* A87-A101.

With today's strict law of the circuit—which generally means the first panel to decide an issue gets the final word[5]—it's paramount, in applying de novo review, for the court to decide what the law is regarding the specific offense now called into question following the *Johnson-Davis* case line.

---

[5] This is especially true with today's Supreme Court taking fewer and fewer cases each year. The panel decision in this matter may be the only precedential word spoken about the subject issue—since this is a rarely used statute—for decades.

**B.** **The district court also erred as a matter of fact since Mr. Rojas's challenge to air piracy as a predicate was the opposite of a concession.**

**1.** **The alternative predicate was expressly challenged.**

Here, Mr. Rojas insisted in black and white that substantive air piracy did not satisfy the force clause because it was indivisible and covered conduct that doesn't satisfy the force clause. His amended petition of May 24, 2018, provided multi-step analysis to this effect. He first argued under *Mathis* that § 46502(a)(1)(A)'s "force, violence, or intimidation" element is indivisible. A113 n.4. This was based on the indictment's conjunctive listing of the three means of committing air piracy. A113 n.4.

Mr. Rojas then provided an example of an instance when the any-form-of-intimidation means did not demand the requisite force or threat of force. A113. He did this with multiple citations to *United States v. Pablo-Lugones*, 725 F.2d 624, 626 (11th Cir. 1984). A113; A113 n.4. Notably, he argued that the proposition that "the mere '*display* of a dangerous weapon is sufficient use of force or violence for the purpose of hijacking.'" A113 n.4 (citing *Pablo-Lugones*, 725 F.2d at 626) (emphasis added in district court motion). But, since the stated predicate in Count 3 was conspiracy, and the record required under *Shepard* that conspiracy be understood as the least culpable conduct, Mr. Rojas indicated that the classification of substantive air

piracy was "not outcome determinative here." A113 n.4[6]; *see* Section IV, *infra*, pp. 36-48.

Granted the government's pleading opposing a COA complained about the length of Mr. Rojas's district court argument that, as the government summarizes, ended with the "conclusion that aircraft piracy fell short of being categorically a crime of violence." Oppo. to COA 8. While we address the specter of a waiver argument in Section III, *infra*, pp. 33-36, it's worth noting that the government's position so far directly conflicts with the district court's allegation that Mr. Rojas supplied a concession to the legal issue at hand as Mr. Rojas's argument—brief is it was—was completely understandable to the government's attorneys whose only grievance now is that it needed more lengthy development. So it is anticipated that the answering brief will not push the concession idea.

## 2. Context explains the brevity of prior briefing.

Moreover, context explains why Mr. Rojas dedicated more space to the dual-predicate issue. Mr. Rojas was supplying briefing to a district court laboring under the same "cardinal principle of judicial restraint" as all courts: "if it is not necessary

---

[6] The exact phrasing was as follows: "While the issue is not outcome determinative here, Mr. Rojas submits that § 46502(a)(1)(A)(2)(A)'s element of 'by means of force, volume, or intimidation' is indivisible."

to decide more, it is necessary not to decide more ....." *United States v. McGlashan*, 78 F.4th 1, 6 n.2 (1st Cir. 2023) (quoting *PDK Lab'ys, Inc. v. U.S. Drug Enf't Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring). And here the record saw a conviction on an indictment count that solely charged the air piracy conspiracy offense. So the parties were aware that the dual-predicate argument would have been a narrower ground than a decision classifying an entire offense—air piracy—as a non-crime of violence.

Further, Mr. Rojas was aware of three additional principles showing that his briefing was sufficient at the time to advance the final alternative argument that air piracy failed as a force-clause predicate.

*First,* while supplemental briefing does not ordinarily revive waived claims, it can be requested by courts as issues are reviewed by the courts. *United States v. Dávila-Reyes*, 84 F.4th 400, 453 n.28 (1st Cir. 2023) (en banc) (Lipez, J., Thompson, J., Montecalvo, J., dissenting); *see also* Order, 1st Cir. No. 22-1650, *United States v. Maldonado-Maldonado* (1st Cir. Jan. 31, 2025) (Gelpí, J.) (issuing supplemental briefing order so that the government could state its position on a claim of error already implicitly conceded or waived by the appellee's brief, which elected not to address the error).

**Second,** this Court does not demand exquisite precision or specific phrasing to preserve an issue. As such, courts may hold "waiver inappropriate where" a litigant's "brief reveals enough of the raw materials underlying a claim so as to allow the court to have no trouble reading his argument." *United States v. Sevilla-Oyola*, 770 F.3d 1, 20 (1st Cir. 2014) (cleaned up) (Torruella, J., dissenting in part, concurring in part).

**Third,** as the Supreme Court held in *Yee*, "once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. Escondido*, 503 U.S. 519, 535 (1992). The *Yee* petitioners had argued in trial court that a rent-control ordinance was a taking; they then argued it was a regulatory taking before the Supreme Court. *Id.* It was clear to the Court that these were "separate [legal] arguments in support of a single [takings] claim." *Id.* "Having raised a taking claim in the state courts, therefore, petitioners could have formulated any argument they liked in support of that claim" in the Supreme Court. *Id.*; *see also United States v. Billups*, 536 F.3d 574, 578 (7th Cir. 2008) ("Billup's [crime-of-violence] challenge below was sufficient to preserve his current argument, even if he offers a new twist on that argument based upon additional authority on appeal."); *United States v. Robinson*, 744 F.3d 293, 300 n.6 (4th Cir. 2014) (finding career-offender claim preserved where appellant offered

a different argument on appeal than he did in district court regarding why a prior conviction was not a crime-of-violence predicate).

Thus, Mr. Rojas presented briefing on the core legal claim that his § 924(c) conviction was invalid after *Davis*. This argument included the sub-argument that air piracy was no longer a crime of violence after *Davis*. It supplied the minimum aspects of the claim so that the court would have no difficulty reading it, including the argument that the statute was indivisible and could be violated with conduct that does not satisfy the force clause. Indeed, the government does not argue its lawyers do not apprehend this argument. They could not do so because *Taylor*'s categorical approach is over three decades old.

Rather, the contours of the government's criticism give away the game: the government opposed a COA because it thought Mr. Rojas failed at showing "*concerted effort* to argue why the alleged means or elements, especially intimidation, did not amount to sufficient force." Oppo. to COA 9 (emphasis added). But this Court's waiver doctrine, a prudential consideration, does not support a concerted-effort test (concerted means "strenuously carried out" or "with great effort") since that would place unnecessary burdens on litigants, especially under-resourced ones, and would undermine this Court's preference for "short, concise briefs." 1st Cir. Loc. R. 32.4.

**C.** **Were this Court to understand a concession or waiver occurred below, as to air piracy, we move to withdraw it.**

By the time this Court receives the government's brief and reads it against the briefing submitted by Petitioner-Appellant, it will have fully developed legal positions on the questions at hand. And this Court has already held that Mr. Rojas made a "substantial showing of the denial of constitutional right." 28 U.S. § 2253(c)(2); Order, No. 22-1746 (Aug. 1, 2024). As such, this Court has jurisdiction to decide the present legal issue. Thus, just as the district court was not bound by the alleged concession below, this Court must not be either since parties cannot bind a court by a "concession of law." *Orloff v. Willoughby*, 345 U.S. 83, 87 (1953). "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law …." *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 99 (1991). As such, this Court is tasked with examining the predicate issue here even if Mr. Rojas had conceded (he did not) that air piracy was a crime of violence.

Examples abound where courts have elected to enforce the *Young* rule mentioned above. In *García v. United States*, the Supreme Court remarked that "private agreements between litigants, especially those disowned, cannot relieve th[e] Court of performance of its judicial function." 469 U.S. 70, 79 (1984). Courts bear the

"responsibility to interpret the intent of Congress in enacting" statutes, "irrespective of petitioners' or respondent's prior or present views." *Id. García*'s 1984 opinion allowed the Solicitor General to take back an express concession entered by the government over ten years earlier. Previously, the "Solicitor General's concession" was "that [18 U.S.C.] § 2114 only applied to postal crimes." *Id.* (footnote omitted); *see United States v. Hanahan*, 442 F.2d 649 (7th Cir. 1971), *vacated and remanded*, 414 U.S. 807 (1973). But in *García*, the Solicitor General stated "that his concession in *Hanahan* was unwarranted." *García*, 469 U.S. at 79. Those were two separate litigations regarding a statute Congress could have amended and yet the Supreme Court overruled ten years' precedent based on an intentional concession that was withdrawn. If Mr. Rojas's court-appointed defense team—handling his case along with a huge volume of *Johnson* cases—inadvertently entered something now perceived as a concession, we hereby move to withdraw it.

III. **WHETHER, AS THE GOVERNMENT CONTENDS IN ITS RESPONSE TO THE COA APPLICATION, PETITIONER HAS WAIVED ANY ARGUMENT THAT SUBSTANTIVE AIR PIRACY NO LONGER QUALIFIES AS A "CRIME OF VIOLENCE" FOLLOWING *DAVIS*?**

A. **This question is premature for the opening brief as the government may not assert waiver in merits briefing.**

While the government resisted the COA on waiver grounds, Mr. Rojas's motion was granted making present review de novo. COA briefing only addressed whether a Petitioner's appeal will be heard. The government has not yet indicated it

will assert waiver regarding the de novo legal question now before this Court. As such, the government may not assert waiver. Consider for example the government's measured expressions in October 2024 in 1st Cir. No. 20-1514, where the petitioner-appellant sought an expansion of the COA to consider whether aiding-and-abetting postal robbery was a crime of violence. The petitioner's theory was based on recent authority from the Supreme Court, including *Taylor. See United States v. Taylor*, 596 U.S. 845 (2022). At oral argument, the government stated that it does "not have a strenuous objection" to expanding the COA. Instead, the government's only reason for preserving the objection in this Court was due to the government's "institutional interest in making sure that parties front their actual arguments and theories in the COA." Oral Argument Recording, 1st at 23:27-23:40 (Oct. 30, 2024).

**B.      The government's waiver-by-inadequate-development argument should be rejected, or any perceived waiver should be excused.**

If the government nevertheless invokes waiver, this Court should hold that no such waiver occurred or should be excused in the interests of justice. Start with the development issue. For this point, we incorporate the arguments set forth above explaining Mr. Rojas's presentation of the issue in district court even though his main argument focused on the impact of two possible predicates for a single § 924(c) offense. *See* Section IV, *infra*, pp. 36-48.

When this Court faces claims of inartful or inadequate development, it has "the discretion to overlook waiver by inadequate argument." *Costa-Urena v. Segarra*, 590 F.3d 18, 30 (1st Cir. 2009) (citation omitted); *see also Holmes v. Spencer*, 685 F.3d 51, 66 (1st Cir. 2012). In exercising this discretion in *Holmes*, this Court considered whether "we need to apply the waiver rule to prevent prejudice to the" prosecution "due to lack of notice." *Id.* (citation omitted). Applying such context-dependent analysis here, we see that the U.S. Department of Justice will suffer no prejudice if the merits of the present issue are reached now that a COA has been granted. To the contrary, federal prosecutors follow guidance aimed to "promote the reasoned exercise of prosecutorial authority and contribute to the fair, even-handed administration of the federal criminal laws." Justice Manual 9-27.001. Now that a COA is granted for retroactive application of *Davis* to Mr. Rojas's conviction, review on the merits is consistent with "evenhanded administration" even if the prosecution would have appreciated a more "concerted effort" in arguments in one of the legal questions on review now.

Thus, rather than be prejudiced by review, the prosecution's performance goals will be met by ensuring any unlawful sentence imposed here is vacated. *See* Justice Manual 9-27.746 ("The attorney for the government should oppose attempts

by the court to impose any sentence that is ... not supported by the law or the evidence."); ABA Prosecution Function Standard 3-7.1 ("The prosecutor should conduct a fair evaluation of post-trial motions, determine their merit, and respond accordingly and respectfully.").

## IV. IF SUBSTANTIVE AIR PIRACY WERE A "CRIME OF VIOLENCE," THE SUBJECT § 924 CONVICTION STILL DOES NOT SURVIVE REVIEW UNDER THE CATEGORICAL APPROACH.

As referenced above, in a narrow range of cases, courts may look to a short list of judicial documents, *Shepard*, 544 U.S. at 26, to assess whether an offense "necessarily" qualifies as a crime of violence, *Descamps*, 570 U.S. at 261, 262. Here, the issue is whether the § 924(c) conviction—post *Davis*—could be said to rest on air piracy, air piracy conspiracy, or both. If the record does not speak clearly, it must be understood to be based on the least culpable conduct. And, as argued below, there are multiple reasons to conclude that the least culpable conduct was conspiracy to commit air piracy. *See* A128-A142;A162-A164.We start with the text of air piracy before assessing the *Shepard* documents.

As stated, the § 924(c) violation at issue here was predicated on the federal crime of conspiracy to commit air piracy. That statute, in relevant part, provides:

**(A)** "aircraft piracy" means seizing or exercising control of an aircraft in the special aircraft jurisdiction of the United States by force, violence, threat of force or violence, or any form of intimidation, and with wrongful intent.

**(B)** an attempt to commit aircraft piracy is in the special aircraft jurisdiction of the United States although the aircraft is not in flight at the time of the attempt if the aircraft would have been in the special aircraft jurisdiction of the United States had the aircraft piracy been completed.

**(2)** An individual committing or attempting or conspiring to commit aircraft piracy –

**(A)** shall be imprisoned for at least 20 years . . .

49 U.S.C. § 46502(a)(1)(A)(2)(A).

Given the Supreme Court's demand for certainty, when the *Shepard* documents do not speak plainly (i.e., establish the elements of which a defendant was necessarily convicted), the court must presume that the defendant was convicted of the least serious of the disjunctive elements of the statute. *Faust*, 853 F.3d at 52.

As the Fourth Circuit held in *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc), and again in *United States v. Chapman,* 666 F.3d 220, 228 (4th Cir. 2012) (en banc), the mere fact that a count in an indictment charges alternative elements of a statute in the conjunctive (for example, a § 924(c) count, which alleges both Hobbs Act robbery *and* Hobbs Act conspiracy as § 924(c) predicates) does not

mean that the defendant was necessarily convicted of both sets of elements. "Indictments often allege conjunctive elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements or that a defendant admit to all of them when pleading guilty." *Vann*, 660 F.3d at 774 (quoting *Omari v. Gonzales,* 419 F.3d 303, 308 n.10 (5th Cir. 2005)).

Therefore, "when a defendant pleads guilty to a formal charge in the indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct" unless *Shepard* documents conclusively establish otherwise. *Chapman,* 666 F.3d at 227-28.

This same rule applies to jury trials. As the en banc Fourth Circuit clarified in *Vann*,[7] similar to guilty pleas, "in trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced— in the absence of a special verdict form identifying the factual bases for conviction

---

[7] Recently, the Fourth Circuit affirmed that a § 924(c) conviction based on predicates invalidated by *Johnson* at is progeny will survive review if it is also "expressly based on [a] valid ... predicate." *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021).

—to a term of imprisonment exceeding the statutory maximum for the 'least-punished' of the disjunctive statutory conduct." 660 F.3d at 774.[8] And if the least serious of the disjunctive elements is broader than the § 924(c) "crime of violence" definition, then the offense categorically fails to constitute a "crime of violence" and cannot support a § 924(c) conviction. *See Borden v. United States*, 593 U.S. 420, 441 (2021) ("An offense does not qualify as a [crime of violence] unless the *least* serious conduct it covers falls within the [force] clause." (citation omitted)).

Applying the categorical approach here, the Court must first determine the alleged "crime of violence" upon which Mr. Rojas's § 924(c) conviction (Count 3) was predicated. The predicate "crime of violence" alleged in Count 3 of the indictment was conspiracy to commit air piracy, in violation of 49 U.S.C. § 46502(a)(1)(A)(2)(A). Nevertheless, at trial, the jury was charged, in what we contend are ambiguous terms, that it could convict on Count 3 on the theory that Petitioner had possessed the firearm during and in relation to either air piracy or conspiracy.

---

[8] *See id.* at 775 ("if Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute.").

The available *Shepard* documents here—the indictment, the jury instructions, and the special verdict form—fail to conclusively establish the basis for the § 924(c) conviction. Again, though Count 3 of the indictment only identified conspiracy to commit air piracy as the predicate "crime of violence" under § 924(c), the verdict form directed that the jury could find guilt on both conspiracy to commit air piracy, the substantive air piracy count, or a combination thereof:

> Do you unanimously agree, by proof beyond a reasonable doubt, that as to Count Three of the indictment a firearm was brandished during and in relation to a crime of violence, to wit: conspiracy to commit aircraft piracy as charged in Count One and aircraft piracy as charged in Count Two.

A45. The jury found guilt under these terms without specifying whether air piracy or conspiracy to commit air piracy necessarily served as the basis for the § 924(c) conviction. *See id.*

Indeed, the jury instructions on the § 924(c) count authorized such an ambiguous verdict because, although the jury was directed to complete a special verdict form, the trial judge did not instruct the jury to select conspiracy versus the substantive count or even unanimously find one versus the other as the § 924(c) predicate:

> Also, a special verdict form had been prepared for you as to count three of the indictment. Count three charges the possession of firearms in furtherance of the crime of

violence in this case. This verdict form reads, If you find the defendant, Jesus Rojas Tapia, guilty of count three, then you must answer the following question: Do you unanimously agree by proof beyond a reasonable doubt that a firearm was brandished during and in relation to the conspiracy to commit aircraft piracy charged in count one of the indictment and count two of the indictment, which charges the substantive aircraft piracy. You answer yes or no once you have reached a unanimous agreement beyond a reasonable doubt. ...

ECF No. 191 at 37.

Therefore, it is possible that six jurors predicated § 924(c) guilt on air piracy while six jurors predicated § 924(c) guilt on conspiracy to commit air piracy. Or it could be that all twelve jurors found § 924(c) guilt on conspiracy to commit air piracy. We just don't know.

Due to this grave ambiguity, the special verdict form and jury instructions fail to meet *Shepard*'s "demand for certainty." 544 U.S. at 22. Therefore, as *Vann* and *Chapman* direct, we must assume that Mr. Rojas's § 924(c) conviction was predicated on the least serious of the two alternative § 924(c) elements—conspiracy to commit air piracy. Because that offense categorically fails to qualify as a § 924(c) "crime of violence," Count 3 is void.

The harmfulness of the dual predicate *Shepard* error is further aggravated here because the jury instructions authorized a non-unanimous verdict on a non-existent offense. The district court instructed the jury that it could convict on the use of a

firearm during and in relation to air piracy *and* use of a firearm during and in relation to an air-piracy conspiracy.

The use of a firearm during and in relation to a conspiracy to commit air piracy is not a criminal offense because a conspiracy without more never qualifies as a "crime of violence" necessary to secure a conviction under § 924(c). *See* Section I.B, *supra*, pp. 10-14. Therefore, one can never be convicted under § 924(c) for using a firearm during and in relation to a conspiracy to commit air piracy.

Under these circumstances, the district court authorized a non-unanimous verdict on a nonexistent offense—a double error that heightened the gravity of the *Shepard* error. The Sixth Circuit's decision in *United States v. Savoires,* 430 F.3d 376, 380 (6th Cir. 2005), illustrates this point. Similar to this case, the district court in *Savoires* gave the jury two options for guilt. *Id.* The court instructed the jury that it could find guilt based on either the use or carrying of a firearm during and in relation to a drug trafficking offense or possession of a firearm during and in relation to a drug trafficking offense. *Id.* at 380. The district court did so without requiring unanimity on either option. *Id.* And possession of a firearm during and in relation to a drug trafficking offense is not an offense under § 924(c). *Id.* Rather § 924(c) only criminalizes possession of a firearm *in furtherance of* a drug trafficking offense. *Id.*

The Sixth Circuit found plain error after concluding that (1) the error "affected Savoires' substantial rights by authorizing a [a non-unanimous] conviction for a non-existent offense" and (2) "[t]he possibility of such an outcome undermined the fairness of Savoires' trial." *Id.* at 381.[9] This Court should find the same here with respect to the jury instructions, which likewise authorized a nonunanimous verdict on a non-existent offense.

The Eleventh Circuit's opinion in *In re Gómez*, 830 F.3d 1225 (11th Cir. 2016), further reinforces the harmfulness of the error here. In that case, the jury was instructed that it could predicate § 924(c) guilt on a single count based on multiple predicate offenses, including attempted Hobbs Act robbery or Hobbs Act conspiracy. *Id.* at 1227. The jury was never instructed that it had to be unanimous as to any of these predicate offenses or identify any of these predicates as the basis for the § 924(c) conviction. *Id.* Therefore, the Eleventh Circuit found that "we can't know

---

[9] Moreover, in so doing, the Court rejected the government's argument that the defendant invited the error by submitting the defective jury instructions: "Nor does the fact that Savoires himself submitted the defective jury instructions (jointly with the government) preclude us from granting relief. Invited error … does not foreclose relief when the interests of justice demand otherwise." *Savoires*, 430 F.3d at 381 (internal quotation marks and citations omitted). The Court further elaborated, "And where the government is as much as fault for inviting the error as the defendant and the defendant … is claiming that his constitutional rights were violated, the interests of justice are not served by a strict application of the waiver doctrine." *Id.* (citations omitted).

what, if anything, the jury found with regard to Gomez's connection to a gun and these crimes. That is because the jurors had multiple crimes to consider in a single count, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm." *Id.* at 1227.

The Eleventh Circuit further explained that "a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of the predicate offenses, or guilty of conspiring during some and not others." *Id.* The same is true here even though, as we explain below, a special verdict form used.

Importantly, the Eleventh Circuit refused to speculate as to what the jury could have or would have found based on evidence presented at trial. *Id.* Rather, the court assumed that the ambiguous verdict was harmful to Gómez because it could have been predicated on a non-unanimous finding on a non-existent offense—specifically possession of a firearm in furtherance of a Hobbs Act conspiracy, a non-existent offense. *Id.*

Likewise, the ambiguous verdict on a non-existent offense in Mr. Rojas's case is harmful error that renders his § 924(c) conviction void.[10]

Nevertheless, the government may argue that the "and" in the special verdict form means the jury had to have convicted Mr. Rojas on a § 924(c) construction that necessarily included both air piracy conspiracy *and* air piracy. The language of the special verdict, however, defies that construction in at least three ways.

***First,*** the special verdict form directs the jury to answer whether they agree "a firearm was brandished during and in relation to ***a*** crime of violence…." A45 (emphasis added). "A" denotes agreement that a firearm be brandished during as

---

[10] To be sure, in *United States v. Hernández-Román*, 981 F.3d 138 (1st Cir. 2020), a panel of this Court affirmed on direct appeal where the appellant challenged, on plain error, a § 924(c) conviction predicated on both a valid and invalid offense. *Id.* at 146. That case does not control because there was no dispute regarding unanimity over the separate predicate, and the case was decided on plain error. *Id.* Likewise, we do not see dispositive authority in *United States v. Rodríguez-Santos*, 56 F.4th 206 (1st Cir. 2022), where this Court affirmed—again on plain error—where the jury may have been instructed on a predicate that was not a crime of violence for § 924(c) force-clause purposes. *Id.* at 218. For one, that ruling is dicta. Where two alternative elements are presented—here air piracy and air piracy conspiracy—only a limited set of documents can be consulted, so the question should not be assessed as a possible *Yates* error as the panel *Rodríguez-Santos* panel contemplated. Second, the government here has waived default following *Davis* and categorical approach review is de novo. *United States v. Graham*, 67 F.4th 218, 221 (4th Cir. 2023) (reaching the merits of multiple-predicate claim where the "government has raised no issues of procedural default or undue delay."). Excusing default is appropriate Mr. Rojas's trial counsel had insufficient reason to object in 2004 to instruction on both predicates while the residual clause still applied and had not been seriously challenged.

little as one crime of violence. *See Niz-Chávez v. Garland*, 593 U.S. 155, 162 (2021) ("Normally, indefinite articles (like "a" or "an") precede *countable* nouns." (emphasis in original)). The court's "decision to use the indefinite article 'a' thus supplies some evidence that it used the term in the first of these senses—as a discrete, countable thing." *Id.* at 163. The use of "a" in everyday language does not suggest that the jury would think the evidence needed to satisfy the complete list of two predicate options provided.

Thus, the single-form indefinite article, together with the indictment's focus on a single *crime* of violence—not *crimes* of violence—direct the jury to an understanding whereby a single one of the listed predicates is sufficient to answer the special verdict in the affirmative.

**Second,** the two separate crimes are introduced with the phrase "to wit." This phrase does the oppose of demand conjunctive unanimous agreement on both counts offered in the special verdict. "To wit" means "that is to say; namely." Collins English Dictionary, https://www.collinsdictionary.com/us/dictionary/english/to-wit (last visited Jan. 31, 2025); *see also To Wit,* Black's Law Dictionary (11th ed. 2019) (same). "Namely," in turn, can list specific examples. *See Namely*, Collins English Dictionary, https://www.collinsdictionary.com/us/dictionary/english/namely (last visited Feb. 1, 2025) ("that is to say; specifically"). Take the following example

where the government uses "namely" to precede a list of specific people: "she invoked the names of Russian and Armenian mobsters (namely, Kndo Mais, Bizo, Avo and Alo) ...." Br. for the Government, *United States v. Ounousian*, 2004 WL 2097214, at *45 (9th Cir. Aug. 12, 2004). In common usage, therefore, the use of "to wit" did not demand that all 12 jurors had to agree that a firearm was brandished during the two separate offenses listed.

*Third*, the special verdict's usage of "and" is consistent with the grammatical constructions of that conjunction recently examined by the Supreme Court. *See Pulsifer v. United States*, 601 U.S. 124, 140 (2024). There, the Court grappled with language in the First Step Act of 2018 that modified the "safety valve" statute, 18 U.S.C. § 3553(f). The relevant language provided consideration, in part, to defendants that do not have three categories of disqualifying criminal history. These are set off in three separate paragraphs separated by the conjunction "and." *Id.* § 3553(f)(1)(A)-(C). The Court rejected Pulsifer's argument that in order to be disqualified a defendant needed to meet all three criteria.

Pulsifer argued an alternative view would be saying that "'and' means 'or.'" *Pulsifer*, 601 U.S. at 164 (Gorsuch, J., dissenting) (citation omitted). But as the majority opinion explained, "conjunctions are versatile words, which can work differently depending on context." *Id.* at 151. Here, as discussed above, the jury faced a

§ 924(c) charge calling for a single predicate crime in Count 3. And it faced a special verdict form calling for identification of *a crime* of violence—not *crimes* of violence. This was not the sort of "and" demanding a grouping of both predicate offenses.[11]

**Finally,** the jury faced an indictment and jury instructions with vast difference between the two possible predicates. Count 1 listed six additional co-defendants along with Mr. Rojas while Count 2 listed him and just one other man. A41. The permissive grammatical structure in the *Shepard* documents leave broad leeway for one or more jurors find guilt in the § 924(c) offense based on solely on the brandishing in furtherance of the agreement-based crime of conspiracy. So it cannot be said that the § 924(c) conviction was "'expressly predicated upon' any other offense" besides air piracy conspiracy. *Graham*, 67 F.4th at 220 (quoting *Crawley*, 2 F.4th at 267).

Therefore, under this theory, and those developed above, the § 924(c) conviction is invalid.

-------------------

[11] An example used in *Pulsifer* is the instruction, "don't clean the bathroom with bleach and ammonia." 601 U.S. at 136. Context tells us that that phrase tells us one must not clean with the two substances together. In contrast a phrase like the following must be understood in the disjunctive even though it's separated by "and": "A hospital tells you that it can perform a medical procedure only if you 'don't eat, drink, and smoke for the preceding 12 hours.'" *Id.* at 136.

## CONCLUSION

The challenged § 924(c) conviction and sentence must be vacated.

**RESPECTFULLY SUBMITTED.**

February 3, 2025

**RACHEL BRILL**
Federal Public Defender

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appeals Section

**s/KEVIN E. LERMAN**
Assistant Federal Public Defender
First Circuit Bar No. 1194361
241 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918-2441
(787) 281-4922
Kevin_Lerman@fd.org

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) by containing 10,722 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This is less than the 13,000-word limit.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface in Microsoft Word utilizing 14-point Equity font.

February 3, 2025

s/KEVIN E. LERMAN
Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

I **CERTIFY** that a true and exact copy of this **APPELLANT'S CORRECTED BRIEF** was filed with the Clerk of Court on February 3, 2025, using the CM/ECF system which will send notification to all parties of record, including counsel for the appellee.

February 3, 2025

s/**KEVIN E. LERMAN**
Assistant Federal Public Defender

# In the United States Court of Appeals for the First Circuit

---

**JESÚS ROJAS-TAPIA,**
*Petitioner-Appellant,*

v.

**UNITED STATES,**
*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the District of Puerto Rico
D. Ct. No. 16-cv-2213-JAG
(originating from D. Ct. No. 03-cr-019-06-GAG)
Hon. Jay A. García-Gregory, U.S. Senior District Judge

---

## ADDENDUM TO APPELLANT'S OPENING BRIEF

---

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico
241 F.D. Roosevelt Ave.
San Juan, PR 00918
T. (787) 281-4922
F. (787) 281-4899
E. Kevin_Lerman@fd.org

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appeals Section

**KEVIN E. LERMAN**
Assistant Federal Public Defender

*Attorneys for Defendant-Appellant*
**JESÚS ROJAS-TAPIA**

# Contents

**Order Denying Relief Under 28 U.S.C. § 2255,**
    **D.P.R. No. 16-cv-2213-JAG, ECF No. 65 (Aug. 25, 2022)**.................................1

**Judgment,**
    **D.P.R. No. 16-cv-2213-JAG, ECF No. 66 (Aug. 26, 2022)** .............................2

# United States District Court
## District of Puerto Rico (San Juan)
## CIVIL DOCKET FOR CASE #: 3:16–cv–02213–JAG

Rojas–Tapia v. USA
Assigned to: Judge Jay A. Garcia–Gregory
Related Case:  3:03–cr–00019–JAG–6
Case in other court:  19–01264
                      22–01746
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 06/27/2016
Date Terminated: 08/26/2022
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate
Sentence
Jurisdiction: U.S. Government Defendant

| Date Filed | # | Docket Text |
|---|---|---|
| 08/25/2022 | 65 | ORDER denying 49 Supplemental Motion in Support of Petitioner's 1 Motion to Vacate Sentence under 28 U.S.C §2255. Pursuant to the U.S. Court of Appeals for the First Circuit's Judgment and Mandate vacating this Court's denial of Petitioner's §2255 motion and remanding for further proceedings, Docket Nos. 40, 41, the Court issues the following order. Petitioner was charged and convicted of three crimes: conspiracy to commit aircraft piracy, 49 U.S.C. §46502(a)(1)(2)(A), ("Count 1"); aircraft piracy, 49 U.S.C. §46502(a)(1)(2)(A), ("Count 2"); and aiding and abetting in the use of a firearm during a crime of violence, 18 U.S.C. §924(c), ("Count 3"). Petitioner and the Government agree that "conspiracy to commit aircraft piracy can no longer serve as the predicate offense of an 18 U.S.C. §924(c) crime because it does not qualify as a 'crime of violence' for purposes of §924(c)(3)'s force clause." Docket No. 54 at 9 (citations omitted). Petitioner, however, does not dispute that the substantive offense of aircraft piracy qualifies as a §924(c) predicate. Petitioner concedes that the Court can "find [] that aircraft piracy was a §924(c) predicate if it was necessary to satisfy the elements of the §924(c) conviction[,]" Docket No. 64 at 3, but argues that his conviction could have rested on either conspiracy to commit aircraft piracy (Count 1) or the substantive aircraft piracy charge (Count 2) because of ambiguity in the jury instructions and the special verdict form. The Court disagrees that there was ambiguity and finds that both the jury instructions and the special verdict form state that the jury must have found Petitioner brandished a firearm during BOTH predicate offenses. Crim. No. 03–19, Docket Nos. 157 at 1; 191 at 37. In order to answer the special verdict form in the affirmative, the jury had to find that Petitioner had brandished a weapon during and in relation to BOTH the conspiracy to commit aircraft piracy (Count 1) and aircraft piracy (Count 2). Docket No. 157 at 1. And they did so here. *Id.* Therefore, as Petitioner's §924(c) conviction rested on the substantive aircraft piracy predicate, Petitioner's motion is denied. Judgment shall be entered accordingly. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. §2253(c)(2).  Signed by Judge Jay A. Garcia–Gregory on 8/25/2022. (ERC) (Entered: 08/25/2022) |

Add. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JESUS ROJAS-TAPIA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 16-2213 (JAG)
(Related to Cr. No. 03-019 (GAG))

## JUDGMENT

Pursuant to this Court's Order, Docket No. 65, Judgment is hereby entered DISMISSING WITH PREJUDICE Petitioner's action. The case is now closed for statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico this Friday, August 26, 2022.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
U.S. DISTRICT JUDGE

Add. 2